1  André E. Jardini (State Bar No. 71335)
   aej@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   500 North Brand Boulevard, 20th Floor
3  Glendale, California 91203-1904
   Telephone:  (818) 547-5000
4  Facsimile:  (818) 547-5329

5  Glen Robert Bregman, Esq.  State Bar No. 100363
   glenbregmanlaw@aol.com
6  LAW OFFICES OF GLEN ROBERT BREGMAN
   16633 Ventura Boulevard
7  Suite 1240
   Encino, CA  91436
8  Telephone:  (818) 981-9793
   Facsimile:  (818) 981-9807

9
   Michael S. Duberchin, Esq. (State Bar No. 108338
10 msdlaw@earthlink.net
   LAW OFFICES OF MICHAEL S. DUBERCHIN
11 500 North Brand Boulevard, 20th Floor
   Glendale, California 91203-1904
12 Telephone:  (818) 246-8487
   Facsimile:  (818) 246-6277
13
   Attorneys for Plaintiff
14 DANIEL FORRAND, on behalf of himself,
   and all others similarly situated

15

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18

| 19 | DANIEL FORRAND, on behalf of himself, and all others similarly situated, | ) NO. |
|----|---|---|
| 20 | | ) COMPLAINT FOR COMPENSATORY ) AND EXEMPLARY DAMAGES |
| 21 | Plaintiff, | ) |
|    | | ) (1) NONPAYMENT OF WAGES |
| 22 | v. | ) |
|    | | ) (2) UNFAIR BUSINESS |
| 23 | | ) PRACTICES |
| 24 | FEDERAL EXPRESS CORPORATION, | ) DEMAND FOR JURY TRIAL |
| 25 | Defendant. | ) |

**KNAPP, PETERSEN & CLARKE**

-1-

534297.1  90000/00007

# JURISDICTION

1. This court has original jurisdiction over this case under 28 U.S.C. § 1332(d) in that it is a civil action, filed as a class action, wherein the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from defendant.

2. Plaintiff Daniel Forrand is a citizen of the state of California and resides in the County of Los Angeles.

3. Defendant Federal Express Corporation is a worldwide corporation, the world's largest express transportation company. Defendant Federal Express Corporation was incorporated in the state of Delaware and has its principal place of business in the state of Tennessee.

4. Federal Express Corporation is presently doing business or has done business in the past under the names Fed Ex Express, Federal Express, Fed Ex Corporation, FDX, and FDX Corporation. Defendant Federal Express Corporation will be referred to herein as "FedEx."

5. The conduct complained of herein concerns a class of approximately 12,517 past and present nonexempt employees employed by FedEx in the state of California, excluding couriers, couriers/handlers and service agents. Damages are sought for the period permitted by law. Unpaid wages, penalties, interest, and attorneys' fees, which are the matters in controversy, exceed the sum or value of $5 million, exclusive of interest and costs.

////

KNAPP, PETERSEN & CLARKE

534297.1  90000/00007

## VENUE

6. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391.

7. FedEx conducts significant business and has extensive operations in this judicial district and is thus subject to personal jurisdiction herein. A substantial part of the events or omissions giving rise to the claim occurred in the district. FedEx does such substantial business in the district that it should be considered to reside herein.

## INTRODUCTION

8. Plaintiff Daniel Forrand is an employee of FedEx who works as an airline mechanic in the Air Operating Division of FedEx in the state of California.

9. Plaintiff is an hourly nonexempt employee. Plaintiff is entitled to the protections of California wage and hour law. He is and was entitled to be paid for all hours worked. Plaintiff was entitled to meal breaks and rest breaks as provided by IWC Order No. 9-2007.

10. Plaintiff, and the members of the Plaintiff Class, were regularly required to work off the clock, work for which they were not paid, in violation of California law.

11. Plaintiff, and members of the Plaintiff Class, were regularly denied meal breaks, as required by law.

12. Plaintiff, and members of the Plaintiff Class, were not provided an opportunity to take rest breaks, as required by California law.

////

////

CLASS ALLEGATIONS

13. Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action under Rule 23, Federal Rules of Civil Procedure. The class which plaintiff seeks to represent is composed of and defined as follows: All California employees, excluding couriers, couriers/handlers and service agents, employed by defendant FedEx and paid on an hourly basis as nonexempt employees for the time period permitted by law. A sub-class is composed of and defined as follows:

> All California employees of defendant Fed Ex employed as airline mechanics and paid on an hourly basis as non-exempt employees for the time period presented by law.

14. This action has been brought and may properly be maintained as a class action, under the provisions of rule 23, Federal Rules of Civil Procedure, because there is a well-defined community of interest in the litigation, and the proposed class is easily ascertainable.

15. <u>Numerosity</u>: The Plaintiff Class is so numerous that the individual joinder of all members is impracticable under the circumstances of this case. While the exact number of class members is presently unknown to plaintiff. Plaintiff is informed and believes that during the time period concerned herein, defendant, as a matter of corporate practice, engaged in violations of law concerning its practices in the payment of employees and that said wage and hour violations occurred universally throughout the offices

1 of defendant in California over at least the last four years.
2 Plaintiff is informed and believes that FedEx has employed at
3 least 12,517 hourly employees in California in the above-
4 described class and approximately 265 airline mechanics over
5 the period here involved.

6    16.  <u>Common Questions Predominate</u>.  Common questions of
7 fact and law exist as to all members of the Plaintiff Class
8 and predominate over any questions which affect only
9 individual members of the class.  These common questions of
10 law and fact include, without limitation:

11      a.  Whether FedEx violated wage and hour laws in
12 establishing a corporate policy of failing to pay for the
13 services of its hourly employees.

14      b.  Whether FedEx failed to pay for hours worked as
15 defined by law in establishing a timekeeping procedure under
16 its meter ("meter") and FAMIS ("FAMIS") computerized systems,
17 whereby the systems regularly failed to account for all time
18 worked.

19      c.  Whether FedEx violated wage and hour laws in
20 failing to pay its employees the wages due for missed meal
21 breaks.

22      d.  Whether FedEx violated wage and hour laws in
23 failing to make available meal breaks as required by law.

24      e.  Whether FedEx violated wage and hour laws in
25 failing to pay wages for rest breaks missed by employees.

26      f.  Whether FedEx violated wage and hour laws by
27 failing to make reasonably available rest breaks to its
28 employees.

KNAPP,
PETERSEN
& CLARKE

-5-

        g.   Whether FedEx violated wage and hour laws by failing to pay employees from the time they clocked in, but instead paid employees from their scheduled start times.

        h.   The amount of penalties owed by FedEx for willful failure to pay wages.

        i.   The appropriate nature of class wide equitable relief in the form of an injunction to prevent such wage and hour violations in the future.

17. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class sustained damages arising out of defendant's adoption of policies and a common course of conduct in violation of laws, as complained of herein. The damages of each member of the Plaintiff Class, including the damages of plaintiff, were caused directly by FedEx's wrongful conduct in violation of the wage and hour laws alleged herein.

18. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the members of the Plaintiff Class. Plaintiff resides in California and is or has been a nonexempt employee of FedEx as to whom FedEx failed to pay wages earned and failed to provide meal and rest breaks as provided by law. Plaintiff has retained counsel who have substantial experience in the prosecution of wage and hour cases and in the prosecution of complex class action litigation.

19. <u>Superiority</u>: Class action is superior to other available means for the fair and efficient adjudication of

1  this controversy, since the individual joinder of all members
2  of the class is impracticable.  A class action procedure will
3  permit a large number of similarly situated persons to
4  prosecute their common claims in a single forum
5  simultaneously, efficiently, and without the unnecessary
6  duplication of effort and expense that numerous individual
7  actions would engender.  Furthermore, as the damage suffered
8  by each individual of the class may be small, on a relative
9  basis, the expenses and burden of individual litigation would
10 make it difficult or impossible for individual members of the
11 class to redress the wrongs done to them.  Moreover, an
12 important public benefit will be realized by addressing the
13 matter as a class action.  The cost to the court system of
14 adjudication of such individualized litigation would be
15 substantial.  Individualized litigation would also present
16 the potential for inconsistent or contradictory judgments.

## FIRST CLAIM FOR RELIEF

### (For Nonpayment of Wages)

19    20.  Plaintiff realleges and incorporates herein by
20 reference the allegations of paragraphs 1 through 19,
21 inclusive.
22    21.  This action arises out of the prevalent uncorrected
23 practices engaged in by FedEx in willfully failing to pay for
24 hours worked by hourly employees and for failure to provide
25 meal and rest breaks as required by law.  At all times
26 relevant herein Labor Code section 204 required the payment
27 of all wages earned by plaintiff and the members of the
28 Plaintiff Class.

-7-

KNAPP, PETERSEN & CLARKE

22. Plaintiff and members of the Plaintiff Class worked regular time and overtime hours for defendant for which they were not paid.

23. FedEx has failed to pay wages earned to plaintiff and members of the Plaintiff Class pursuant to the policies as herein alleged.

24. FedEx's failure to pay the regular and overtime wages of plaintiff and the members of the Plaintiff Class violates the provisions of Labor Code sections 201 and 1198 and is, therefore, unlawful. FedEx has failed to provide meal breaks as required by law, subjecting it to additional wages as provided in Labor Code section 226.

25. FedEx has failed to make available rest breaks as required by law, subjecting it to wage payments pursuant to Labor Code section 226.

26. Civil penalties should be awarded pursuant to Labor Code section 558.

27. Pursuant to Labor Code section 1194(a) and 218.5, plaintiff requests that the court award reasonable attorneys' fees and costs incurred in this action.

28. Pursuant to Labor Code sections 218.6 and 1194(a), plaintiff requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code section 3289(b), accruing from the date the wages were due and payable.

29. Injunctive relief is requested to prevent these practices from occurring in the future.

////

1  30. In doing the acts herein described, defendant acted
2 consciously to deprive its employees of compensation which
3 had been earned.  These acts were committed with malice,
4 oppression, and fraud, and punitive damages are warranted
5 pursuant to Civil Code section 3294.

SECOND CAUSE OF ACTION

(For Unfair Business Practices)

8  31. Plaintiff realleges and incorporates herein by
9 reference the allegations of paragraphs 1 through 30,
10 inclusive.

11  32. Plaintiff brings this action both in his individual
12 capacity and on behalf of all nonexempt employees of
13 defendant as to whom defendant failed to pay wages over the
14 period of the applicable statute of limitations.

15  33. Defendant's establishment of policy and
16 encouragement of its managers to fail to pay wages is
17 immoral, unethical, oppressive, unscrupulous, substantially
18 injurious to plaintiff and the Plaintiff Class and has been
19 implemented through the use of economic force.  It is an
20 unfair business practice under Business & Professions Code
21 section 17200 et. seq, for defendants to consciously,
22 deliberately and in bad faith underpay its employees by
23 adopting these practices.

24  34. Specifically, defendant, by its continuing course of
25 conduct of failing and refusing to pay wages earned by its
26 employees, have engaged, and continue to engage in, conduct
27 which was, and is, "unlawful, unfair and fraudulent," within
28 the meaning of Business & Professions Code section 17200,

-9-

KNAPP, PETERSEN & CLARKE

534297.1  90000/00007

et seq.

35. Defendant, accordingly, should be ordered to restore to plaintiff and the Plaintiff Class those amounts which defendant has wrongfully retained, in violation of wage and hour law and in violation of their duty to refrain from "unlawful, unfair and fraudulent" conduct, as proscribed by Business & Professions Code 17200, et seq.

36. As a direct and proximate result of these violations, defendant has obtained the services of the plaintiff and the Plaintiff Class and has not paid for those services, all to the profit of defendant and the detriment of plaintiff and the Plaintiff Class.  The profit so obtained should be disgorged from defendant as ill-gotten gains.

37. The acts as herein alleged are continuing.  Unless enjoined, defendant will continue to reap the benefits of the services of its nonexempt employees while failing to pay for those services.  Injunctive relief is warranted.

38. The wrongful conduct of defendant, unless restrained and enjoined by an order of this Court, will cause great and irreparable harm to plaintiff and the Plaintiff Class in that defendant will continue to violate the wage and hour law with impunity and continue to engage in conduct prohibited by Business & Professions Code section 17200, et seq.  Plaintiff and the Plaintiff Class have no adequate remedy of law for the injuries they have suffered and that they will continue to suffer in the future, unless defendant's wrongful conduct is restrained and enjoined and unless defendant is compelled to refrain from its "unfair, unlawful and fraudulent" acts

KNAPP, PETERSEN & CLARKE

-10-

534297.1 90000/00007

1  and practices. Plaintiff and the Plaintiff Class, therefore,
2  pray for a temporary restraining order, preliminary
3  injunction and permanent injunction enjoining such conduct.
4      WHEREFORE, plaintiff prays for relief:
5      1.   For a temporary restraining order, preliminary
6  injunction and permanent injunction restraining defendant
7  Federal Express and its agents and employees from continuing
8  to violate the wage and hour laws of the State of California.
9      2.   For a temporary restraining order, preliminary
10 injunction and permanent injunction prohibiting defendant
11 Federal Express and its agents and employees from continuing
12 to withhold from plaintiff and the members of the Plaintiff
13 Class the wages and hours due for services rendered which
14 have been unpaid in violation of wage and hour laws of the
15 State of California.
16     3.   For a temporary restraining order, preliminary
17 injunction and permanent injunction mandating that defendant
18 Federal Express and its agents and employees pay to plaintiff
19 and the members of the Plaintiff Class those sums due and
20 owing to them which defendant has not paid for services
21 rendered as wages, in violation of wage and hour law of the
22 State of California.
23     4.   For a temporary restraining order, preliminary
24 injunction and permanent injunction restraining defendant
25 Federal Express and its agents and employees from continuing
26 to commit unlawful, unfair and fraudulent practices in
27 violation of Business & Professions Code 17200, et seq.,
28 including from continuing to commit violations of the wage

**KNAPP, PETERSEN & CLARKE**

-11-

534297.1  90000/00007

1 and hour laws of the State of California by using economic
2 force against plaintiff and the members of the Plaintiff
3 Class.
4    5.   For restitution to plaintiff and the members of the
5 Plaintiff Class of those wages which defendants have
6 wrongfully refused to pay, in violation of wage and hour law.
7    6.   For compensatory damages in an amount according to
8 proof to plaintiff and the members of the Plaintiff Class.
9    7.   For penalties according to statute.
10   8.   For an award of exemplary damages for the purpose of
11 punishing defendants and deterring their unlawful conduct in
12 the future.
13   9.   For interest on all sums awarded.
14   10.  For reasonable attorneys' fees incurred.
15   11.  For costs of suit.
16   12.  For such other and further relief as the court finds
17 proper.
18 Dated:   September 7, 2007    KNAPP, PETERSEN & CLARKE
19
20
21                                By: _____
                                       André E. Jardini
22                                     Attorneys for Plaintiff
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

**KNAPP,
PETERSEN
& CLARKE**

-12-

534297.1  90000/00007

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff, DANIEL FORRAND, on behalf of himself, and all others similarly situated, hereby demand a trial by jury in this matter.

Dated: September 7, 2007        KNAPP, PETERSEN & CLARKE

By: _____
    André E. Jardini
    Attorneys for Plaintiff

**KNAPP, PETERSEN & CLARKE**

-13-

534297.1  90000/00007