1 | André E. Jardini (State Bar No. 71335)
aej@kpclegal.com
2 | KNAPP, PETERSEN & CLARKE
500 North Brand Boulevard, 20th Floor
3 | Glendale, California 91203-1904
Telephone: (818) 547-5000
4 | Facsimile: (818) 547-5329

5 | Glen Robert Bregman, Esq.  State Bar No. 100363
glenbregmanlaw@aol.com
6 | LAW OFFICES OF GLEN ROBERT BREGMAN
16633 Ventura Boulevard
7 | Suite 1240
Encino, CA  91436
8 | Telephone: (818) 981-9793
Facsimile: (818) 981-9807

9 |
Michael S. Duberchin, Esq. (State Bar No. 108338)
10 | msdlaw@earthlink.net
LAW OFFICES OF MICHAEL S. DUBERCHIN
11 | 500 North Brand Boulevard, 20th Floor
Glendale, California 91203-1904
12 | Telephone: (818) 246-8487
Facsimile: (818) 246-6277

13 |
Attorneys for Plaintiffs
14 | DANIEL FORRAND, ARA KARAMIAN,
YVETTE GREEN, EUGENE COLON, on behalf of
15 | themselves and all others similarly situated

16 | UNITED STATES DISTRICT COURT

17 | NORTHERN DISTRICT OF CALIFORNIA

18 |

19 | DANIEL FORRAND, ARA            ) NO.   C07-4674JCS
KARAMIAN, YVETTE GREEN and       )
20 | EUGENE COLON, on behalf of     ) Hearing Judge:    The Hon. Joseph C.
themselves, and all others similarly ) Spero
21 | situated,                      )
                                   ) E-Filing
22 |          Plaintiffs,           ) FIRST AMENDED COMPLAINT
                                   ) FOR COMPENSATORY AND
23 |      v.                        ) EXEMPLARY DAMAGES
                                   )
24 | FEDERAL EXPRESS CORPORATION,   ) (1) NONPAYMENT OF WAGES
                                   )
25 |          Defendant.           ) (2) UNFAIR BUSINESS PRACTICES
                                   )
26 | _____ )

27 |

28 |

KNAPP,
PETERSEN
& CLARKE

-1-

JURISDICTION

1.      This court has original jurisdiction over this case under 28 U.S.C. § 1332(d) in that it is a civil action, filed as a class action, wherein the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs, and at least one member (if not all) of the class of plaintiffs is a citizen of a state different from defendant.

2.      Plaintiff Daniel Forrand ("Forrand") is a citizen of the state of California and resides in the County of Los Angeles.

3.      Plaintiff Ara Karamian ("Karamian") is a citizen of the state of California and resides in the County of Los Angeles.

4.      Plaintiff Yvette Green ("Green") is a citizen of the state of Nevada and worked at all relevant times in Stockton, California.

5.      Plaintiff Eugene Colon ("Colon") is a citizen of the state of California and resides in the County of Lancaster

6.      Defendant Federal Express Corporation is a worldwide corporation, the world's largest express transportation company. Defendant Federal Express Corporation was incorporated in the state of Delaware and has its principal place of business in the state of Tennessee.

7.      Federal Express Corporation is presently doing business or has done business in the past under the names Fed Ex Express, Federal Express, Fed Ex Corporation, FDX, and FDX Corporation. Defendant Federal Express Corporation will be referred to herein as "FedEx."

8.      The conduct complained of herein concerns a class of approximately 12,517 past and present nonexempt employees employed by FedEx in the state of California, excluding couriers, couriers/handlers and service agents. Damages are sought for the period permitted by law. Unpaid wages, penalties, interest, and attorneys' fees, which are the matters in controversy, exceed the sum or value of $5 million, exclusive of interest and costs.

KNAPP,
PETERSEN
& CLARKE

-2-

1

## VENUE

2      9.    Venue is appropriate in this court pursuant to 28 U.S.C. § 1391.

3      10.    FedEx conducts significant business and has extensive operations in this

4   judicial district and is thus subject to personal jurisdiction herein.  A substantial part

5   of the events or omissions giving rise to the claim occurred in the district.  FedEx

6   does such substantial business in the district that it should be considered to reside

7   herein.

8

## INTRODUCTION

9      11.    Plaintiff Forrand is an employee of FedEx who works as an airline

10   mechanic in the Air Operating Division of FedEx in the state of California.

11      12.    Plaintiff Forrand is an hourly nonexempt employee.  Plaintiff is entitled

12   to the protections of California wage and hour law.  He is and was entitled to be paid

13   for all hours worked.

14      13.    During the period plaintiff Forrand worked as a nonexempt airline

15   mechanic for defendant, he was not paid wages for hours worked.

16      14.    Plaintiff Forrand was restricted in his activities during unpaid meal

17   breaks, but was not paid for that time.

18      15.    Plaintiff Forrand performed services during unpaid meal breaks, but was

19   not paid for that time.

20      16.    Plaintiff Forrand was not afforded paid breaks and meal breaks as

21   required by law.

22      17.    Plaintiff Karamian was employed by defendant for more than 14 years.

23      18.    Plaintiff Karamian worked as an hourly, nonexempt employee, as a

24   courier, in the County of Los Angeles.

25      19.    During the period plaintiff Karamian worked as a nonexempt, hourly

26   courier for defendant, he was not paid wages for hours worked.

27      20.    Plaintiff Karamian was restricted in his activities on split shifts, but was

28   not paid for that time.

KNAPP,
PETERSEN
& CLARKE

-3-

544144.1  08000/00863

1    21.    Plaintiff Karamian was restricted in his activities during unpaid meal
2 breaks, but was not paid for that time.

3    22.    Plaintiff Karamian performed services during unpaid meal breaks and
4 split shifts, but was not paid for that time.

5    23.    Plaintiff Karamian was not afforded paid breaks and meal breaks as
6 required by law.

7    24.    Plaintiff Green was employed by defendant since June of 2004.

8    25.    Plaintiff Green worked as an hourly, nonexempt employee, as a handler
9 and customer service agent, in the Stockton Station.

10    26.    During the period plaintiff Green worked as a nonexempt, hourly
11 employee for defendant, she was not paid wages for hours worked.

12    27.    Plaintiff Green was restricted in her activities during unpaid meal
13 breaks, but was not paid for that time.

14    28.    Plaintiff Green performed services during unpaid meal breaks, but was
15 not paid for that time.

16    29.    Plaintiff Green was not afforded paid breaks and meal breaks as
17 required by law.

18    30.    Plaintiff Colon was employed by defendant for December 1989 to
19 October 2004.

20    31.    Plaintiff Colon worked as an hourly, nonexempt employee, as a
21 handler/hut driver, courier, courtier/swing driver, RTD/courier and ramp truck driver,
22 in the Canoga Park, Van Nuys, Sun Valley, Burbank Airport and Lancaster locations.

23    32.    During the period plaintiff Colon worked as a nonexempt, hourly
24 employee for defendant, he was not paid wages for hours worked.

25    33.    Plaintiff Colon was restricted in his activities during unpaid meal
26 breaks, but was not paid for that time.

27    34.    Plaintiff Colon performed services during unpaid meal breaks, but was
28 not paid for that time.

KNAPP,
PETERSEN
& CLARKE

-4-

544144.1  08000/00863

1    35.    Plaintiff Colon was not afforded paid breaks and meal breaks as
2  required by law.

3    36.    Plaintiffs, and the members of the Plaintiff Class, were regularly
4  required to work off the clock, work for which they were not paid, in violation of
5  California law.

6    37.    Plaintiffs, and members of the Plaintiff Class, were regularly denied
7  meal breaks, as required by law.

8    38.    Plaintiffs, and members of the Plaintiff Class, were not provided an
9  opportunity to take rest breaks, as required by California law.

10                          CLASS ALLEGATIONS

11    39.    Plaintiffs bring this action on behalf of themselves and all others
12  similarly situated, as a class action under Rule 23, Federal Rules of Civil Procedure.
13  The class which plaintiffs seek to represent is composed of and defined as follows:
14  All California employees, excluding couriers, couriers/handlers and service agents,
15  employed by defendant FedEx and paid on an hourly basis as nonexempt employees
16  for the time period permitted by law.  A sub-class is composed of and defined as
17  follows:

18            All California employees of defendant Fed Ex employed as
19            airline mechanics and paid on an hourly basis as non-exempt employees
20            for the time period presented by law.

21    40.    This action has been brought and may properly be maintained as a class
22  action, under the provisions of rule 23, Federal Rules of Civil Procedure, because
23  there is a well-defined community of interest in the litigation, and the proposed class
24  is easily ascertainable.

25    41.    Numerosity: The Plaintiff Class is so numerous that the individual
26  joinder of all members is impracticable under the circumstances of this case.  While
27  the exact number of class members is presently unknown to plaintiffs.  Plaintiffs are
28  informed and believe that during the time period concerned herein, defendant, as a

KNAPP,
PETERSEN
& CLARKE

-5-

1  matter of corporate practice, engaged in violations of law concerning its practices in

2  the payment of employees and that said wage and hour violations occurred

3  universally throughout the offices of defendant in California over at least the last four

4  years.  Plaintiffs are informed and believe that FedEx has employed at least 12,517

5  hourly employees in California in the above-described class and approximately 265

6  airline mechanics over the period here involved.

7    42.    Common Questions Predominate.  Common questions of fact and law

8  exist as to all members of the Plaintiff Class and predominate over any questions

9  which affect only individual members of the class.  These common questions of law

10  and fact include, without limitation:

11    a.    Whether FedEx violated wage and hour laws in establishing a

12  corporate policy of failing to pay for the services of its hourly employees.

13    b.    Whether FedEx failed to pay for hours worked as defined by law

14  in establishing a timekeeping procedure under its meter ("meter") and FAMIS

15  ("FAMIS") computerized systems, whereby the systems regularly failed to account

16  for all time worked.

17    c.    Whether FedEx violated wage and hour laws in failing to pay its

18  employees the wages due for missed meal breaks.

19    d.    Whether FedEx violated wage and hour laws in failing to make

20  available meal breaks as required by law.

21    e.    Whether FedEx violated wage and hour laws in failing to pay

22  wages for rest breaks missed by employees.

23    f.    Whether FedEx violated wage and hour laws by failing to make

24  reasonably available rest breaks to its employees.

25    g.    Whether FedEx violated wage and hour laws by failing to pay

26  employees from the time they clocked in, but instead paid employees from their

27  scheduled start times.

KNAPP,
PETERSEN
& CLARKE    28  ////

-6-

544144.1  08000/00863

1    h.    The amount of penalties owed by FedEx for willful failure to pay
2 wages.

3    i.    The appropriate nature of class wide equitable relief in the form
4 of an injunction to prevent such wage and hour violations in the future.

5    43.    Typicality: Plaintiffs' claims are typical of the claims of the members
6 of the Plaintiff Class. Plaintiffs and all members of the Plaintiff Class sustained
7 damages arising out of defendant's adoption of policies and a common course of
8 conduct in violation of laws, as complained of herein. The damages of each member
9 of the Plaintiff Class, including the damages of plaintiffs, were caused directly by
10 FedEx's wrongful conduct in violation of the wage and hour laws alleged herein.

11    44.    Adequacy: Plaintiffs will fairly and adequately protect the interests of
12 the members of the Plaintiff Class. Plaintiffs reside in California and are or have
13 been nonexempt employees of FedEx as to whom FedEx failed to pay wages earned
14 and failed to provide meal and rest breaks as provided by law. Plaintiffs have
15 retained counsel who have substantial experience in the prosecution of wage and
16 hour cases and in the prosecution of complex class action litigation.

17    45.    Superiority: Class action is superior to other available means for the fair
18 and efficient adjudication of this controversy, since the individual joinder of all
19 members of the class is impracticable. A class action procedure will permit a large
20 number of similarly situated persons to prosecute their common claims in a single
21 forum simultaneously, efficiently, and without the unnecessary duplication of effort
22 and expense that numerous individual actions would engender. Furthermore, as the
23 damage suffered by each individual of the class may be small, on a relative basis, the
24 expenses and burden of individual litigation would make it difficult or impossible for
25 individual members of the class to redress the wrongs done to them. Moreover, an
26 important public benefit will be realized by addressing the matter as a class action.
27 The cost to the court system of adjudication of such individualized litigation would
28 be substantial. Individualized litigation would also present the potential for

KNAPP,
PETERSEN
& CLARKE

-7-

544144.1 08000/00863

1  inconsistent or contradictory judgments.

2                          FIRST CLAIM FOR RELIEF

3                          (For Nonpayment of Wages)

4        46.    Plaintiffs reallege and incorporate herein by reference the allegations of

5  paragraphs 1 through 42, inclusive.

6        47.    This action arises out of the prevalent uncorrected practices engaged in

7  by FedEx in willfully failing to pay for hours worked by hourly employees and for

8  failure to provide meal and rest breaks as required by law.  At all times relevant

9  herein Labor Code section 204 required the payment of all wages earned by plaintiffs

10  and the members of the Plaintiff Class.

11        48.    Plaintiffs and members of the Plaintiff Class worked regular time and

12  overtime hours for defendant for which they were not paid.

13        49.    FedEx has failed to pay wages earned to plaintiffs and members of the

14  Plaintiff Class pursuant to the policies as herein alleged.

15        50.    FedEx's failure to pay the regular and overtime wages of plaintiffs and

16  the members of the Plaintiff Class violates the provisions of Labor Code sections 201

17  and 1198 and is, therefore, unlawful.  FedEx has failed to provide meal breaks as

18  required by law, subjecting it to additional wages as provided in Labor Code section

19  226.

20        51.    FedEx has failed to make available rest breaks as required by law,

21  subjecting it to wage payments pursuant to Labor Code section 226.

22        52.    Civil penalties should be awarded pursuant to Labor Code section 558.

23        53.    Pursuant to Labor Code section 1194(a) and 218.5, plaintiffs request

24  that the court award reasonable attorneys' fees and costs incurred in this action.

25        54.    Pursuant to Labor Code sections 218.6 and 1194(a), plaintiffs request

26  that the court award interest on all due and unpaid wages, at the legal rate specified

27  by Civil Code section 3289(b), accruing from the date the wages were due and

28  payable.

**KNAPP,
PETERSEN
& CLARKE**

-8-

544144.1  08000/00863

1  55.   Injunctive relief is requested to prevent these practices from occurring in
2  the future.

3  56.   In doing the acts herein described, defendant acted consciously to
4  deprive its employees of compensation which had been earned.  These acts were
5  committed with malice, oppression, and fraud, and punitive damages are warranted
6  pursuant to Civil Code section 3294.

7  SECOND CAUSE OF ACTION
8  (For Unfair Business Practices)

9  57.   Plaintiffs reallege and incorporate herein by reference the allegations of
10  paragraphs 1 through 54, inclusive.

11  58.   Plaintiffs bring this action both in his individual capacity and on behalf
12  of all nonexempt employees of defendant as to whom defendant failed to pay wages
13  over the period of the applicable statute of limitations.

14  59.   Defendant's establishment of policy and encouragement of its managers
15  to fail to pay wages is immoral, unethical, oppressive, unscrupulous, substantially
16  injurious to plaintiffs and the Plaintiff Class and has been implemented through the
17  use of economic force.  It is an unfair business practice under Business & Professions
18  Code section 17200 et. seq, for defendants to consciously, deliberately and in bad
19  faith underpay its employees by adopting these practices.

20  60.   Specifically, defendant, by its continuing course of conduct of failing
21  and refusing to pay wages earned by its employees, have engaged, and continue to
22  engage in, conduct which was, and is, "unlawful, unfair and fraudulent," within the
23  meaning of Business & Professions Code section 17200,
24  et seq.

25  61.   Defendant, accordingly, should be ordered to restore to plaintiffs and the
26  Plaintiff Class those amounts which defendant has wrongfully retained, in violation
27  of wage and hour law and in violation of their duty to refrain from "unlawful, unfair
28  and fraudulent" conduct, as proscribed by Business & Professions Code 17200,

KNAPP,
PETERSEN
& CLARKE

-9-

544144.1  08000/00863

1   et seq.

2       62.    As a direct and proximate result of these violations, defendant has
3   obtained the services of the plaintiffs and the Plaintiff Class and has not paid for
4   those services, all to the profit of defendant and the detriment of plaintiffs and the
5   Plaintiff Class.  The profit so obtained should be disgorged from defendant as ill-
6   gotten gains.

7       63.    The acts as herein alleged are continuing.  Unless enjoined, defendant
8   will continue to reap the benefits of the services of its nonexempt employees while
9   failing to pay for those services.  Injunctive relief is warranted.

10      64.    The wrongful conduct of defendant, unless restrained and enjoined by
11  an order of this Court, will cause great and irreparable harm to plaintiffs and the
12  Plaintiff Class in that defendant will continue to violate the wage and hour law with
13  impunity and continue to engage in conduct prohibited by Business & Professions
14  Code section 17200, et seq.  Plaintiffs and the Plaintiff Class have no adequate
15  remedy of law for the injuries they have suffered and that they will continue to suffer
16  in the future, unless defendant's wrongful conduct is restrained and enjoined and
17  unless defendant is compelled to refrain from its "unfair, unlawful and fraudulent"
18  acts and practices.  Plaintiffs and the Plaintiff Class, therefore, pray for a temporary
19  restraining order, preliminary injunction and permanent injunction enjoining such
20  conduct.

21      WHEREFORE, plaintiffs pray for relief:

22      1.    For a temporary restraining order, preliminary injunction and permanent
23  injunction restraining defendant Federal Express and its agents and employees from
24  continuing to violate the wage and hour laws of the State of California.

25      2.    For a temporary restraining order, preliminary injunction and permanent
26  injunction prohibiting defendant Federal Express and its agents and employees from
27  continuing to withhold from plaintiffs and the members of the Plaintiff Class the
28  wages and hours due for services rendered which have been unpaid in violation of

KNAPP,
PETERSEN
& CLARKE

-10-

1  wage and hour laws of the State of California.

2      3.      For a temporary restraining order, preliminary injunction and permanent
3  injunction mandating that defendant Federal Express and its agents and employees
4  pay to plaintiffs and the members of the Plaintiff Class those sums due and owing to
5  them which defendant has not paid for services rendered as wages, in violation of
6  wage and hour law of the State of California.

7      4.      For a temporary restraining order, preliminary injunction and permanent
8  injunction restraining defendant Federal Express and its agents and employees from
9  continuing to commit unlawful, unfair and fraudulent practices in violation of
10  Business & Professions Code 17200, et seq., including from continuing to commit
11  violations of the wage and hour laws of the State of California by using economic
12  force against plaintiffs and the members of the Plaintiff Class.

13      5.      For restitution to plaintiffs and the members of the Plaintiff Class of
14  those wages which defendants have wrongfully refused to pay, in violation of wage
15  and hour law.

16      6.      For compensatory damages in an amount according to proof to plaintiffs
17  and the members of the Plaintiff Class.

18      7.      For penalties according to statute.

19      8.      For an award of exemplary damages for the purpose of punishing
20  defendants and deterring their unlawful conduct in the future.

21      9.      For interest on all sums awarded.

22      10.    For reasonable attorneys' fees incurred.

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

KNAPP,
PETERSEN
& CLARKE

-11-

544144.1  08000/00863

1    11.    For costs of suit.

2    12.    For such other and further relief as the court finds proper.

3

4    Dated:  October 30, 2007              KNAPP, PETERSEN & CLARKE

5

6

7    By: _____

8            André E. Jardini
             Attorneys for Plaintiffs DANIEL
9            FORRAND, ARA KARAMIAN,
             YVETTE GREEN, EUGENE
10           COLON, on behalf of themselves
             and all others similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KNAPP,
PETERSEN
& CLARKE

-12-