1  SANDRA C. ISOM, Bar No. 157374
   Email: scisom@fedex.com
2  FEDERAL EXPRESS CORPORATION
   3620 Hacks Cross Road
3  Building "B", Third Floor
   Memphis, Tennessee 38125
4  Telephone:   901/434-8526
   Fax No.:      901/434-9271
5
   KEITH A JACOBY, Bar No. 150233
6  E-mail: kjacoby@littler.com;
   LITTLER MENDELSON
7  A Professional Corporation
   2049 Century Park East, 5th Floor
8  Los Angeles, CA  90067-3107
   Telephone:   310/553-0308
9  Fax No.:      310/553-5583

10 Attorneys for Defendant
   FEDERAL EXPRESS CORPORATION

11

12                    UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA

13 DANIEL FORRAND, ARA KARAMIAN,        Case No. 3:07-CV-04674-MMC
14 YVETTE GREEN, and EUGENE
   COLON, on behalf of themselves and all   **CLASS ACTION**
15 others similarly situated,

16        Plaintiffs,

17 v.                                    ANSWER AND AFFIRMATIVE
                                         DEFENSES TO FIRST AMENDED
18 FEDERAL EXPRESS CORPORATION,          COMPLAINT

19        Defendant.

20

21        Defendant Federal Express Corporation ("FedEx"), by and through its attorneys,

22 hereby answers the above captioned First Amended Complaint brought by Plaintiffs and similarly

23 situated persons, on behalf of itself and no other Defendant, as follows:

24                          **I.  JURISDICTION**

25        1.     Answering paragraph 1 of the First Amended Complaint, Defendant denies that this

26 court currently has jurisdiction pursuant to 28 U.S.C. § 1332(d) as stated.

27

28

2.     Answering paragraph 2 of the First Amended Complaint, Defendant admits the allegations contained therein.

3.     Answering paragraph 3 of the First Amended Complaint, Defendant admits the allegations contained therein.

4.     Answering paragraph 4 of the First Amended Complaint, Defendant admits the allegations contained therein.

5.     Answering paragraph 5 of the First Amended Complaint, Defendant admits the allegations contained therein.

6.     Answering paragraph 6 of the First Amended Complaint, Defendant admits the allegations therein.

7.     Answering paragraph 7 of the First Amended Complaint, Defendant admits doing business only as FedEx Express, Federal Express and Federal Express Corporation.  Defendant denies the remaining allegations contained therein.

8.     Answering paragraph 8 of the First Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

## II.  VENUE

9.     Answering paragraph 9 of the First Amended Complaint, Defendant admits the allegations therein.

10.     Answering paragraph 10 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## III.  INTRODUCTION

11.     Answering paragraph 11 of the First Amended Complaint, Defendant admits the allegations therein.

12. Answering paragraph 12 of the First Amended Complaint, Defendant admits Plaintiff Forrand is an hourly nonexempt employee subject to California wage and hour law and denies the remaining allegations characterizing the law.

13. Answering paragraph 13 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

14. Answering paragraph 14 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

15. Answering paragraph 15 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

16. Answering paragraph 16 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

17. Answering paragraph 17 of the First Amended Complaint, Defendant admits the allegations therein.

18. Answering paragraph 18 of the First Amended Complaint, Defendant admits the allegations therein as to some years of Plaintiffs' employment.

19. Answering paragraph 19 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

20. Answering paragraph 20 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

21. Answering paragraph 21 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

22. Answering paragraph 22 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

23.     Answering paragraph 23 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

24.     Answering paragraph 24 of the First Amended Complaint, Defendant admits the allegations therein.

25.     Answering paragraph 25 of the First Amended Complaint, Defendant admits the allegations therein.

26.     Answering paragraph 26 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

27.     Answering paragraph 27 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

28.     Answering paragraph 28 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

29.     Answering paragraph 29 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

30.     Answering paragraph 30 of the First Amended Complaint, Defendant admits the allegations therein.

31.     Answering paragraph 31 of the First Amended Complaint, Defendant admits the allegations therein.

32.     Answering paragraph 32 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

33.     Answering paragraph 33 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

34.     Answering paragraph 34 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

35.    Answering paragraph 35 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

36.    Answering paragraph 36 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

37.    Answering paragraph 37 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

38.    Answering paragraph 38 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## IV.  CLASS ALLEGATIONS

39.    Answering paragraph 39 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

40.    Answering paragraph 40 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

41.    Answering paragraph 41 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

42.    Answering paragraph 42 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

43.    Answering paragraph 43 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

44.    Answering paragraph 44 of the First Amended Complaint, Defendant denies each and every allegation contained therein.  Plaintiff Karamian was a salaried management employee during a portion of the time period herein.  He and Plaintiffs Yvette Green and Eugene Colon cannot represent the members of the plaintiff class herein as they, and their counsel herein, were ordered by the Honorable Dale S. Fischer in their identical, previously-filed class action Ara Karamian, et al. v. Federal

Express Corporation, et al., United States District Court, Central District of California, CV 06-4345 DSF (PJWx) on September 5, 2007, not to proceed with a class action due to Plaintiffs' unexcused failure to meet the Court's deadline for moving for class certification by February 26, 2007. (See Exhibit A attached.)

45.     Answering paragraph 45 of the First Amended Complaint, Defendant, denies each and every allegation contained therein.

## V. **FIRST CLAIM FOR RELIEF**

(For Nonpayment of Wages)

46.     Answering paragraph 46 of the First Amended Complaint, FedEx incorporates by reference its response to paragraphs 1 through 45 for this claim as if fully set forth herein.

47.     Answering paragraph 47 of the First Amended Complaint, Defendant states that Labor Code § 204 speaks for itself and denies all characterizations thereof and all other allegations contained therein.

48.     Answering paragraph 48 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

49.     Answering paragraph 49 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

50.     Answering paragraph 50 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

51.     Answering paragraph 51 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

52.     Answering paragraph 52 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

53.     Answering paragraph 53 of the First Amended Complaint, Defendant denies that Plaintiffs is entitled to attorneys' fees and costs herein.

54.     Answering paragraph 54 of the First Amended Complaint, Defendant denies that Plaintiffs is entitled to any interest herein.

55.     Answering paragraph 55 of the Complaint, Defendant denies that injunctive relief is appropriate herein.

56.     Answering paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

## VI.  SECOND CAUSE OF ACTION

(For Unfair Business Practices)

57.     Answering paragraph 57 of the First Amended Complaint, FedEx incorporates by reference its responses to paragraphs 1 through 56 for this claim as if fully set forth herein.

58.     Answering paragraph 58 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

59.     Answering paragraph 59 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

60.     Answering paragraph 60 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

61.     Answering paragraph 61 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

62.     Answering paragraph 62 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

63.     Answering paragraph 63 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

64.     Answering paragraph 64 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## VII.  PRAYER FOR RELIEF

Answering paragraphs 1 through 12 of the prayer for relief, Defendant denies that Plaintiffs or members of any Plaintiffs' class are entitled to any relief, equitable or legal, against FedEx based upon the allegations of Plaintiffs' First Amended Complaint or based upon any other conduct, act, or omission whatsoever.

## GENERAL DENIAL

FedEx generally denies each and every allegation and averment in Plaintiffs' unverified First Amended Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES AS TO EACH AND ALL CAUSES OF ACTION

FedEx additionally asserts the following affirmative defenses applicable to Plaintiffs and to all or some members of the putative class:

1.     As a first separate and distinct affirmative defense, FedEx alleges that the First Amended Complaint and each cause of action set forth therein fail to state a claim against FedEx upon which relief can be granted.

2.     As a second distinct and affirmative defense, FedEx alleges that this First Amended Complaint cannot proceed as a class action because the allegations therein are not suitable for class adjudication.

3.     As a third separate and distinct affirmative defense, FedEx alleges that the First Amended Complaint and each cause of action set forth therein are barred because at all times relevant, FedEx acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by FedEx at the time it acted.

4.      As a fourth separate and distinct affirmative defense, FedEx alleges that the First Amended Complaint and each cause of action set forth therein are barred because FedEx's conduct is protected by the managerial privilege and/or that all actions taken with respect to Plaintiffs were undertaken and exercised with proper managerial discretion, with good cause, and for proper, lawful reasons.

5.      As a fifth separate and distinct affirmative defense, FedEx alleges that the First Amended Complaint and each cause of action set forth therein are barred, in whole or in part, by the applicable statutes of limitations.

6.      As a sixth separate and distinct affirmative defense, FedEx alleges that to the extent that Plaintiffs and members of the putative class executed employment agreements requiring that they bring actions within six months of the alleged violation, the claims of such persons are subject to such contractual statute of limitations.

7.      As a seventh separate and distinct affirmative defense, FedEx alleges provisionally and conditionally that if Plaintiffs suffered any damages, such damages were proximately or legally caused by the misconduct of Plaintiffs and/or parties other than FedEx and, accordingly, any award of damages must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of the Plaintiffs, other parties and/or unauthorized individuals, including both economic and non-economic damages.  In the event of such apportionment, FedEx is entitled to a separate judgment for non-economic damages in direct proportion to its percentage of fault, if any is found, notwithstanding FedEx's continuing denial of any fault, with such percentage determined by the comparative fault of all parties, non-parties and/or authorized individuals in this action, known or unknown.  To assess any greater percentage of fault and damages than its own against FedEx would constitute a denial of equal protection of the law and due process which is guaranteed by the United States and California Constitutions.

8.     As a eighth separate and distinct affirmative defense, FedEx alleges that Plaintiffs are not entitled to recover any punitive damages because: (1) Plaintiffs failed to plead facts sufficient to support the recovery of punitive damages; (2) FedEx committed no act justifying an award of punitive damages; and (3) punitive damages are not an available remedy under the relevant wage and hour provisions of the California Labor Code and California Business and Professions Code Section 17200, which provide their own respective remedial schemes.

9.     As a ninth separate and distinct affirmative defense, FedEx alleges that the provisions of California law allowing for the award of punitive damages and the substantive rules, procedures and standards for determining whether or not to award them and, if so, in what amount, violate FedEx's rights to due process and equal protection under the law pursuant to both the United States and California Constitutions.

10.     As a tenth separate and distinct affirmative defense, FedEx alleges that the First Amended Complaint and each cause of action set forth therein are barred, or any recovery should be reduced, because of Plaintiffs own neglect and fault in connection with the matters alleged therein.

11.     As a eleventh separate and distinct affirmative defense, FedEx alleges that the First Amended Complaint and each cause of action set forth therein are barred because all conduct toward Plaintiffs was undertaken by reason of business necessity and/or for lawful business reasons.

12.     As a twelfth separate and distinct affirmative defense, FedEx contends Plaintiffs' claims are barred by the doctrine of accord and satisfaction and compromise and release.

13.     As a thirteenth separate and distinct affirmative defense, FedEx contends Plaintiffs' claims are barred by the doctrine of *laches*.  Specifically, Plaintiffs, to the extent they suffered any harm, did not act promptly to notify FedEx of the harm and by sitting on their rights allowed further harm to occur.  FedEx shall seek leave of court to amend its answer to add additional facts in support of this affirmative defense.

14.    As a fourteenth separate and distinct affirmative defense, FedEx contends Plaintiffs' claims are barred in whole or in part by the provisions of the Airline Deregulation Act, 49 U.S.C. Section 41713(b)(1), *et seq.*

15.    As a fifteenth separate and distinct affirmative defense, FedEx contends Plaintiffs' claims are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because FedEx took reasonable steps to prevent and correct improper wage payments, Plaintiffs and the class members unreasonably failed to use the preventative and corrective opportunities provided to them by FedEx, and reasonable use of FedEx's procedures would have prevented at least some, if not all, of the harm that Plaintiffs allegedly suffered.

16.    As a sixteenth separate and distinct affirmative defense, FedEx asserts that class members whose hours of service are subject to regulation by the Department of Transportation ("DOT") are exempt from certain California state wage and hour laws and regulations because such laws are preempted by the United States DOT Federal Regulations and other DOT related provisions.

17.    As a seventeenth and distinct affirmative defense, Plaintiffs have failed to state a claim upon which relief can be granted because, among other reasons, Plaintiffs were paid time and one-half their regular hourly rate for all hours worked in excess of forty in any workweek during the period of time employed by FedEx in a non-exempt capacity.

18.    As a eighteenth and distinct affirmative defense, Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

19.    As a nineteenth and distinct affirmative defense, to the extent that discovery reveals that Plaintiffs haves previously received compensation for their alleged unpaid overtime wages in connection with, or as a result of, a payment to FedEx employees supervised by the Department of Labor; or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved

1   settlement or judgment, FedEx hereby invokes the doctrine of waiver to bar the claims asserted by

2   Plaintiffs.  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

3          20.     As a twentieth and distinct affirmative defense, to the extent that discovery reveals that

4   Plaintiffs falsely reported their hours and there is no evidence that FedEx required the false reporting of

5   hours; no evidence that FedEx encouraged Plaintiffs to falsely report hours; and no evidence that FedEx

6   knew or should have known that Plaintiffs were providing false information as to their hours, FedEx

7   hereby invokes the doctrine of estoppel to bar the claims asserted by the Plaintiffs.  See Brumbelow v.

8   Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972).

9          21.     As a twenty-first and distinct affirmative defense, FedEx alleges that to the extent that

10  Plaintiffs and members of the putative class previously received an adjudication on the merits of

11  violations alleged in the First Amended Complaint or any other issues related to their employment in

12  which they could have litigated such violation, either judicially or administratively, such claims are

13  barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

14         22.     As a twenty-second and distinct affirmative defense, FedEx alleges that venue in this

15  Court is improper given that Plaintiffs and their attorneys all reside in the Los Angeles area, that

16  none of the events alleged by Plaintiffs occurred within the geographic venue of this Court, and that

17  Plaintiffs' counsel on October 30, 2007, dismissed identical claims in an action against this

18  Defendant in the U.S. District Court, Central District of California, Case No. 06-CV 04345 DSF

19  (PJWx).  Pursuant to Title 28 U.S.C. Section 1404, for the convenience of the parties and witnesses,

20  and in the interests of justice, the matter should be transferred.

21         23.     As a twenty-third and distinct affirmative defense, FedEx alleges that even if

22  Plaintiffs have suffered damages, all or some of said damages were caused by or attributable to

23  Plaintiffs' own failure to mitigate damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

24.    As a twenty-fourth and distinct affirmative defense, FedEx alleges that the First Amended Complaint and each cause of action set forth therein cannot be maintained against Defendant because if Defendant's employees took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted, or ratified by Defendant.

25.    As a twenty-fifth and distinct affirmative defense, FedEx alleges that the First Amended Complaint and each cause of action set forth therein cannot be maintained against Defendant because, at all relevant times, Defendant took prompt and appropriate corrective action in response to Plaintiffs' workplace concerns, thereby satisfying all legal obligations Defendant had to Plaintiffs, if any.

26.    As a twenty-sixth and distinct affirmative defense, FedEx alleges that Plaintiffs are not entitled to recover any punitive damages because no managing agent engaged in conduct with the requisite intent.

27.    As a twenty-seventh and distinct affirmative defense, FedEx alleges that Plaintiffs are not entitled to recover any punitive damages because the imposition of such damages constitutes an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution.

28.    As a twenty-eighth and distinct affirmative defense, FedEx alleges that Plaintiffs are not entitled to recover any punitive damages because such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to Defendant in criminal proceedings under the United States Constitution and the California Constitution.  All procedures and applications of California and federal law in this action which denies Defendant such rights including, but not limited to, a burden of proof beyond a reasonable doubt, unanimous jury

1   and the right against self-incrimination violate Defendant's rights under such Constitutional

2   provisions.

3       29.    As a twenty-ninth and distinct affirmative defense, FedEx alleges that Plaintiffs are

4   not entitled to recover any punitive damages because the California punitive damages statute is

5   unconstitutional in that it imposes an undue burden on interstate commerce.

6       30.    As a thirtieth and distinct affirmative defense, FedEx alleges that on the belief that

7   further investigation and discovery will disclose facts supporting such an allegation, that evidence

8   acquired subsequent to Plaintiffs' filing of their First Amended Complaint bars and/or limits the

9   amount of damages Plaintiffs can recover on their claims, assuming *arguendo* they are able to

10  establish Defendant's liability.

11      31.    As a thirty-first and distinct affirmative defense, FedEx alleges that any recovery to

12  which Plaintiffs might otherwise allegedly be entitled must be offset by any disability or

13  unemployment benefits and/or other monies and/or benefits Plaintiffs have received or will receive.

14      32.    As a thirty-second and distinct affirmative defense, FedEx alleges that the First

15  Amended Complaint and each cause of action set forth therein cannot be maintained against

16  Defendant because good cause existed for each and every action taken by Defendant with respect to

17  Plaintiffs' employment.

18      33.    As a thirty-third and distinct affirmative defense, FedEx alleges that in accordance

19  with California Labor Code Section 2699(e)(2), Plaintiffs are not entitled to the maximum civil

20  penalty because such an award would be unjust, arbitrary and oppressive, or confiscatory.

21      34.    As a thirty-fourth and distinct affirmative defense, FedEx alleges that all of Plaintiffs'

22  claims are barred due to Plaintiffs' failure to provide the requisite notice to Defendant specified in

23  the Private Attorney General Act of 2004, Labor Code Section 2699 *et seq*., and particularly Section

24  2699.3.

35.     As a thirty-fifth and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, FedEx alleges that such claims, or some of them, are barred because the applicable Wage Orders are unconstitutionally vague and ambiguous and violated Defendant's rights under the California and U.S. Constitutions to, among other things, due process of law.

36.     As a thirty-sixth and distinct affirmative defense to the First Amended Complaint and each cause of action set forth there, FedEx alleges that Plaintiffs have filed in an improper venue and forum.

WHEREFORE, FedEx prays for judgment as follows:

1.     That Plaintiffs take nothing and that the First Amended Complaint be dismissed in its entirety with prejudice;

2.     That judgment be entered in FedEx's favor;

3.     That FedEx be awarded its attorneys' fees and costs of suit herein; and

4.     That FedEx be awarded such other and further relief as the Court deems just and proper.

Dated: November 9, 2007

s/ Sandra C. Isom_____
SANDRA C. ISOM, Bar No. 157374
FEDERAL EXPRESS CORPORATION

and

KEITH A. JACOBY
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

1

2

## CERTIFICATE OF SERVICE

3

4

5

I hereby certify that on November 9, 2007, I electronically filed DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

6

7

8

9

**Andre E. Jardini, Esq.**
**KNAPP, PETERSEN & CLARKE**
**500 North Brand Blvd., 20th Floor**
**Glendale, CA 91203-1904**
**aej@kpclegal.com**

**Michael S. Duberchin, Esq.**
**LAW OFFICES OF MICHAEL S.**
**DUBERCHIN**
**500 North Brand Blvd., 20th Floor**
**Glendale, CA 91203-1904**
**msdlaw@earthlink.net**

10

11

12

13

14

**Glen Robert Bregman, Esq.**
**LAW OFFICES OF ROBERT**
**BREGMAN**
**16633 Ventura Blvd., Ste. 1240**
**Encino, CA 91436**
**glenbregmanlaw@aol.com**

**Keith A. Jacoby, Esq.**
**LITTLER MENDELSON**
**2049 Century Park East, 5th Floor**
**Los Angeles, CA  90067-3107**
**kjacoby@littler.com**

15

16

17

18

19

20

s/ Sandra C. Isom_____
Sandra C. Isom, Bar No. 157374
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building "B", Third Floor
Memphis, Tennessee 38125

21

22

Doc # 701221

23

24

25

26

27

28