SANDRA C. ISOM, Bar No. 157374
E-mail: scisom@fedex.com
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building "B", Third Floor
Memphis, Tennessee 38125
Telephone: 901/434-8526
Fax No.: 901/434-9271

KEITH A JACOBY, Bar No. 150233
E-mail: kjacoby@littler.com
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310/553-0308
Fax No.: 310/553-5583

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FORRAND, ARA KARAMIAN, YVETTE GREEN, and EUGENE COLON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant. | Case No. 3:07-CV-04674-MMC<br><br>**CLASS ACTION**<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT THEREOF**<br><br>**(28 U.S.C. §1404(a))**<br><br>Date: January 4, 2008<br>Time: 9:00 a.m.<br>Courtroom: 7, 19th Floor<br><br>CMC: To be Set<br>Trial Date: To be Set |

## NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

PLEASE TAKE NOTICE that Federal Express Corporation's ("FedEx") Motion to Transfer Venue is to come on for hearing before this Honorable Court on January 4, 2008 at 9:00 a.m.

in Courtroom 7, 19th Floor of the United States District Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102.

## CONCISE STATEMENT OF RELIEF SOUGHT

FedEx requests that the Court enter an order transferring this matter to the United States District Court for the Central District of California (Los Angeles) pursuant to Title 28 U.S.C. 1404(a) and Local Rule 3-14.

## POINTS AND AUTHORITIES

**I.  STATEMENT OF THE ISSUES TO BE DECIDED**

Whether this matter should be transferred to the United States District Court for the Central District of California (Los Angeles) pursuant to Title 28 U.S.C. 1404(a) and Local Rule 3-14, in the interest of justice?

**II.  INTRODUCTION**

FedEx seeks to transfer this putative class action to the Central District of California, Los Angeles. Prosecution of the action in the Central District will be more convenient for the parties and witnesses, will serve the interests of justice, allow the federal courts to more efficiently handle this matter and a related matter pending in the Central District and will defeat an attempt of Plaintiffs to forum shop after failing to adhere to a certification deadline in the Central District.

Plaintiffs seek to represent every FedEx past and present nonexempt employee including a subclass of airline mechanics and excluding couriers, couriers/handlers and service agents, employed in the state of California for violations of California wage and hour laws, and the Unfair Business Practices Act. The allegations, claims, and potential class members are the same as those that were recently dismissed in a purported class action filed by the same counsel and same plaintiffs that were recently added herein (Karamian, Colon, and Green) in the Central District of California, entitled *Karamian, et. al. v. Federal Express Corporation*, Case No. 06-CV-4345 DSF (PJWx). (A copy of the Amended Complaint [Karamian Cmplt] is attached as Exhibit A to the Declaration of Lydia Langbein, ¶2 (Langbein Dec.)) Further, *Brown, et al. v. Federal Express Corp.,* Case No. 07 CV 5011 DSF (PJWx) another purported class action seeking to represent all hourly nonexempt California RTD drivers and couriers and containing the same allegations and claims is now pending

Defendant Federal Express Corporation's Motion to Transfer Venue
Page 2

in the Central District of California. ((A conformed copy of the Complaint [Brown Cmplt] is attached as Exhibit B to the Declaration of Lydia Langbein, ¶3 (Langbein Dec.)) The interests of justice and efficient administration of justice would be better served if this matter was transferred into the same district as *Brown*. Such a transfer would prevent the potential for inconsistent adjudications of similar claims and issues arising out of the same nucleus of transactions and occurrence.[1] It would also be more efficient for purposes of completing discovery and addressing the same discovery disputes that may arise in each case. FedEx is a Delaware corporation with its principal place of business in Tennessee. Defendant's witnesses are primarily located in Memphis, Tennessee, as well as various relevant computerized corporate records. Given that FedEx is not incorporated in, nor a resident of California, it is more convenient and would further the interests of justice to have the case venued in the Central District, where discovery is already underway in *Brown*.[2]

For all of these reasons, as discussed more fully below, Defendant's motion should be granted and this should be transferred to the Central District of California (Los Angeles).

### III. STATEMENT OF RELEVANT FACTS

Plaintiffs assert causes of action for unpaid wages and unfair business practices, seeking class certification for all non-exempt current and former hourly nonexempt employees (including a subclass of airline mechanics) but excluding couriers, courier/handlers and service agents employed by FedEx in the State of California who were allegedly denied overtime compensation, meal and rest breaks, restricted in their activities during unpaid breaks and required to perform work without compensation. (Dkt. 6, p. 2 *Forrand* First Amended Complaint, ¶¶99, 13-16, 19-23, 26-29, 32-38.) Plaintiffs allege that FedEx had a uniform policy of failing to pay employees for hours worked and utilized timekeeping procedures and systems which regularly failed to account for all time worked. (Id. ¶¶43 a, b.) Plaintiffs herein assert the following claims:

---

[1] If the matter is transferred to the Central District, FedEx will then move to consolidate or coordinate the matter with *Brown*, in order to have the matters assigned to the same Judge, as well as the Judge who presided over *Karamian* from July 11, 2006 to October 30, 2007.

[2] The discovery deadline in *Brown* is June 2, 2008 and trial is set for September 30, 2008. Plaintiffs in that case have not yet moved to certify a class.

Defendant Federal Express Corporation's Motion to Transfer Venue
Page 3

1.      Unpaid wages and overtime (violations of Labor Code §§201 and 204 and 1198);

2.      Failure to provide mandatory breaks or meal periods (violations of Labor Code §226);

3.      FedEx exercising control over Plaintiffs during breaks and split shifts without compensation (violation of Labor Code §204);

4.      Unfair Business Acts and Practices (violations of CA B&P Code §17200 et. seq.);

5.      Unjust enrichment;

6.      Declaratory Relief;

7.      Punitive damages.

Similarly, in the *Brown* matter, Plaintiffs assert the following class claims:

1.      Nonpayment of wages (violations of Labor Code §§201, 204, 210, 558); and

2.      Unfair Business Acts and Practices (violations of CA B&P Code §17200 et. seq.)

The *Karamian* Plaintiffs' allegations were identical to those of Plaintiffs Forrand, Karamian, Green and Colon. (Langbein Dec., Exh. A, *Karamian* Cmplt.) The *Brown* Plaintiffs also allege that they were denied wages and overtime due to a uniform policy or practice of requiring work during meal breaks, failing to provide meal and rest breaks, exercising control of the couriers during meal breaks and split shifts such that the break time should be compensated, and otherwise generally failing to pay all wages due. (Langbein Dec., Exh. B, *Brown* Cmplt §§10, 16).

The *Karamian* matter was voluntarily dismissed after the Plaintiffs failed to timely file a motion for certification. (Langbein Dec., ¶¶6,7, Exhs. E and F)

**IV.    ARGUMENT**

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under Section 1404(a), courts must balance the plaintiff's choice of forum against the burden of litigating in an inconvenient forum. Decker Coal v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Although the burden of showing that the "convenience of the parties and witnesses" and "interests of justice" are served by transfer rests with the moving party, such determination is addressed to the inherent discretion of the trial court. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979), *citing* Van

Defendant Federal Express Corporation's Motion to Transfer Venue
Page 4

1  Dusen v. Barack, 376 U.S. 612, 622, 84 S.Ct. 805 (1964).  The ultimate goal of a court in analyzing

2  a motion to transfer venue is to serve both convenience of the parties and witnesses, as well as the

3  interests of justice.  Mercury Serv., Inc. v. Allied Bank of Texas, 117 F.R.D. 147, 154-55 (C.D.Cal.

4  1987), *aff'd*, 907 F.2d 154 (9th Cir. 1990).

5        In making this determination, courts look at the following factors: (1) whether the transferee

6  district is one where the action might have been brought; (2) the convenience of the parties and

7  witnesses; and (3) whether transferring will promote the interest of justice.  Goodyear Tire & Rubber

8  v. McDonnell Douglas Corp., 820 F. Supp. 503, 506 (C.D.Cal. 1992), *citing* Mercury Serv., Inc. v.

9  Allied Bank of Texas, 117 F.R.D. 147, 154-55 (C.D.Cal. 1987), *aff'd* 907 F.2d 154 (9th Cir. 1990).

10  The location of plaintiff's or defendant's counsel is an impermissible consideration.  Soloman v.

11  Continental American, 472 F.2d 1043, 1047 (3d Cir. 1973).  Here, as discussed below, the foregoing

12  factors weigh in favor of transfer.

13        **A.**    **Venue Is Proper In The Central District of California (Los Angeles).**

14        The first analytical step in a transfer motion is to determine whether the action could

15  originally have been brought in the District Court to which transfer is sought.  (28 U.S.C. § 1404(a).)

16  The proper District Court is one in which the action could originally have been brought if: 1) it has

17  subject matter jurisdiction; 2) defendant would have been subject to personal jurisdiction; and 3)

18  venue would have been proper.  Hoffman v. Blaski, 363 U.S. 335, 343-344; 80 S.Ct. 1084, 1089-

19  1090; Commercial Lighting Prods., Inc. v. U.S. Dist. Court, 537 F.2d 1078 (9th Cir. 1976).  Venue

20  in this case is governed by 28 U.S.C. §§1391(a) and (c).

21        Subject matter jurisdiction exists in the Central District because the named Plaintiffs could

22  have initiated this action there under the Class Action Fairness Act (28 U.S.C. §1332(d)) (CAFA)

23  and diversity jurisdiction, as asserted in the Amended Complaint, ¶1. (Dkt. 1).  Defendant is

24  incorporated in Delaware with its principal place of business in Memphis, Tennessee.  Federal

25  Express, however, does business throughout the world, including both the Los Angeles area and the

26  San Francisco Bay area and as such, venue would be appropriate pursuant to 28 U.S.C.

27  §1391(a)(1),(2), and (c) because FedEx is subject to personal jurisdiction in the Central District.

28

Defendant Federal Express Corporation's Motion to Transfer Venue
Page 5

1           **B.      Transferring The Case Will Promote The Interests Of Justice.**

2           To determine whether a transfer will serve the interests of justice, the Ninth Circuit applies the following criteria: (1) plaintiff's initial choice of forum; (2) the convenience of the witnesses – ability to mandate attendance of unwilling witnesses and the cost of obtaining willing witnesses; (3) where the events took place, and the relative ease of access to sources of proof; (4) convenience of the parties; and (5) all other practical considerations that make the trial of a case easy, expeditious and inexpensive.  (See, Decker Coal, *supra*, 805 F.2d at 842-43.)

           "The interest of justice factor is the most important factor of all."  Amazon.com v. Cendant Corp., 404 F.Supp.2d 1256, 1259 (W.D. Wash. 2005) (citing Nelson v. Mater Lease Corp., 759 F.Supp. 1397, 1402 (D. Minn. 1991)).  "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Id.* (quoting Regents of the University of California v. Eli Lilly and Co., 119 F.3d 1559, 1565 (Fed. Cir. 1997).  The pendency of related actions in the transferee forum is a significant factor in weighing whether the interests of justice would be served by a transfer of venue.  *Id.*  Litigation of related claims in the same tribunal is strongly favored because "it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid[s] duplicitous litigation and inconsistent results."  Durham Productions, Inc. v. Sterling Film Portfolio, Ltd., Series A, 537 F.Supp. 1241, 1243 (S.D.N.Y. 1982).  "It is highly inefficient for this district to expend resources adjudicating a dispute virtually identical to one already pending in our sister district."  Wells v. Cingular Wireless LLC, 2006 U.S. Dist. LEXIS 73664, *8 (N.D. Cal. 2006).  Inconsistent legal results involving identical claims are particularly worrisome in the context of a class action where failure to consolidate could also muddle the issue of which plaintiffs are part of the class.  *Id.* at *9.

           In this case, *Forrand* Plaintiffs are nearly identical in situation to the plaintiffs in the *Brown* action currently pending in the Central District of California, and precisely identical to the pleadings in *Karamian* recently dismissed in the Central District.  All three cases involve overlapping categories of employees and assert the same allegations.  Transfer of this action to the Central District would prevent the potential for inconsistent adjudications and provide for the more efficient

Defendant Federal Express Corporation's Motion to Transfer Venue
Page 6

1   completion of discovery as well as serve to prevent forum shopping by the instant Plaintiffs.

2   Moreover, the plaintiffs in these actions will undoubtedly seek to depose many of the same
3   individuals and request production of a substantially similar set of documents. Failing to consolidate
4   these actions will therefore result in duplicative discovery efforts, requiring witnesses to appear for
5   multiple depositions and Defendant to respond to overlapping sets of requests for production. See
6   Hernandez v. Equifax Info. Servs. LLC, 2006 U.S. Dist. LEXIS 27645, *4-5 (N.D. Cal. 2006) (more
7   convenient for witnesses (and the parties) to appear once, rather than twice). It is also likely that
8   discovery disputes will arise in both cases. Transfer of this matter to the Central District will prevent
9   inconsistent rulings on such disputes which could certainly subject Defendant to substantial
10  prejudice.

11  The congestion of the court's docket is another factor to be considered under the interests of
12  justice factor. Amazon.com, supra, at 404 F.Supp. 2d at 1261. According to a Judicial Caseload
13  Profile Report available for the twelve month period ending September 30, 2006 regarding the
14  federal judiciary, there were more actions pending per judgeship in the Northern District than in the
15  Central District. (Langbein Dec., ¶9, Exhs. I and J). As noted in the various reports, there were 583
16  cases pending per judgeship in the Northern District and 443 cases pending per judgeship in the
17  Central District for a difference of 140 cases per judgeship. *Id.* The median time to trial is also
18  about three months shorter in the Central District (21.3 months v. 25 months). *Id.* Given that the
19  Central District appears to be somewhat less congested based upon these government reports, this
20  factor weighs in favor of transferring the matter.

21  Accordingly, the interests of justice and efficient administration of justice will be better
22  served if this matter is transferred to the Central District of California.

**C. Plaintiffs' Choice Of Forum Is Given Less Weight Because Of Their Status As Purported Class Representatives And The Former *Karamian* Plaintiffs Should Be Disregarded In The Venue Analysis.**

26  Ordinarily, a plaintiff's choice of forum is provided some deference when challenged via a
27  motion to transfer. Lewis v. ABC Business Services, Inc., 135 F.3d 389, 413 (6th Cir. 1998). This
28

Defendant Federal Express Corporation's Motion to Transfer Venue
Page 7

rule is substantially attenuated where plaintiff has commenced the action in a forum that is not his or her residence. In such cases, plaintiff's choice of forum is given much less weight in ruling on a discretionary transfer motion. New Image, Inc. v. Travelers Indem. Co., 536 F.Supp. 58, 59 (E.D.PA 1981); Bryant v. ITT Corp., 48 F.Supp.2d 829, 832 (N.D.Ill. 1999).

Here, any weight given Plaintiffs' choice of forum is diminished due to their attempt to represent a class. Koster v. Lumbermen's Mutual Casualty Co., 330 U.S. 518, (1947); Diemer v. United States Postal Serv., 1987 WL 9037, *4 (D.D.C. 1987)(transferring class action claim under Fair Labor Standards Act after determining plaintiff's forum choice entitled to little weight).[3] Further, the fact that a similar and older case is already pending that would potentially cover the Plaintiffs if certified as a class should also diminish the weight of the Plaintiffs' choice of forum.

Notably, given that the claims of three of the four Plaintiffs were recently dismissed in a prior purported class action in the Central District that *they* chose to file in Los Angeles, the weight of Plaintiffs' choice of forum is diminished even further. Having failed to timely file for class certification there in *Karamian,* Plaintiffs and their Los Angeles area attorneys voluntarily dismissed their action and merely re-filed as parties in this action on the very same day that the Judgment of Dismissal was entered in *Karamian*. These Plaintiffs have violated of the Order of Judge Dale S. Fischer in a blatant effort to shop for a more favorable forum. Judge Fischer previously determined that the same allegations and claims that Karamian, Green, and Colon attempt to pursue here as class representatives could only be pursued as individual actions. (Langbein Dec., ¶6, Exh. E)

Additionally, Plaintiffs Karamian and Forrand reside in Los Angeles County. (Dkt. 6, p. 2, ¶¶2-3). Colon allegedly lives in the County of Lancaster, California. (Dkt. 6, ¶5). However, there is no such county. The city of Lancaster, however, is in Los Angeles County. Green's residence is located in Nevada (Dkt. 6, ¶4). The Central District would clearly be the most convenient forum for these Plaintiffs and would likely still be the forum had they met their deadline for filing a motion for

---

[3] Other courts similarly have held that a plaintiff's choice of forum is given less weight in the class context. (Lou v. Belzberg, 834 F.2d 730, 739 (citing Helfant v. Louisiana & Southern Life Ins. Co., 82 F.R.D. 53, 58 (E.D.N.Y.1979)(ordering transfer where potential existence of numerous class "considerably weakens" plaintiff's stake in chosen forum) and Stolz v. Barker, 466 F.Supp. 24, 27 (M.D.N.C.1978) (ordering transfer because, in a derivative class suit, plaintiff is "almost an insignificant figure"); O'Hopp v. Contifinancial Corp., 88 F.Supp.2d 31, 35 (E.D.N.Y. 2000).

1  certification. Indeed, Forrand, arguably a putative class member in *Karamian*, did not file this action
2  until after Judge Fischer dismissed the class allegations.

3  Further diminishing the weight of Plaintiffs' choice of forum is the fact that Karamian is not
4  even a viable Plaintiff. He was a manager during the alleged relevant limitations period and cannot
5  represent a class of hourly employees or even pursue the alleged claims on his own behalf.
6  (Langbein Dec., ¶5, Exh. D)  Plaintiff Green has been a customer service agent since May 2005,
7  which is a job classification that Plaintiffs herein specifically seek to exclude. Prior thereto she was
8  a handler for just under one year from May 2004 to May 2005. (Langbein Dec., ¶4, Exh. C) Plaintiff
9  Colon's last day worked was May 18, 2004. Arguably, his claims are barred by the applicable three-
10  year limitations period from the date of the Amended Complaint (October 30, 2007).  See Fitz-
11  Gerald v. Skywest, Inc. 155 Cal. App. 4th 411, 423 (2007). As such, each Plaintiff's choice of forum
12  should be disregarded.

### D. The Convenience Of Parties, Witnesses, Location Of Events, And Relative Ease Of Access To Sources Of Proof, While Of Limited Significance, Support A Transfer.

Witness convenience also supports transferring the matter to the Central District of California. Forrand works and lives in the Los Angeles area. The other Plaintiffs originally filed their action in Los Angeles and Karamian and possibly Colon live in Los Angeles. They seek to represent a class of current and former hourly nonexempt employees who reside throughout the state of California. Further, FedEx can take the witnesses depositions throughout California. As such, there is limited inconvenience to the Plaintiff as witnesses.

The significance of the location of the events and relative ease of access to sources of proof to the transfer determination is limited because Plaintiffs have alleged that FedEx engaged in uniform practices pursuant to corporate policy and procedures that affected all putative class members equally (Forrand Cmplt ¶¶42, 43). The managers and HR representative for the Plaintiffs are in Central California, most of the other company witnesses and documents related to payroll processing, policies, and computerized time and payroll records are based in Memphis, Tennessee. (See Declarations of Robert F. Molinet and Kathryn R. Young filed in the *Karamian* action

Defendant Federal Express Corporation's Motion to Transfer Venue
Page 9

1  (Langbein Dec., ¶8, Exhs. G and H)  As such, whether the case is in San Francisco or Los Angeles, each location is equally inconvenient (or convenient) for witnesses based in Memphis, Tennessee, assuming they even had to travel to California for depositions.

While the convenience of the parties is a factor considered in determining the propriety of transfer, it is not an overriding factor under the circumstances of this case.  In fact, depending upon whether the Central District decides to consolidate or coordinate the cases for discovery purposes or otherwise, it could be more convenient for both parties in relation to preventing duplication in conducting discovery.

## IV.   CONCLUSION

For each and all of the foregoing reasons, Defendant respectfully urges the Court to grant the motion and order the transfer of this case to the Central District of California (Los Angeles).

Dated: November 13, 2007

   s/Sandra C. Isom
SANDRA C. ISOM, Bar No. 157374
FEDERAL EXPRESS CORPORATION

and

KEITH A. JACOBY
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

# PROOF OF SERVICE

**STATE OF TENNESSEE, COUNTY OF SHELBY**

I hereby certify that on November 13, 2007, I electronically filed Defendant Federal Express Corporation's Motion to Transfer Venue with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**Andre E. Jardini, Esq.**
**KNAPP, PETERSEN & CLARKE**
**500 North Brand Blvd., 20th Floor**
**Glendale, CA 91203-1904**
**aej@kpclegal.com**

**Michael S. Duberchin, Esq.**
**LAW OFFICES OF MICHAEL S. DUBERCHIN**
**500 North Brand Blvd., 20th Floor**
**Glendale, CA 91203-1904**
**msdlaw@earthlink.net**

**Glen Robert Bregman, Esq.**
**LAW OFFICES OF ROBERT BREGMAN**
**16633 Ventura Blvd., Ste. 1240**
**Encino, CA 91436**
**glenbregmanlaw@aol.com**

**Keith A. Jacoby, Esq.**
**LITTLER MENDELSON**
**2049 Century Park East, 5th Floor**
**Los Angeles, CA 90067-3107**
**kjacoby@littler.com**

s/ Sandra C. Isom
Sandra C. Isom, Esq.
Attorney for Defendant
Federal Express Corporation
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
Tel. No. (901)434-8526
Email: scisom@fedex.com

Doc #701343