# Exhibit B

```
 1  JAMES P. STONEMAN, II, (Bar No. 94523)
    LAW OFFICES OF JAMES P. STONEMAN, II
 2  100 West Foothill Blvd.
    Claremont, CA  91711
 3  Telephone:  (909) 621-4987
    Facsimile:  (909) 624-1427
 4  Email:  jim@Stonemanlaw.com

 5  ERNEST F. CHING, JR., (Bar No. 74253)
    YAMEEN Z. SALAHUDDIN (Bar No. 220003)
 6  LAW OFFICES OF CHING AND ASSOCIATES
    160 South Old Springs Road, Suite 280
 7  Anaheim Hills, CA  92808
    Telephone:  (714) 637-9888
 8  Facsimile:  (714) 637-9833
    Email:  chinglawoffice@aol.com
 9
    Attorneys for Plaintiffs
10
```

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 03 2007

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
**EDUARDO CHANES**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VINCENT BROWN, JOSE ROBERT ROJAS, DEBORAH SNYDER, CHARLES WALKER, MARK B. TOVSEN, ROBERT ARMAN, JOHN O'NEIL, ANDRE D. LAWSON and GREGORY A. SORRELLS, individually and on behalf of all other similarly situated current and former employees,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. BC373711<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND PENALTIES BASED ON:**<br><br>1. **FAILURE TO PROVIDE REST PERIODS (OR COMPENSATION THEREFOR);**<br>2. **FAILURE TO PROVIDE MEAL PERIODS (OR COMPENSATION THEREFOR);**<br>3. **VIOLATION OF UNFAIR BUSINESS PRACTICES ACT (B & P §17200 et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

**EXHIBIT B**

/

Plaintiffs VINCENT BROWN, JOSE ROBERT ROJAS, DEBORAH SNYDER, CHARLES WALKER, MARK B. TOVSEN, ROBERT ARMAN, JOHN O'NEIL, ANDRE D. LAWSON and GREGORY A. SORRELLS, individually and on behalf of all other similarly situated current and former employees of Defendant FEDERAL EXPRESS CORPORATION (hereafter sometimes "FedEx" in California (hereinafter, referred to as "Plaintiffs") hereby allege as follows:

### INTRODUCTION

1. Plaintiffs bring this Class Action on behalf of themselves and all other persons who are or have been employed as non-exempt drivers, specifically as "Ramp Transport Vehicle Drivers" (hereafter "RTD") and Courier Drivers by Federal Express Corporation in the State of California, to recover, among other things, (a) compensation for meal and rest periods not taken or paid, remedies for violation of Labor Code §226.7, *California Code of Regulations*, Title 8, §11070, subdivisions 11 12, and *California Business and Professions Code* §17200; interest; attorneys' fees, costs and expenses; and equitable relief. Plaintiffs reserve the right to name additional class representatives.

### JURISDICTION AND VENUE

2. The California Superior Court has jurisdiction over this action pursuant to *California Constitution,* Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The Statutes under which this action is brought do not specify any other basis for jurisdiction.

3. The California Superior Court has jurisdiction over

2

1  FedEx because, based on information and belief, it is a
2  corporation and/or entity and/or person that has sufficient
3  minimum contacts in California, is a citizen of California, or
4  otherwise intentionally avails itself of the California market so
5  as to render the exercise of jurisdiction over it by the
6  California courts consistent with traditional notions of fair
7  play and substantial justice.
8      4.  Venue is proper in the County of Los Angeles, because
9  FedEx exists, transacts a substantial amount of business, and has
10 offices in such County.  Venue is proper in this Court pursuant
11 to *California Code of Civil Procedure* §395 because certain acts
12 and omissions complained of occurred arose in this County and/or
13 the administration of such unlawful practices was accomplished
14 from such County.
15     5.  Plaintiffs are informed and thereon allege that FedEx is
16 a Delaware Corporation and that at all material times, it has
17 maintained a principal place of business in California.  Although
18 its corporate headquarters are in Memphis, Tennessee, plaintiffs
19 are informed and believe and thereon allege that FedEx conducts a
20 majority of its business in California by virtue of the
21 substantial volume of ingoing and outgoing freight and the dollar
22 volume of business generated within the State of California.  By
23 virtue of such facts, California constitutes a principal place of
24 business of FedEx.
25                              **PARTIES**
26     6.  Plaintiff VINCENT BROWN was at all relevant times
27 employed by FedEx as an hourly, non-exempt "RTD" with FedEx in
28 California for at least the past 4 years driving routes

3

throughout Southern California, including Los Angeles County. He was an "employee" as that term is used in the *California Labor Code* and the IWC Wage Orders regulating wages, hours and working conditions.

7. Plaintiff JOSE ROBERT ROJAS was at all relevant times employed by FedEx as an hourly, non-exempt "RTD" with FedEx in California for at least the past 4 years driving routes throughout Southern California, including Los Angeles County. He was an "employee" as that term is used in the *California Labor Code* and the IWC Wage Orders regulating wages, hours and working conditions.

8. Plaintiff DEBORAH SNYDER was at all relevant times employed by FedEx as an hourly, non-exempt "RTD" with FedEx in California for at least the past 4 years driving routes throughout Southern California, including Los Angeles County. She was an "employee" as that term is used in the *California Labor Code* and the IWC Wage Orders regulating wages, hours and working conditions.

9. Plaintiff CHARLES WALKER was at all relevant times employed by FedEx as an hourly, non-exempt "RTD" with FedEx in California for at least the past 4 years driving routes throughout Southern California, including Los Angeles County. He was an "employee" as that term is used in the *California Labor Code* and the IWC Wage Orders regulating wages, hours and working conditions.

10. Plaintiff MARK B. TOVSEN was at all relevant time employed by FedEx as an hourly, non-exempt "RTD" with FedEx in California for at least the past 4 years driving routes

1 | throughout Southern California, including Los Angeles County. He
2 | was an "employee" as that term is used in the *California Labor*
3 | *Code* and the IWC Wage Orders regulating wages, hours and working
4 | conditions.
5 |     11.   Plaintiff ROBERT ARMAN was at all relevant time
6 | employed by FedEx as an hourly, non-exempt "RTD" with FedEx in
7 | California for at least the past 4 years driving routes
8 | throughout Southern California, including Los Angeles County. He
9 | was an "employee" as that term is used in the *California Labor*
10 | *Code* and the IWC Wage Orders regulating wages, hours and working
11 | conditions.
12 |     12.   Plaintiff JOHN O'NEIL was at all relevant times
13 | employed by FedEx as an hourly, non-exempt "RTD" with FedEx in
14 | California for at least the past 4 years driving routes
15 | throughout Southern California, including Los Angeles County. He
16 | was an "employee" as that term is used in the California Labor
17 | Code and the IWC Wage Orders regulating wages, hours and working
18 | conditions.
19 |     13.   Plaintiff ANDRE D. LAWSON was at all relevant times
20 | employed by FedEx as an hourly, non-exempt Courier Driver with
21 | FedEx in California for at least the past 4 years. He was an
22 | "employee" as that term is used in the *California Labor Code* and
23 | the IWC Wage Orders regulating wages, hours and working
24 | conditions.
25 |     14.   Plaintiff GREGORY A. SORRELLS was at all relevant times
26 | employed by FedEx as an hourly, non-exempt Courier Driver with
27 | FedEx in California for at least the past 4 years. He was an
28 | "employee" as that term is used in the *California Labor Code* and

the IWC Wage Orders regulating wages, hours and working conditions.

15. Defendant FEDERAL EXPRESS CORPORATION is a Delaware corporation doing business under the laws of California, with a principal place of business in California.

16. At all times herein mentioned, FedEx was a corporation regularly employing over 100 persons.

17. The true names and capacities, whether corporate, associate, individual or otherwise of Defendant, DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendant by such fictitious names pursuant to *California Code of Civil Procedure* §474. Each of the Defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and circumstances herein reference and proximately caused injuries and damages to the Plaintiffs and class members, as herein alleged. Plaintiffs will ask leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

18. Plaintiffs is informed and believes and thereupon alleges that each of the defendants acted in concert with each and every other defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiffs as alleged herein.

19. At all times herein mentioned, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.

////

**FACTS COMMON TO ALL CAUSES OF ACTION**

20. At all relevant times, FedEx has conducted regional and local air and ground transportation operations throughout California, including Los Angeles County. Defendant employs plaintiffs and numerous other Ramp Transport Vehicle Drivers and Courier Drivers in California and issues the paychecks for Plaintiff and the other Ramp Transport Vehicle Drivers employed by FEDEX in California.

21. Defendant FedEx is a "person" as defined in *California Labor Code* §18 and *California Business and Professions Code* §17201. FedEx is an "employer" as that term is used in the *California Labor Code* and the California Industrial Welfare Commission's Orders regulating wages, hours and working conditions, specifically including Wage Order 9, governing the Transportation Industry, Title 8, *California Code of Regulations*, §11090 (2007). At all material times, Wage Order 9 provided in relevant part that "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes", and that "ever employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." 8 *California Code of Regulations* §11090.

22. Plaintiffs and class members are current and former non-exempt hourly Ramp Transport Vehicle Drivers and Courier Drivers during the four years immediately preceding the date of

1  filing of this action. Plaintiffs and class members have
2  performed work for FedEx in the State of California during that
3  time period. During that time, plaintiffs and class members were
4  improperly denied earned wages under various illegal payroll
5  practices and policies as described herein.
6        23. At all relevant times, Ramp Transport Vehicle Drivers,
7  transported large deliveries in 18-wheel trucks. Their duties
8  included delivering and picking up various large shipments from
9  FedEx customers. Their routes and schedules were determined
10 solely by FedEx.
11       24. At all relevant times, Courier Drivers transported
12 large deliveries in small trucks or vans. Their duties included
13 delivering and picking up various smaller shipments from FedEx
14 customers. Their routes and schedules were determined solely by
15 FedEx.
16       25. By virtue of a number of factors, FedEx imposed a
17 number of unreasonable objectives on plaintiffs and class. These
18 factors included (a) FedEx's relationship with its customers,
19 which included strong "on-time" commitments regarding delivery
20 and pick-up of shipments, and (b) FedEx's failure and refusal to
21 place an adequate number of trucks, RTDs and Couriers into
22 service to handle the heavy load of deliveries and pick-ups.
23 Failure to meet the schedules set by FedEx frequently would
24 result in consequences to FedEx, as it would frequently owe the
25 customer a rebate or refund for a late delivery or pick-up, with
26 consequent pressure applied to the driver who had failed to keep
27 the schedule. As a result of the pressures placed on plaintiffs
28 and class by such policies, RTDs and Courier Drivers were under

constant pressure to make the deliveries and pick-ups as quickly as possible once they commenced their shift. The foregoing facts caused a situation in which RTDs and Courier Drivers were frequently unable to take their meal break within the first five hours of their shift.

26. As a further consequence of the foregoing facts, plaintiffs and class members frequently were unable to take rest breaks within the times required. On many occasions they were not able to take rest breaks at all. In short, there were frequently not enough hours in the shift to allow plaintiffs and class to take their meal and/or rest breaks.

27. At all times prior to March 26, 2007, defendant FedEx failed and refused to pay one hour of pay to plaintiffs and class members who did not take their meal break within five hours of starting their shift.

28. At all times prior to March 26, 2007, defendant FedEx failed and refused to pay one hour of pay to plaintiffs and class members who did not take their rest breaks in accordance with the provisions of Wage Order 9.

29. In perpetrating the acts and omissions alleged herein, Defendant acted pursuant to and in furtherance of a policy and practice of not providing for meal and rest periods (and not compensating therefor), and violating the *California Business and Professions Code*. All such acts are in violation of applicable California Industrial Welfare Commission Wage Order(s) set forth above.

30. Plaintiffs are informed and believes and based thereon alleges that each and every one of the acts and omissions alleged

herein was performed by, and/or attributable to Defendant FedEx and/or DOES 1-10, acting as agents and/or employees, and/or under the direction and control of Defendant FedEx, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control, and were committed willfully, maliciously, oppressively, and fraudulently.

31. As a direct and proximate result of the unlawful actions of Defendant, plaintiffs and members of the class have suffered and continue to suffer from loss of earnings in amounts as yet to be ascertained, but subject to proof at trial in amounts in excess of the minimum jurisdiction of this Court,

### CLASS ACTION ALLEGATIONS

32. Plaintiffs bring this action on behalf of themselves and others similarly situated under *California Code of Civil Procedure* § 382.

33. **Description of the Class:**

(A) **Subclass A:** All non-exempt Ramp Transport Vehicle Drivers who are or have been employed by FedEx in the State of California at any time between during the 4 year period immediately preceding the filing of this case. (This Subclass will be represented by plaintiffs BROWN, ROJAS, SNYDER, WALKER, TOVSEN, ARMAN and O'NEIL).

(B) **Subclass B:** All non-exempt Courier Drivers who are or have been employed by FedEx in the State of California at any time between during the 4 year period immediately preceding the filing of this case. (This Subclass will be represented by plaintiffs LAWSON and SORRELLS).

34. This action is appropriately suited for Class Action

status under *Code of Civil Procedure* § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

   (A) **Numerosity**: The potential members of the Class as defined are so numerous that joinder of all affected employees individually would be impractical. While the exact number of Class members is unknown to plaintiffs at this time, and can only be ascertained through appropriate discovery, plaintiffs are informed and believes that Class members number in the hundreds or thousands. Members of the Class may be identified from records maintained by Defendant and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in class actions.

   (B) **Commonality**: This action involves common questions of law and fact, as the action focuses on Defendant's systematic course of illegal practices and policies throughout the State of California, which have been applied to all similarly situated employees, in violation of the California Industrial Welfare Commission Wage Orders, the *California Labor Code*, and the *California Business and Professions Code*. The questions of law and fact common to the Class include, but are not limited to:

   1. Whether Defendant's practices deprived plaintiffs and class members of wage compensation as required by *Labor Code* §226.7 and 8 *California Code of Regulations*, §11090, in the amount of one hour of pay for each day on which a plaintiff or class member did take a meal break within five hours of starting

//

1 his or her shift.
2  2. Whether Defendant's practices deprived
3 plaintiffs and class members of wage
4 compensation as required by *Labor Code* §226.7
5 and 8 *California Code of Regulations*, §11090,
6 in the amount of one hour of pay for each day
7 on which a plaintiff or class member did not
8 take a rest break within the time required by
9 applicable Wage Orders and *Code of California*
10 *Regulations*.
11  3. Whether practices and schemes employed by
12 Defendant constituted a violation of the
13 Unfair Business Practices Act, *California*
14 *Business & Professions Code* §17200 *et seq.*,
15 as a deceitful, unlawful, or unfair business
16 practice within the meaning of the Unfair
17 Business Practices act, and,
18  4. What is the nature of damages for members
19 of Plaintiffs and class.
20  (C) **Typicality**: The claims of the named Plaintiffs
21 are typical of the class because Defendant subjected all
22 similarly situated employees to identical violations of the
23 California Industrial Welfare Commission Wage Orders, the
24 *California Labor Code*, and the *California Business and*
25 *Professions Code*.
26  (D) **Adequacy of Representation**: Plaintiffs will
27 fairly and adequately protect the interests of the Class and have
28 retained counsel competent and experienced in employment class

1  action litigation, including class actions in the State of
2  California. Plaintiffs have no interests antagonistic to, or in
3  conflict with, the Class that plaintiffs seeks to represent.
4       (E) **Superiority of Class Action**: A class action is
5  far superior to other available methods for the fair and
6  efficient adjudication of the claims asserted herein because
7  joinder of all members is impracticable and the alternative would
8  entail multiplicity of separate actions potentially numbering
9  into the thousands. Furthermore, because the damages suffered by
10 individual members of the Class may be relatively small, the
11 expense and burden of individual litigation make it
12 impracticable, if not virtually impossible, for Class members to
13 pursue their claims separately. The likelihood of individual
14 Class members prosecuting separate claims is remote and class
15 action treatment will allow those similarly situated persons to
16 litigate their claims in the manner that is most efficient and
17 economical for the parties and judicial system.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS (OR COMPENSATION THEREFOR)

(Against All Defendants)

21  35. Plaintiff hereby realleges and incorporates by
22 reference as though set forth in full the allegations of
23 paragraphs 1 through 34.
24  36. In so acting, defendant FedEx failed and refused to pay
25 plaintiffs and class members wages in the form of on hour of pay
26 for each day on which they did not commence a lunch break within
27 five hours of starting their shifts.
28  37. Pursuant to *Labor Code* §226.7 and the IWC Order(s) set

1  forth above, plaintiffs are entitled to one hour of pay for each
2  day on which they did not commence a lunch break within five
3  hours of starting their shifts.

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS (OR COMPENSATION THEREFOR)

#### (Against All Defendants)

7   38.  Plaintiff hereby realleges and incorporates by reference as though set forth in full the allegations of paragraphs 1 through 34.

10  39.  In so acting, defendant FedEx failed and refused to pay plaintiffs and class members wages in the form of on hour of pay for each day on which they did not take a rest break within the time required by applicable Wage Orders and *Code of California Regulations*.

15  40.  Pursuant to *Labor Code* §226.7 and the IWC Order(s) set forth above, plaintiffs are entitled to one hour of pay for each day on which they did not commence a rest break within five hours of starting their shifts.

### THIRD CAUSE OF ACTION

### VIOLATION OF UNFAIR BUSINESS PRACTICES ACT

#### (Against All Defendants)

22  41.  Plaintiff hereby realleges and incorporates by reference as though set forth in full the allegations of paragraphs 1 through 30.

25  42.  *California Business & Professions Code* § 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice."

28  43.  Each and every practice alleged in the First and Second

Causes of Action above constitutes unlawful, deceptive, and/or unfair competition in violation of §17200 of the *Business and Professions Code*.

44. By violating the foregoing statutes, regulations and orders governing wage and hour issues in California, and by failing to take appropriate measures to address these violations, Defendant's acts constitute per se acts of unlawful, deceptive and unfair business practices under *California Business and Professions Code* § 17200, et seq.

45. As a direct, foreseeable, and proximate result of Defendant's acts and omissions alleged herein, and within the relevant statutory period, plaintiffs and class members have been deprived of substantial wages to which they are entitled by law, all redounding to the unjust enrichment of Defendant, Accordingly, Plaintiffs and class members are entitled to restitution of such wages as is specifically authorized by *Business & Professions Code* §17203.

46. Moreover, continuing commission of the acts alleged above by defendant will irreparably harm plaintiffs and class other employees of Defendant for which harm they have no plain, speedy or adequate remedy at law. Accordingly, Defendant must be enjoined from further engaging in these practices as more fully set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and class pray judgment against Defendant as follows:

1. For general damages in an amount within the jurisdictional limits of this court according to proof;

15
Class Action Complaint

    2.    For loss of earnings, according to proof;

    3.    For restitution of all monies due to Plaintiffs;

    4.    For interest pursuant to Labor Code §§ 218.6 and 1194;

    5.    For wages/penalties pursuant to Labor Code §§ 226.7 and applicable Industrial Welfare Commission Wage Orders;

    6.    For costs of suit;

    7.    For reasonable attorneys' fees pursuant to *Labor Code* §§218.5 and 1194, and *California Code of Civil Procedure* §§ 1021.5;

    8.    For such other and further relief as the Court may deemed just and proper.

DATED: July 3, 2007

                      LAW OFFICES OF JAMES P. STONEMAN II
                      LAW OFFICES OF ERNEST F. CHING, JR.

                      By: *[signature]*
                      JAMES P. STONEMAN II
                      Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: July 3, 2007

                      LAW OFFICES OF JAMES P. STONEMAN II
                      LAW OFFICES OF ERNEST F. CHING, JR.

                      By: *[signature]*
                      JAMES P. STONEMAN II
                      Attorneys for Plaintiffs