1  André E. Jardini (State Bar No. 71335)
   aej@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   500 North Brand Boulevard, 20th Floor
3  Glendale, California 91203-1904
   Telephone: (818) 547-5000
4  Facsimile: (818) 547-5329

5  Glen Robert Bregman, Esq. State Bar No. 100363
   glenbregmanlaw@aol.com
6  LAW OFFICES OF GLEN ROBERT BREGMAN
   16633 Ventura Boulevard, Suite 1240
7  Encino, CA 91436
   Telephone: (818) 981-9793
8  Facsimile: (818) 981-9807

9  Michael S. Duberchin, Esq. (State Bar No. 108338)
   msdlaw@earthlink.net
10 LAW OFFICES OF MICHAEL S. DUBERCHIN
   500 North Brand Boulevard, 20th Floor
11 Glendale, California 91203-1904
   Telephone: (818) 246-8487
12 Facsimile: (818) 246-6277

13 Attorneys for Plaintiff DANIEL FORRAND, on
   behalf of himself, and all others similarly situated

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17

18 DANIEL FORRAND, ARA              ) NO.  C 07 4674-TEH
   KARAMIAN, YVETTE GREEN, and      )
   EUGENE COLON, on behalf of       ) Date:              1/14/2008
19 themselves and all others similarly ) Time:         10:00 a.m.
   situated,,                       ) Ctrm:                   12
20                                  )
              Plaintiffs,           ) Hearing Judge:  Thelton E. Henderson
21                                  )
        v.                          ) PLAINTIFF'S OPPOSITION TO
22                                  ) DEFENDANT FEDERAL EXPRESS
   FEDERAL EXPRESS CORPORATION,     ) CORPORATION'S MOTION TO
23                                  ) TRANSFER VENUE
              Defendant.            )
24 _____ )

25

26

27

28

KNAPP,
PETERSEN
& CLARKE

                            -1-

551819.1  08000/00863

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendant Federal Express Corporation ("FedEx") moves to transfer this action to the Central District of California.

Unfortunately, FedEx fails to acknowledge that this case has been deemed related to the case of *Bibo v. Federal Express Inc*. No. C07-2505 TEH ("*Bibo* action".)

Nor, does the motion so much as mention that FedEx previously moved to transfer the *Bibo* action to the Central District, which motion was denied by this Court.

In fact, in apparent contradiction to the current motion, FedEx filed written support concerning relating this action and the *Bibo* action.  In response to the order of referral of this case to this court by the Honorable Maxine M. Chesney, FedEx stated the following:

- "The actions concern substantially the same property, transactions or events…"

- "Both cases allege violation of California wage and hour laws by nonpayment of wages for off the clock work and for failure to provide rest and meal breaks as well as unfair business practice violations of the Business and Professions Code by FedEx."

- "It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."

- "Many of the same issues are addressed in both cases."

- "Efficiency and the need for consistency of rulings would best be served if resolution of discovery disputes and trial coordination were addressed by a single judge."

KNAPP,
PETERSEN
& CLARKE

-2-

5518191 08000/00863

1  Lastly, the *Brown v. FedEx* case in the Central District is set for a non-jury

2  trial.  Transfer of this case would deprive plaintiffs of their right to trial by jury.

3  Plaintiff believes that there is no benefit to be derived by transfer of one of two

4  related cases to another district.  The motion should be denied.

5  ## II.

6  ## PROCEDURAL HISTORY

7  The *Bibo v. Federal Express* action was filed in San Francisco Superior Court

8  and removed to this Court by FedEx on May 10, 2007 pursuant to the Class Action

9  Fairness Act of 2005 based on the allegation that the amount in controversy exceeds

10  the sum of five million dollars ($5,000,000).

11  That action proceeds as a class action on behalf of five named plaintiffs.

12  Those plaintiffs seek to represent a class of thousands of current and former couriers

13  employed by FedEx for the four years preceding the filing of the action.

14  FedEx brought a motion to transfer the *Bibo* action to the Central District,

15  which motion was heard on September 10, 2007.  As here, the basis for the motion to

16  transfer was the pendency of the *Brown v. FedEx* case in the Central District.

17  The motion was denied pursuant to this Court's order of October 9, 2007.  A

18  copy of the order is attached hereto as Exhibit 1.

19  On September 7, 2007, Daniel Forrand filed the original complaint in this

20  matter.  The case was assigned to the Honorable Maxine M. Chesney.  Daniel

21  Forrand has never been a plaintiff against FedEx for these allegations in any other

22  action.  The complaint seeks recovery for California wage and hour violations

23  concerning all nonexempt employees of FedEx in California for the class period.

24  Plaintiffs intend to represent all nonexempt employees of FedEx, numbering

25  approximately 14,000, who were not covered by a previous settlement in the *Foster*

26

27

28

KNAPP,
PETERSEN
& CLARKE

-3-

1  v. *Federal Express* action.[1]

2      On October 30, 2007 a First Amended Complaint was filed in this matter

3  adding three plaintiffs. (Ara Karamian, Yvette Green, Eugene Colon).

4      These parties were previously involved in the *Karamian v. Federal Express*

5  *Corporation* matter, Case No. 06 CV-4345 DSF (PJWx). Daniel Forrand, who filed

6  the original complaint herein, was never a party in the *Karamian* action.

7      The *Karamian* action is no longer pending. The case was dismissed, without

8  prejudice, at the request of plaintiffs and without objection by FedEx. Attached

9  hereto as Exhibit 2 are two Minute Orders reflecting the dismissal and the absence of

10  objection by FedEx. The dismissal occurred after this action had been filed by

11  Forrand. Because the *Karamian* matter has been dismissed, the case obviously is not

12  related to this case and does not support a transfer to the Central District. Further,

13  there was no finding on the merits, of any kind, in connection with that action.

14      This case was low numbered to the Honorable Thelton E. Henderson and

15  deemed related to the *Bibo* action by this Court's order of December 3, 2007.

16  **A.    The *Brown* Action.**

17      The action of *Brown v. Federal Express Corporation* Case No. 7 CV 5011

18  DSF (PJWx) was filed in the California Superior Court in Los Angeles and removed

19  by FedEx to the Central District on August 2, 2007.

20      Plaintiffs are seven ramp transport drivers and two couriers who were

21  employees for FedEx and who make various claims for wage and hour violations.

22  Ramp transport drivers for FedEx drive eighteen wheel vehicles and are subject to

23  Department of Transportation regulation under the Motor Carrier Safety Act. (See,

24  *Klitzke v. Steiner Corp.* (9th Cir. 1997) 110 F.3d 1465, 1468.). In the *Foster* action,

25

---

26  [1] Final approval of a class action settlement on behalf of couriers, courier handlers
    and service agent employees of FedEx in the amount of thirty million dollars

27  ($30,000,000) was approved by Judge Gregory Alarcon in the Los Angeles Superior
    Court on September 18, 2006.

KNAPP,
PETERSEN
& CLARKE    28

1  FedEx raised separate defenses concerning employees who drive vehicles covered by

2  the Department of Transportation.

3      The *Brown* action is scheduled for a bench trial. Therefore, no jury trial right

4  would be available in the *Brown* action. Plaintiffs herein seek a trial by jury.

5      Therefore, the cases are dissimilar.

6                                       **III.**

7      **THE RELEVANT FACTORS MAKE PLAIN THAT A TRANSFER IS**

8                              **UNWARRANTED**

9      Defendant makes its motion for change of venue pursuant to 28 U.S.C. §

10  1404(a) which provides that "for the convenience of the parties and witnesses, in the

11  interest of justice, a District Court may transfer any civil action to any other district

12  or division where it might have been brought."

13      "A transfer is not to be liberally granted." *Campbell v. Mitsubishi Aircraft*

14  *Intern. ,Inc.*, 416 F.Supp. 1225, 1226 (wd W.D. Pa 1976), citing *Shuttle v. Armco*

15  *Steel Corp.*, 431 f.2d 22 (3d Cir. 1970).

16      "It is black letter law that a plaintiff's choice of a proper forum is a paramount

17  consideration in any determination of a transfer request, and that choice 'three stars

18  should not be lightly disturbed.'" *Armco Steel Corp.*, *supra.*, at p. 25. "A defendant

19  generally must make a strong showing of inconvenience in order to disturb a

20  plaintiff's choice of forum. *Garcia v. Allstate Insurance Co.*, 1996 WL 501689

21  (N.D. Cal. 1996), citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d

22  834, 843 (9th Cir. 1986).

23      Here, no strong showing of inconvenience can be made. FedEx bears the

24  burden of establishing this inconvenience as part of the burden of "establishing that

25  an action should be transferred." *Los Angeles Memorial Coliseum Commission v.*

26  *National Foot ball League*, 89 F.R.D. 497, 499 (C.D.Cal. 1981), aff'd 726 F.2d 1381

27  (9th Cir. 1984).

28  / / /

KNAPP,
PETERSEN
& CLARKE

-5-

6661910 1 00000/00063

1    As this Court stated, in denying FedEx's motion to transfer in the *Bibo* case, ...

2  "defendant is headquartered in Tennessee. Thus, the Northern District of California

3  is no more or less convenient for defendant that the Central District." Order, at p.4.

4    There, as here, "defendant has not described any real inconvenience that

5  would result for the parties if the motion is denied." Order, at p. 4.

6    It is recognized that plaintiff, Daniel Forrand, who originated this action, does

7  not reside in the district. Nonetheless, he has chosen to proceed here, on behalf of

8  employees of FedEx, many of whom work and live in the district. Any purported

9  inconvenience to plaintiffs or their counsel, is of their own choosing, and should not

10  be considered by the Court on this measure.

11 **A.    Plaintiffs have chosen this forum.**

12    Plaintiffs elect to vindicate the rights of FedEx employees in this forum. The

13  plaintiffs' choice of forum should be afforded substantial weight in the §1404(a)

14  balancing test. Courts should not generally transfer unless the convenience and

15  justice factors strongly favor the defendant's choice of venue. *Securities Investment*

16  *Protection Corp., v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985).

17    While plaintiffs do not reside in the selected forum, this district has an equal

18  interest with the Central District to protect its residents against unlawful employment

19  practices. Literally thousands of FedEx employees have been victimized by FedEx

20  employment practices which contravene California law within this district.

21    Plaintiff Daniel Forrand has been involved in no previous actions. He and his

22  counsel have chosen this forum to protect against illegal labor practices by FedEx

23  which have occurred as much in this district as in any other in the State of California.

24  The remaining three plaintiffs, while having participated in the previous dismissed

25  action, chose to join this existing action. They are members of the class, as are many

26  other employees in every district in this state. Their residency can be ignored for

27  purposes of the consideration of transfer issues.

28  ///

KNAPP,
PETERSEN
& CLARKE

-6-

**B.    Convenience of the Witnesses and Access to Evidence.**

Counsel for plaintiffs has successfully litigated these issues against FedEx in the State of California concerning courier, courier/handler and service agent employees. The *Foster v. FedEx* litigation resulted in a thirty million dollar ($30,000,000) settlement by FedEx payable to these employees for the period from May 1998 through September 2006.

In litigating that matter, information concerning the allegations by the class was available from FedEx's Memphis home office in electronic form. Pay records concerning thirteen thousand employees were produced on a single computer disk. Data which reflected stops and package tracking information was also produced in electronic form on a single disk concerning almost two hundred million data points. From this data it could be determined when and how often employees worked during their unpaid breaks.

The availability of this electronic data renders it immaterial where the case is venued.

In addition, since FedEx is a centralized corporation with a top down management style, policies are set in Memphis and imposed uniformly on a nationwide basis. Depositions of corporate witnesses under Rule 30(b)(6) would occur in this district or in Memphis. It is unlikely that any depositions, other than of the plaintiffs, would occur in the Central District. To the extent the depositions of plaintiffs are taken in the Central District, that would operate as a convenience to defense counsel, who are located in the Central District (or are corporate counsel in Memphis).

The discovery in the case will not be centered in the Central District. In fact, very little paper discovery is anticipated; it is anticipated, given the previous litigation history between the parties, that most of the pertinent information is available in electronic form. Depositions of FedEx personnel will occur in this

KNAPP,
PETERSEN
& CLARKE

-7-

1  district or in Memphis. It is not expected that any depositions (other than of
2  plaintiffs, by agreement) would occur in the Central District.

3      The litigation may be conveniently handled by all parties in this district, given
4  the nature and availability of the pertinent evidence.

5      Should defendant, for whatever reason, desire to take plaintiffs' depositions in
6  the Northern District, plaintiffs are willing to bear any expense or inconvenience
7  which would be entailed by those depositions.

8      Defendant FedEx recognizes that discovery will be, in largest measure,
9  accomplished by production of electronically stored information. In the FedEx Rule
10  26(f) report filed in the *Bibo* action, FedEx stated, on October 9, 2007:

11          FedEx does not anticipate technical issues with respect to
12          the disclosure of electronically stored information or the
13          forms in which they might be requested and produced.

14      A copy of this report is attached as Exhibit 3.

15      In fact, FedEx has recognized the importance of relating this case to the *Bibo*
16  action, pending in this District. Depositions and discovery would be done in that
17  case in this District. FedEx stated in its response in support of relating cases
18  concerning relation of this case to the *Bibo* case:

19          It appears likely that there will be an unduly burdensome
20          duplication of labor and expense or conflicting results if the
21          cases are conducted before different judges.

22      In that document, FedEx further recognizes that "[e]fficiency and the need for
23  consistency of rulings would best be served if resolution of discovery disputes and
24  trial coordination were addressed by a single judge." Since discovery will be taken
25  here in the *Bibo* action, the interests of efficiency and consistency are best secured if
26  all such discovery is commonly handled here.

27      Access to evidence and witnesses does not favor any other district more
28  greatly than the Northern District.

KNAPP,
PETERSEN
& CLARKE

-8-

661810.1  08000/00863

C.     **Interest of Justice**

The interest of justice favors denial of transfer. FedEx argues as its reason for transfer the prevention of the potential for inconsistent adjudications of similar claims and issues. However, this same rationale was cited by FedEx in favor of relating this case to the *Bibo* case.

If this case is transferred to the Central District, the *Bibo* action, as to which FedEx's motion to transfer was previously denied, would continue to pend in this district. Therefore, transfer would not prevent the potential for inconsistent adjudication of similar claims and issues. Transfer would exacerbate those concerns.

FedEx also argues that a transfer would be more efficient. As stated above, FedEx does substantial business in the district, the illegal wage practices alleged in the action occurred in the district, discovery is largely to be completed in an electronic form, and no depositions are expected in the Central District, except if so agreed.

Further, the *Brown* action involves a waiver of a right to jury trial, which contravenes the demand for jury trial in this action. It is certainly not in the interest of justice to require a party to forego a jury right.

D.     **The *Karamian* Case is Irrelevant to this Determination.**

The *Karamian* case has been voluntarily dismissed, with the consent of FedEx, without prejudice. Nothing was decided in that case which binds the parties here. There was no finding on the merits, of any sort. Class issues were not decided.

Given that there is no pending case involving *Karamian* in the Central District, the case is not there to relate this case to; nor is any reason that supports transfer as a result of the previous existence of that case.

FedEx has wildly overstated the import of *Karamian* and misrepresented the procedural track of the case. FedEx goes so far as to claim that plaintiffs have "violated" an order of the court "in a blatant effort to shop for a more favorable forum," contending that the *Karamian* court determined that the three *Karamian*

KNAPP,
PETERSEN
& CLARKE

-9-

1  plaintiffs could only pursue individual actions in the future.  These assertions are

2  each entirely incorrect.

3      No such ruling was ever made.  Attached hereto as Exhibit 4 is a true copy of

4  the docket in the *Karamian* case from the court website.  The docket reflects the

5  following:

6      The case was originally filed on behalf of Ara Karamian, and no other

7  plaintiffs, in Superior Court in Los Angeles County.  FedEx removed the case.  On

8  the court's own motion, the court remanded the state law individual employment

9  claims of plaintiff, Ara Karamian.  The court retained jurisdiction of only the class

10 claims.

11     At the scheduling conference the court stated that a written order would follow

12 containing dates for key litigation events.  The written order which followed

13 contained a motion hearing cutoff date, but no reference to class certification timing,

14 which was discussed at the hearing.

15     Based on an erroneous interpretation of the order, counsel relied on the

16 discovery cutoff date for class certification.

17     FedEx argued to impose the earlier date for class certification, which assertion

18 was granted.  In the interim, plaintiff moved to add Yvette Green and Eugene Colon

19 as plaintiffs.

20     In light of the court's ruling regarding the class certification date, and in light

21 of the pending state court action concerning Ara Karamian's individual rights, and

22 the pendency of this action, plaintiffs determined to voluntarily dismiss their action.

23     The *Forrand* action was already on file at the time of the dismissal.  The

24 voluntary dismissal was entered without prejudice, based on FedEx's agreement that

25 the dismissal was without prejudice, and without any condition.

26     Because the *Forrand* case was already pending, and because the *Karamian*

27 plaintiffs were members of the class which would be certified in the *Forrand* action,

KNAPP,
PETERSEN
& CLARKE

28

-10-

1 an amended complaint was filed adding these three plaintiffs to the *Forrand*
2 complaint.

3      Based on the foregoing, no inference may be properly drawn that this
4 sequence of events was orchestrated in order to manipulate the choice of forum.  In
5 any event, FedEx must certainly recognize that regardless of the outcome of this
6 motion, actions will continue to proceed against it for wage and hour violations in
7 both this district and the Central District.

8                                    **IV.**

9 **FEDEX'S ARGUMENTS CONCERNING THE MERITS OF CERTAIN**
10                **PLAINTIFFS' CLAIMS ARE IMMATERIAL**

11      Plaintiff attempts to argue that certain of the plaintiffs' claims are subject to
12 defenses.  This showing is inappropriate on a motion to transfer.  The procedures of
13 Rule 56 have not been met.  Nor is notice given concerning any ruling which could
14 or should be made concerning these contentions.  Plaintiffs contest these issues and,
15 at the appropriate time, will submit evidence in support of each of plaintiffs' claims.

16                                    **V.**

17                               **CONCLUSION**

18      The motion for transfer should be denied.

19 Dated:  December 27, 2007            KNAPP, PETERSEN & CLARKE

20

21                              By: _____

22                                   André E. Jardini

23

24

25

26

27

28

KNAPP,
PETERSEN
& CLARKE

-11-

# EXHIBIT 1

1     IN THE UNITED STATES DISTRICT COURT

2     FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5     PAUL BIBO, et al.,                    NO. C07-2505 TEH

6                    Plaintiffs,            ORDER DENYING
                                            DEFENDANT'S MOTION TO
7             v.                            TRANSFER VENUE UNDER
                                            28 U.S.C. § 1404(a)
8     FEDERAL EXPRESS, INC.,

9                    Defendant.

10

11

12          This matter came before the Court on Monday September 10, 2007, on a motion to

13   transfer venue under 28 U.S.C. § 1404(a) filed by Defendant Federal Express, Inc.

14   ("FedEx").  Having carefully reviewed the parties' papers, the arguments of counsel, and the

15   record herein, the Court DENIES Defendant's motion for the reasons set forth below.

16

17   **BACKGROUND**

18          Defendant FedEx is a United States corporation headquartered in Memphis,

19   Tennessee, and incorporated in Delaware.  FedEx employs couriers and conducts business

20   throughout the country.  Plaintiffs are former and current FedEx delivery drivers residing in

21   California.

22          Plaintiffs allege violations of the California Labor Code and Business and Professions

23   Code, including malicious and fraudulent failure to pay regular and overtime wages, maintain

24   pay records and make them available for employees' review, and allow meal and rest breaks.

25   Plaintiffs originally filed suit in San Francisco Superior Court on February 28, 2007.

26   Defendant removed the action to this Court under 28 U.S.C. § 1332(d) based on diversity

27   jurisdiction.  Defendant now seeks to transfer venue to the Central District of California

28   under 28 U.S.C. § 1404(a).

*United States District Court*
For the Northern District of California

12

1    Two similar cases are currently pending against FedEx in the Central District of

2  California. FedEx employees filed the first action, *Karamian, et. al., v. Federal Express*

3  *Corp.*, as a class action on March 31, 2006.  In that case, plaintiffs allege nonpayment of

4  wages, wrongful termination, and racial discrimination.  The *Karamian* plaintiffs, however,

5  did not succeed at class certification; the suit will continue as an individual action and is

6  currently set for trial on January 8, 2008, before the Honorable Dale Fischer in the Central

7  District.[1]  The second action, *Brown, et. al., v. Federal Express Corp.*, was filed in Los

8  Angeles Superior Court as a class action on July 3, 2006.  The *Brown* plaintiffs allege that

9  FedEx did not provide meal and rest breaks in violation of the California Labor Code and

10  Business and Professions Code.  Judge Fischer related *Brown* to *Karamian* because she

11  found that both actions called for a similar determination of law and fact and would entail

12  substantial duplication of labor if heard by another judge.

13

14  **LEGAL STANDARD**

15    28 U.S.C. § 1404(a) provides that, "[f]or the convenience of the parties and witnesses,

16  in the interest of justice, a district court may transfer any civil action to any other district or

17  division where it might have been brought." 28 U.S.C. § 1404(a).  To successfully move for

18  transfer under this section, the moving party must establish that the action could originally

19  have been brought in the district to which transfer is sought.  *Commodity Futures Trading*

20  *Comm'n v. Savage*, 611 F. 2d 270, 279 (9th Cir. 1979).  The moving party also bears the

21  burden of "establishing that an action should be transferred." *Los Angeles Memorial*

22  *Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726

23  F. 2d 1381 (9th Cir. 1984).

24

25    [1] FedEx argues briefly in its reply that *Karamian* should be given deference as the
first-filed case because it was filed nine months before this case.  However, since the
26  *Karamian* plaintiffs missed the class certification deadline, the issue is now moot because the
first-to-file rule may only be "invoked when a complaint involving the same parties already
27  been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95
(9th Cir. 1982).  Now that *Karamian* will not proceed as a class action, the parties are not the
28  same as the parties in this case.

*13*

1          In ruling on a motion to transfer, a district court must consider the factors enumerated

2    in § 1404(a) – i.e., convenience of the parties, convenience of the witnesses, and the interests

3    of justice. 28 U.S.C. § 1404(a).  Other relevant factors include: the plaintiff's choice of

4    forum; the local interest in the issue; the relative ease of access to evidence; the availability

5    of compulsory process for unwilling witnesses and the cost involved in securing willing

6    witnesses; and the practical issues that make a case easier or more difficult to try in a given

7    forum, such as familiarity of each forum with applicable law and the relative court

8    congestion. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.

9    1986); *Royal Queenex Enterprises, Inc. v. Sara Lee Corp.*, No. C-99-4787MJJ, 2000 WL

10   246599, at *2 (N.D. Cal. Mar. 1, 2000).  The court has the broad discretion to address these

11   factors based on the particular facts of each case. *E. & J. Gallo Winery v. F.&P. S.p.A.*, 899

12   F. Supp. 465, 466 (E.D. Cal. 1994).

13

14   **DISCUSSION**

15         Neither Plaintiffs nor Defendant disputes that this case could have been brought in

16   either the Central or Northern Districts of California.  Thus, FedEx's motion to transfer turns

17   on whether the Court finds it appropriate to transfer the case to the Central District "[f]or the

18   convenience of the parties and witnesses, in the interests of justice." 28 U.S.C.§ 1404(a).

19       **1. Plaintiffs' Choice of Forum**

20         The plaintiff's choice of forum is afforded substantial weight in the § 1404(a)

21   balancing test, and courts should not generally transfer unless the convenience and justice

22   factors strongly favor the defendant's choice of venue. *Securities Investor Protection Corp.*

23   *v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S.

24   501, 508 (1947)).  Thus, with certain exceptions, "[t]he defendant must make a strong

25   showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal*

26   *Co.*, 805 F.2d at 843.

27         The plaintiff's choice of forum is given less weight where the plaintiff does not reside

28   in the selected forum and the forum has no interest in the alleged unlawful activity. *Chrysler*

United States District Court
For the Northern District of California

3

*14*

United States District Court
For the Northern District of California

1   *Capital Corp. v. Woelhing*, 663 F. Supp. 478, 482 (D. Del. 1987). These exceptions are not

2   applicable here because the named plaintiffs reside in this district, and this Court has a clear

3   interest in protecting such residents against unlawful employment practices.

4        FedEx also argues that the Court should give Plaintiffs' forum choice less deference

5   because this case is a class action. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

6   However, Plaintiffs' choice of forum remains significant in a class action where it is

7   preferable to other forums in administering the action and protecting the class. *National*

8   *Super Spuds, Inc. v. New York Mercantile Exchange*, 425 F.Supp 665, 668 (S.D.N.Y. 1977)

9   (citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 526 (1947)). The Northern

10  District of California is preferable to the Central District because all of the named plaintiffs

11  live in this district, as do many of the other important witnesses, such as FedEx's human

12  resources representatives and managers. As a result, the Court gives Plaintiffs' choice of

13  forum deference, which weighs against transfer.

14       **2. Convenience of the Parties**

15       It is not disputed that the named plaintiffs live in the San Francisco Bay Area and that

16  Defendant is headquartered in Tennessee. Thus, the Northern District of California is no

17  more or less convenient for Defendant than the Central District. The Northern District of

18  California is, however, more convenient to the named plaintiffs since they all reside here.

19  While it may be more convenient for FedEx to litigate in the Central District because defense

20  counsel is located there, "convenience of counsel is not a consideration in determining

21  whether to transfer an action." *E. & J. Gallo Winery*, 899 F.Supp. at 466; *accord In re*

22  *Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003); *Solomon v. Continental Am.*

23  *Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973). Given that Defendant has not described

24  any real inconvenience that would result for the parties if the motion is denied, the Court

25  finds that this factor does not weigh in favor of transfer.

26       **3. Convenience of the Witnesses and Access to Evidence**

27       The Court also finds that FedEx has failed to meet its burden regarding the

28  convenience of the witnesses and access to evidence. "To demonstrate an inconvenience to

*15*

1  witnesses, the moving party must identify relevant witnesses, state their location, and

2  describe their testimony and its relevance." *Sec. & Exch. Comm'n v. Rose Fund, LLC*, No.

3  C 03-04593WHA, 2004 WL 2445242, at *3 (N.D. Cal. Jan. 9, 2004); *see also Royal*

4  *Queentex,* 2000 WL 246599 at *6.

5      Defendant, however, failed to identify any relevant witnesses that would be

6  inconvenienced by a trial in the Northern District. FedEx concedes that both venues are

7  equally convenient or inconvenient for the witnesses based at the company's headquarters in

8  Tennessee, and the company named no specific witnesses that live outside the Northern

9  District. Defendant pointed only to the fact that if a class is ultimately certified there may be

10  more class members located in southern California because, as of August 15, 2007, 63% of

11  all active FedEx couriers in California are employed there. However, the fact that slightly

12  more than a majority of couriers are currently employed in southern California has no

13  bearing on the convenience of the forum to the named plaintiffs who will ultimately be

14  representing the class's interests. Defendant's willingness to take the named plaintiffs'

15  depositions in the Northern District and to "bear the inconvenience" to any FedEx employees

16  who may have to travel from the San Francisco Bay Area if the action is transferred similarly

17  do not weigh in favor of transfer. Finally, FedEx failed to establish that there are any

18  voluminous documents the parties must exchange or that there is any evidence in the Central

19  District that would need to be transferred to San Francisco. Therefore, this factor does not

20  weigh in favor of transfer.

21      **4. Interests of Justice**

22      Defendant's primary argument is that transferring the case will serve the interests of

23  justice. In determining whether a case should be transferred based on the interests of justice,

24  the Court can consider whether transfer will avoid duplicative litigation, affect judicial

25  economy, and limit waste of time and money. *Van Dusen v. Barrack*, 376 U.S. 612, 616

26  (1964). FedEx argues that because there are two related actions already pending against it in

27  the Central District, this Court should transfer the case there to prevent duplication of efforts

28  and inconsistent legal results related to the class actions.

*16*

United States District Court
For the Northern District of California

1    FedEx's argument is not ultimately persuasive. Although *Karamian* was filed as a

2   class action, the plaintiffs failed to move for class certification before the court's deadline.

3   As a result, *Karamian* is continuing as an individual action on behalf of only three named

4   plaintiffs, and there is no remaining threat of inconsistent adjudication regarding which

5   plaintiffs are part of the class or on the class certification issue. Although the potential for

6   inconsistent rulings persists on pre-trial disputes or on the case's final disposition, FedEx has

7   failed to provide the Court with any specific information that indicates there is a high risk for

8   inconsistent adjudication. Additionally, such inconsistencies can only be avoided if the

9   Court assumes that Judge Fischer will relate *Bibo* to *Karamian* and *Brown*, which is

10  speculative at this point. The Court can also avoid duplicative discovery by coordinating

11  discovery with the actions pending before Judge Fischer in the Central District. In light of all

12  of the above, the interests of justice weigh in favor of transfer, but only slightly.

13

14  **CONCLUSION**

15    In sum, the Court finds that FedEx has not made "a strong showing of inconvenience

16  to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843. The

17  interests of justice are not strong enough to overcome the deference the Court must give to

18  Plaintiffs' forum choice, and Defendant has not demonstrated that maintaining the venue in

19  the Northern District will result in any inconvenience to the parties or witnesses.

20  Accordingly, with good cause appearing, IT IS HEREBY ORDERED that Defendant's

21  motion to transfer venue is DENIED.

22

23  **IT IS SO ORDERED.**

24

25  Dated:   10/09/07

26                              THELTON E. HENDERSON, JUDGE
                                UNITED STATES DISTRICT COURT

27

28

6

*17*

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 06-4345 DSF (PJWx) | Date    October 29, 2007 |
| Title | ARA KARAMIAN -v- FEDERAL EXPRESS CORPORATION, et al. | |

Present: The
Honorable          DALE S. FISCHER, UNITED STATES DISTRICT JUDGE

| Cheryl Smith-Lintner | Pamela Seijas |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Andre Jardini | Stacey Jue |

**Proceedings:**      PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT
PREJUDICE [#67]

    The case is called and counsel state their appearances.  After brief oral argument based on the agreement of defense counsel, the Court GRANTS Plaintiff's Motion for Voluntary Dismissal Without Prejudice.

0/02

Initials of Deputy Clerk      CASL

*18*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**PRIORITY SEND**
**JS-6**

| Case No. | CV 06-4345 DSF (PJWx) | Date | October 29, 2007 |
|---|---|---|---|

Title: ARA KARAMIAN -v- FEDERAL EXPRESS CORPORATION, et al.

Present: The Honorable    DALE S. FISCHER, UNITED STATES DISTRICT JUDGE

| Cheryl Smith-Lintner | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:    (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (filed 9/24/07)

Based on the agreement of defense counsel, the motion is granted without conditions.

Initials of Deputy Clerk    CASL

19

# EXHIBIT 3

1  SANDRA C. ISOM, Bar No. 157374
   FEDERAL EXPRESS CORPORATION
2  3620 Hacks Cross Road
   Building B, Third Floor
3  Memphis, Tennessee 38125
   Telephone:    901-434-8526
4  Fax No.:       901-434-9271
   E-mail: scisom@fedex.com
5
   KEITH A JACOBY, Bar No. 150233
6  LITTLER MENDELSON
   A Professional Corporation
7  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067-3107
8  Telephone:    310-553-0308
   Fax No.:       310-553-5583
9  E-mail: kjacoby@littler.com

10 Attorneys for Defendant
   FEDERAL EXPRESS CORPORATION

11              UNITED STATES DISTRICT COURT

12        FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14 PAUL BIBO, an individual, and       Case No. C 07-02505 TEH
   GEORGIA SHIELDS, an individual,
15 and ALEX GALVEZ, an individual,
   MARC GARVEY, an individual;        **DEFENDANT FEDERAL EXPRESS**
16 BRYAN PETER, an individual,        **CORPORATION'S RULE 26(F)**
   individually and on behalf of all  **REPORT**
17 other similarly situated,
                                      CMC: October 15, 2007
18              Plaintiffs,           Time: 1:30 p.m.

19        v.                          Trial Date: None Set

20 FEDERAL EXPRESS INC., a
   Delaware Corporation, and DOES
21 1-500, inclusive,

22              Defendants.

23

24

25

26

27

28

20

1        Defendant, Federal Express Corporation (FedEx) files this proposed Rule 26(f)

2    report, having been unable to confer with Plaintiff's counsel despite attempts to do so.

3        1) Rule 26(a)(1) disclosures should be completed by November 15, 2007.

4        2) Discovery is necessary with respect to proposed certification and merits

5           (liability and damages) and should initially focus on certification. Discovery

6           should be completed by April 30, 2008.

7        3) FedEx does not anticipate technical issues with respect to the disclosure of

8           electronically stored information or the forms in which they might be

9           requested and produced.

10       4) FedEx recommends an agreement regarding the return of any inadvertently

11          disclosed information.

12       5) No changes in the limitations on discovery imposed under the rules should

13          be imposed.

14       6) No other orders under rule 26(c) or Rule 16 (b) and (c) are suggested.

15

16

17   Dated: October 9, 2007

18

19                           /s/ Sandra C. Isom

20                           SANDRA C. ISOM
                          FEDERAL EXPRESS CORPORATION

21                           and

22                           KEITH A. JACOBY
                          LITTLER MENDELSON

23                           A Professional Corporation

24                           Attorneys for Defendant
                          FEDERAL EXPRESS CORPORATION

25

26   Doc. No. 700699

27

28

                        2    FEC's Rule 26 Report-C07-02505 TEH

21

# EXHIBIT 4

(PJWx), CLOSED, DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:06-cv-04345-DSF-PJW

Ara Karamian v. Federal Express Corporation et al
Assigned to: Judge Dale S. Fischer
Referred to: Magistrate Judge Patrick J. Walsh
Related Case: 2:07-cv-05011-DSF-PJW
Case in other court: Los Angeles Superior Court, 282300
                Los Angeles County Superior Court,
                BC353204
Cause: 28:1441 Notice of Removal - Civil Rights Act

Date Filed: 07/11/2006
Date Terminated: 10/29/2007
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

## Plaintiff

**Ara Karamian**
*an individual, on behalf of himself and
all other similarly situated*

represented by **Andre E Jardini**
Knapp Petersen & Clarke
500 N Brand Blvd, 20th Floor
Glendale, CA 91203-1094
818-547-5000
Email: aej@kpclegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glen R Bregman**
Glen R Bregman Law Offices
16633 Ventura Blvd
Suite 900
Encino, CA 91436
818-981-9794
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S Duberchin**
Michael S Duberchin Law Offices
500 North Brand Boulevard
20th Floor
Glendale, CA 91203
818-246-8487
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Plaintiff

**Yvette Green**
*individuals, on behalf of themselves and
all others similarly situated*

represented by **Andre E Jardini**
(See above for address)
*LEAD ATTORNEY*

*22*

*ATTORNEY TO BE NOTICED*

**Glen R Bregman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gwen E Freeman**
Knapp Petersen & Clarke
500 N Brand Blvd, 20th Fl
Glendale, CA 91203-1094
818-547-5000
Fax: 818-547-5329
Email: gf@kpclegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S Duberchin**
Michael S Duberchin Law Offices
500 North Brand Boulevard, 20th Floor
Glendale, CA 91203
818-222-7484
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eugene Colon**
*individuals, on behalf of themselves and
all others similarly situated*

represented by **Andre E Jardini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Glen R Bregman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gwen E Freeman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S Duberchin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Federal Express Corporation**

represented by **Janine C Sun**

23

Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
310-553-0308
Email: jsun@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Keith A Jacoby**
Littler Mendelson
2049 Century Park E, 5th Fl
Los Angeles, CA 90067-3107
310-553-0308
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard S McConnell, Jr**
Federal Express Corporation
Bldg B Legal Dept
3620 Hacks Cross Road, 3rd Floor
Memphis, TN 38125
901-434-8375
Email: richard.mcconnell@fedex.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sandra C Isom**
Federal Express Corporation
Bldg B - Legal Dept
3620 Hacks Cross Rd, 3rd Fl
Memphis, TN 38125
901-434-8375
Email: scisom@fedex.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Does**
*1 through 50, inclusive*

**Defendant**
**Robert Seymour**                    represented by  **W Joseph Strapp**
                                      Strapp and Strapp
                                      11355 West Olympic Boulevard, Suite 400
                                      Los Angeles, CA 90064
                                      310-445-2323
                                      Email: jstrapp@strapplaw.com
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

24

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/2006 | 1 | NOTICE OF REMOVAL from Los Angeles County Superior Court, case number BC353204 with copy of summons and complaint.Case assigned to Judge J. Spencer Letts, Discovery to Magistrate Judge Patrick J. Walsh. (Filing fee $ 350 ), filed by defendant Federal Express Corporation.(rrey, ) (Entered: 07/17/2006) |
| 07/11/2006 | | CONFORMED COPY OF ANSWER to Complaint, re Notice of Removal, [1] filed in state court on 7/10/06 by defendant Federal Express Corporation.(rrey, ) (Entered: 07/17/2006) |
| 07/11/2006 | 2 | NOTICE AND CERTIFICATION of Interested Parties filed by Defendant Federal Express Corporation. (rrey, ) (Entered: 07/17/2006) |
| 07/11/2006 | 3 | DECLARATION of Keith Jacoby filed by Defendant Federal Express Corporation. (rrey, ) (Entered: 07/17/2006) |
| 07/11/2006 | 4 | DISCLOSURE STATEMENT filed by Defendant Federal Express Corporation identifying FedEx Corporation as Corporate Parent. (rrey, ) (Entered: 07/17/2006) |
| 07/11/2006 | 5 | NOTICE OF LODGING AUTHORITIES in support of Notice of Removal filed by defendant Federal Express Corporation. (rrey, ) (Entered: 07/17/2006) |
| 07/11/2006 | | FAX number for Attorney Keith A Jacoby, Janine C Sun is 310-553-5583. (rrey, ) (Entered: 07/17/2006) |
| 07/11/2006 | | FAX number for Attorney Sandra C Isom is 901-434-9279. (rrey, ) (Entered: 07/17/2006) |
| 07/11/2006 | | FAX number for Attorney Andre E Jardini is 818-547-5329. (rrey, ) (Entered: 07/17/2006) |
| 07/11/2006 | 8 | NOTICE of Related Case(s) filed by defendant Federal Express Corporation. Related Case(s): Los Angeles Superior Court Case No. BC 282300 (stsh, ) (Entered: 07/18/2006) |
| 07/12/2006 | 6 | DECLARATION of JANINE C. SUN OF FILING Notice To State Court of Removal to Federal Court [1] filed by Defendant Federal Express Corporation. (yl, ) (Entered: 07/17/2006) |
| 07/12/2006 | 7 | NOTICE TO ADVERSE PARTY OF REMOVAL Of Civil Action to Federal Court filed by Defendant Federal Express Corporation. (yl, ) (Entered: 07/17/2006) |
| 07/12/2006 | 9 | PROOF OF SERVICE By Mail filed by defendant Federal Express Corporation, re Notice of Removal of Action [1], Notice and Certification of Interested Parties[2], Declaration of Keith Jacoby in Support Thereof [3], (see document for further details,) served on 7/12/2006. (pcl, ) (Entered: 07/19/2006) |

25

| 07/24/2006 | 10 | ORDER RETURNING CASE FOR REASSIGNMENT by Judge J. Spencer Letts. ORDER case returned to the Clerk for random reassignment pursuant to General Order 224. Case randomly reassigned from Judge J. Spencer Letts and Patrick J. Walsh to Judge Dale S. Fischer and Patrick J. Walsh for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 06-4345 DSF (PJWx).(rn, ) (Entered: 07/24/2006) |
|---|---|---|
| 07/24/2006 | 14 | DEMAND for Jury Trial filed by Plaintiff Ara Karamian.. (yl, ) (Entered: 08/01/2006) |
| 07/25/2006 | 11 | STANDING ORDER by Judge Dale S. Fischer. (sae) (Entered: 07/26/2006) |
| 07/25/2006 | 12 | NOTICE TO PARTIES OF ADR PILOT PROGRAM - Transferred Case filed. Counsel is directed to file the Questionnaire with the Court five days before the Federal Rule of Civil Procedure 26(f) meeting of parties. (sae) (Entered: 07/26/2006) |
| 07/25/2006 | 13 | ORDER SETTING SCHEDULING CONFERENCE by Judge Dale S. Fischer : This case has been reassigned to Judge Dale S. Fischer. If plaintiff has not already served the operative complaint on all defendants, plaintiff shall promptly do do and shall file proofs of service within three days thereafetr. (See document for further details) Scheduling Conference set for 9/25/2006 11:00 AM before Judge Dale S. Fischer.(yl, ) (Entered: 07/26/2006) |
| 08/11/2006 | 15 | NOTICE TO PARTIES that reference to the ADR Pilot Program is vacated. Further settlements procedures shall be pursuant to Local Rule 16-14.(pcl, ) (Entered: 08/11/2006) |
| 08/21/2006 | 18 | ANSWER to Complaint filed by defendant Robert Seymour.(pcl, ) (Entered: 08/24/2006) |
| 08/21/2006 |  | FAX number for Attorney William Joseph Strapp is 310-445-2324. (pcl, ) (Entered: 08/24/2006) |
| 08/21/2006 | 19 | NOTICE of Interested Parties filed by Defendant Robert Seymour. (pcl, ) (Entered: 08/24/2006) |
| 08/22/2006 | 16 | MINUTES (IN CHAMBERS) by Judge Dale S. Fischer: The Court orders defendant to show cause in writing no later than 9/12/2006 why this action should not be remanded for the reasons noted above. (See document for further details.)Court Reporter: Not Present. (pcl, ) (Entered: 08/23/2006) |
| 08/22/2006 | 17 | STIPULATION Re Dismissal of Defendant Robert Seymour from Fifth and Sixth Causes of Action AND ORDER by Judge Dale S. Fischer: Based on the foregoing stiuplation, Defendant Robert Seymour is hereby ORDERED dismissed from Plaintiffs fifth and sixth causes of aciton for discrimination. (pcl, ) (Entered: 08/23/2006) |
| 08/24/2006 | 20 | MOTION to Remand; Declaration of Andre E Jardini filed by plaintiff Ara Karamian. Motion set for hearing on 9/18/2006 at 01:30 PM before |

26

| | | |
|---|---|---|
| | | Judge Dale S. Fischer. (pcl, ) (Entered: 08/31/2006) |
| 08/24/2006 | 21 | NOTICE OF MOTION to Remand [20] filed by plaintiff Ara Karamian. Motion set for hearing on 9/18/2006 at 01:30 PM before Judge Dale S. Fischer. (pcl, ) (Entered: 08/31/2006) |
| 08/25/2006 | 23 | AMENDED PROOF OF SERVICE by mail filed by Plaintiff Ara Karamian of Notice of Motion to Remand [21], and Motion to Remand, declaration of Andre E. Jardini [20], were served on 8/24/2006. (gk, ) (Entered: 09/05/2006) |
| 08/30/2006 | 22 | STIPULATION AND ORDER by Judge Dale S. Fischer: Plaintiffs MOTION to Remand [20] is rescheduled to 10/2/2006 at 01:30 PM, with the opposition brief due on 9/18/2006 and the reply brief due on 9/25/2006. (pcl, ) (Entered: 08/31/2006) |
| 09/12/2006 | 25 | RESPONSE to Order to Show Cause regarding Remand to State Court 16 filed by Defendant Federal Express Corporation. (jp) (Entered: 09/22/2006) |
| 09/13/2006 | 24 | MINUTES (IN CHAMBERS) by Judge Dale S. Fischer: The Court, on its own motion, continues the MOTION to Remand [20] to 10/2/2006 at 01:30 PM before Judge Dale S. Fischer.Court Reporter: Not Present. (pcl, ) (Entered: 09/14/2006) |
| 09/13/2006 | 26 | NOTICE of Continuance of Scheduling Conference filed by plaintiff Ara Karamian. (jp) (Entered: 09/22/2006) |
| 09/18/2006 | 27 | OPPOSITION to Plaintiff MOTION to Remand [20] filed by defendant Federal Express Corporation. (jp) (Entered: 09/25/2006) |
| 09/18/2006 | 28 | DECLARATION of RICHARD S. McCONNELL in support of Opposition to Plaintiff MOTION to Remand [20] filed by defendant Federal Express Corporation. (jp) (Entered: 09/25/2006) |
| 09/18/2006 | 29 | DECLARATION of SHARON D. JONES in support of Opposition to Plaintiff MOTION to Remand [20] filed by defendant Federal Express Corporation. (jp) Modified on 9/25/2006 (jp, ). (Entered: 09/25/2006) |
| 09/20/2006 | 30 | NOTICE of Association of Counsel associating attorney Glen R Bregman on behalf of Plaintiff Ara Karamian Filed by plaintiff Ara Karamian (lc, ) (Entered: 09/26/2006) |
| 09/20/2006 | | FAX number for Attorney Glen R Bregman is 818-981-9807. (lc, ) (Entered: 09/26/2006) |
| 09/25/2006 | 31 | REPLY Memorandum in Support of MOTION to Remand [20] filed by plaintiff Ara Karamian. (pcl, ) (Entered: 09/28/2006) |
| 09/29/2006 | 35 | JOINT REPORT Rule 26(f) Discovery Plan filed; estimated length of trial 8-10 days. (bp, ) (Entered: 10/06/2006) |
| 10/02/2006 | 32 | MINUTES (IN CHAMBERS) by Judge Dale S. Fischer: Defendant is ordered to show cause in writing, no later than 10/23/2006 why this action should not be remanded for lack of minimal diversity. Plaintiffs |

27

| | | |
|---|---|---|
| | | Motion to Remand is DENIED with respect to the first, second and ninth causes of action on the condition that Defendant adequately establishes its prinicipal place of business in compliance with the terms of this Order. The Motion is GRANTED as to the third through eighth causes of action. (See doucment for further details.)Court Reporter: Not Present. (pcl, ) (Entered: 10/03/2006) |
| 10/02/2006 | 33 | MINUTES OF Scheduling Conference held before Judge Dale S. Fischer: Case called. Court sets dates. See Jury Trial Order. Court Reporter: Pamela Seijas. (pcl, ) (Entered: 10/04/2006) |
| 10/04/2006 | 34 | ORDER RE JURY TRIAL by Judge Dale S. Fischer: Order Re Deadlines: Adding Parties or Amending Pleadings: 2/26/2007. Discovery cut-off: 10/1/2007. Expert Witness Exchange Deadlines: Initial 10/29/07; Rebuttal 11/12/2007; Cut-off 12/19/2007. Motion Hearing Cut-off: 10/15/2007. Settlement Conference Cut-off: 10/29/2007. Final Pretrial Conference set for 12/10/2007 at 3:00 PM. Jury Trial set for 1/8/2009 at 8:00 AM (Estimate - 8-10 days). (See document for further details.) (pcl, ) (Entered: 10/05/2006) |
| 10/17/2006 | 36 | APPLICATION for attorney Richard S McConnell to Appear Pro Hac Vice. FEE PAID. Filed by Defendant Federal Express Corporation. Lodged proposed order. (mg, ) Modified on 10/23/2006 (mg, ). (Entered: 10/23/2006) |
| 10/23/2006 | 40 | RESPONSE to Order to Show Cause regarding Remand to State Court 32 filed by Defendant Federal Express Corporation(ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 41 | DECLARATION of Amanda Adams in support of its Response to Order to Show Cause [40] filed by Defendant Federal Express Corporation. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 42 | DECLARATION of Kathryn R Young in support of its Response to order to show cause [40] filed by Defendant Federal Express Corporation. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 43 | DECLARATION of Richard S McConnell in support of its Response to Order to Show Cause [40] filed by Defendant Federal Express Corporation. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 44 | DECLARATION of Robert T Molinet in support of its Response to Order to Show Cause [40] filed by Defendant Federal Express Corporation. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 45 | DECLARATION of Donald C Colvin in support of its Response to Order to Show Cause [40] filed by Defendant Federal Express Corporation. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 46 | DECLARATION of David F Leech in support of its Response to Order to Show Cause [40] filed by Defendant Federal Express Corporation. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 47 | DECLARATION of Flynn Wallace in support of its Response to Order |

28

| | | |
|---|---|---|
| | | to Show Cause [40] filed by Defendant Federal Express Corporation. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 48 | DECLARATION of Allen W Burgess in support of its Response to Order to Show Cause [40] filed by Defendant Federal Express Corporation. (ir, ) (Entered: 11/07/2006) |
| 10/23/2006 | 49 | DECLARATION of Lady J Swift-Smith in support of its Response to Order to Show Cause [40] filed by Defendant Federal Express Corporation. (ir, ) (Entered: 11/07/2006) |
| 10/24/2006 | 37 | AMENDED RESPONSE to Order to Show Cause Re Remand to State Court 32 filed by Defendant Federal Express Corporation.(pcl, ) (Entered: 10/27/2006) |
| 10/24/2006 | 38 | DECLARATION of John W Bell in Support of Response to Order to Show Cause filed by Defendant Federal Express Corporation. (pcl, ) (Entered: 10/27/2006) |
| 10/30/2006 | 39 | MINUTES (IN CHAMBERS) by Judge Dale S. Fischer: The Court finds that defendant has shown jurisdiction is proper. The Order to Show Cause is DISCHARGED. Court Reporter: Not Present. (pcl, ) (Entered: 11/01/2006) |
| 01/18/2007 | 50 | NOTICE OF MOTION AND MOTION to Add Plaintiff Yvette Green and Plaintiff Eugene Colon filed by plaintiff Ara Karamian. Motion set for hearing on 2/26/2007 at 01:30 PM before Judge Dale S. Fischer. Lodged proposed order. (pcl, ) (Entered: 01/26/2007) |
| 01/18/2007 | 51 | MEMORANDUM of Points and Authorities in Support of MOTION to Add Plaintiff Yvette Green and Plaintiff Eugene Colon[50] filed by plaintiffs. (pcl, ) (Entered: 01/26/2007) |
| 01/18/2007 | 52 | DECLARATION of Gwen Freeman in Support of MOTION to Add Plaintiff Yvette Green and Plaintiff Eugene Colon[50] filed by plaintiffs (pcl, ) (Entered: 01/26/2007) |
| 01/31/2007 | 53 | TRANSCRIPT filed for proceedings held on 10/2/2006. Court Reporter: Pamela A. Seijas. (tad, ) (Entered: 02/05/2007) |
| 02/15/2007 | 54 | MINUTES (IN CHAMBERS) by Judge Dale S. Fischer: Order GRANTING Plaintiffs MOTION to Add Plaintiff Yvette Green and Plaintiff Eugene Colon[50]. The hearing set for 2/26/2007 is removed from the Courts calendar. The Motion to Add Plaintiff Yvette Green and Plaintiff Eugene Colon is GRANTED, and the Amended Complaint is to be deemed filed and served. (See document for further details.) Court Reporter: Not Present. (pcl, ) (Entered: 02/16/2007) |
| 05/24/2007 | 55 | SUPPLEMENTAL CERTIFICATION as to Interested Parties filed by Defendant Federal Express Corporation. (ca ) (Entered: 05/30/2007) |
| 06/19/2007 | 56 | NOTICE of Unavailability of Richard S. McConnell; filed by defendant (ear) (Entered: 07/05/2007) |
| | | |

29

| 08/13/2007 | 57 | SECOND SUPPLEMENTAL Certification as to Interested Parties [2] filed by Defendant Federal Express Corporation. (pcl) (Entered: 08/14/2007) |
|---|---|---|
| 08/16/2007 | 58 | Supplemental NOTICE of Related Case(s) filed by Defendant Federal Express Corporation. Related Case(s): CV07-5011-GPS (SSx) (CD/CA); CV07-2505-TEH (ND/CA) (rb) (Entered: 08/28/2007) |
| 08/20/2007 | 59 | NOTICE OF MOTION AND MOTION for Clarification of Scheduling Order or to Amend Scheduling Order; filed by plaintiffs; motion hearing set for 9/10/2007 at 01:30 PM before Judge Dale S. Fischer. (pp) (Entered: 08/28/2007) |
| 08/20/2007 | 60 | DECLARATION of Andre E. Jardini Motion for Clarification or to Amend Scheduling Order filed by Plaintiffs. (pp) (Entered: 08/28/2007) |
| 08/23/2007 | 61 | OPPOSITION to MOTION for Clarification of or to Amend the Scheduling Order, filed by Defendant Federal Express Corporation. (pp) (Entered: 08/28/2007) |
| 08/23/2007 | 62 | DECLARATION of Richard S. McConnell in support of defendants' opposition to plaintiffs' motion for clarification of or to amend scheduling order; filed by Defendant Federal Express Corporation. (pp) (Entered: 08/28/2007) |
| 08/31/2007 | 65 | PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION to MOTION FOR CLARIFICATION OF SCHEDULING ORDER, OR TO AMEND SCHEDULING ORDER, Set Deadlines/Hearings,[59] filed by Plaintiff Ara Karamian. (sd) (Entered: 09/05/2007) |
| 08/31/2007 | 66 | SUPPLEMENTAL DECLARATION of ANDRE E. JARDINI IN SUPPORT OF MOTION FOR CLARIFICATION /OR TO AMEND SCHEDULING ORDER,, Set Deadlines/Hearings,[59] filed by Plaintiff Ara Karamian. (sd) (Entered: 09/05/2007) |
| 09/05/2007 | 63 | MINUTE ORDER (In Chambers) Order taking Plaintiff's Motion for Clarification set for 9/1/07 at 1:30 p.m. is off-calendar and under submission. Court Reporter: n/a. (pp) (Entered: 09/05/2007) |
| 09/05/2007 | 64 | MINUTE ORDER (In Chambers) Order Denying Plaintiffs' Motion for Clarification or to Amend Scheduling Order [59] (pp) (Entered: 09/05/2007) |
| 09/24/2007 | 67 | NOTICE OF MOTION AND MOTION for Voluntary Dismissal Without Prejudice filed by plaintiffs Yvette Green, Eugene Colon, Ara Karamian.Motion set for hearing on 10/29/2007 at 01:30 PM before Judge Dale S. Fischer. (ad) (Entered: 10/02/2007) |
| 09/24/2007 | 68 | DECLARATION of Andre E Jardini in support of MOTION for Voluntary Dismissal Without Prejudice [67] filed by Plaintiffs Yvette Green, Eugene Colon, Ara Karamian. (ad) (Entered: 10/02/2007) |
| 09/24/2007 | 69 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of MOTION for Voluntary Dismissal Without Prejudice [67] filed by |

30

| | | Plaintiffs Yvette Green, Eugene Colon, Ara Karamian. (ad) (Entered: 10/02/2007) |
|---|---|---|
| 10/11/2007 | 70 | OPPOSITION to MOTION to Dismiss Case[67] filed by Defendant Federal Express Corporation. (rb) (Entered: 10/17/2007) |
| 10/11/2007 | 71 | DECLARATION of Richard S. McConnell in support of Defendant's Response to Plaintiffs' MOTION to Dismiss Case[67] filed by Defendant Federal Express Corporation. (rb) (Entered: 10/17/2007) |
| 10/22/2007 | 72 | MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION to Dismiss Case[67] filed by Plaintiffs Yvette Green, Eugene Colon, Ara Karamian. (bp) (Entered: 10/24/2007) |
| 10/29/2007 | 73 | MINUTES OF IN CHAMBERS ORDER by Judge Dale S. Fischer : GRANTING MOTION for Voluntary Dismissal wihtout prejudice [67]. (csl) (Entered: 10/30/2007) |
| 10/29/2007 | 74 | MINUTES (IN CHAMBERS ORDER) held before Judge Dale S. Fischer: Proceedings: Granting Plaintiff's MOTION For Voluntary Dismissal Without Prejudice [67]. Based on the agreement of defense counsel, the motion is granted without conditions. (Made JS-6. Case Terminated.) (mg) (Entered: 10/30/2007) |
| 10/29/2007 | 75 | MINUTES OF Motion Hearing held before Judge Dale S. Fischer: Proceedings: Plaintiff's MOTION for Voluntary Dismissal Without Prejudice [67]. The case is called and counsel state their appearances. After brief oral argument based on theagreement of defense counsel, the Court GRANTS Plaintiff's Motion for Voluntary Dismissal WithoutPrejudice. Court Reporter: Pamela Seijas. (mg) (Entered: 10/31/2007) |
| 10/30/2007 | 76 | JUDGMENT OF DISMISSAL by Judge Dale S. Fischer: This action came on for hearing before the Court on October 29, 2007, the Honorable Dale S. Fischer, District Judge, Presiding. The Court ordered that the case be dismissed without prejudice as to all defendants. The argument and evidence having been presented and fully considered, the issues having been duly heard and a decision having been duly rendered, IT IS ORDERED AND ADJUDGED that the plaintiff take nothing, that the action be dismissed without prejudice. (mg) (Entered: 11/01/2007) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/20/2007 11:58:40 | | | |
| **PACER Login:** | kp0056 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-04345-DSF-PJW |

*31*

| Billable Pages: | 6 | Cost: | 0.48 |

*32*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 500 North Brand Boulevard, 20th Floor, Glendale, California 91203-1904. On December 28, 2007, I caused the foregoing document(s) described as PLAINTIFFS' OPPOSITION TO DEFENDANT FEDERAL EXPRESS CORPORATION'S MOTION TO TRANSFER VENUE to be served on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelope(s) addressed as stated on the attached mailing list.

[X]    **BY MAIL:** I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Glendale, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

[X]    **BY FED EX:** I caused such envelope to be placed for collection and delivery on this date in accordance with standard Federal Express delivery procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 28, 2007, at Glendale, California.

Mindy Menahen
(Type or print name)                        (Signature)

551965.1  08000/00863

1                              **SERVICE LIST**

2

3    Glen Robert Bregman, Esq.
       Law Offices of Glen Robert Bregman
4    16633 Ventura Boulevard
       Suite 1240
5    Encino, CA 91436
       TEL: (818) 981-9793
6    FAX: (818) 981-9807
       (Via U.S. Mail)

7

8    Michael S. Duberchin Esq.
       Law Offices of Michael S. Duberchin
       500 North Brand Boulevard
9    20th Floor
       Glendale, CA 91203
10   TEL: (818) 246-8487 ; (818)222-7484
      FAX: (818) 246-6277
11   (Via U.S. Mail)

12   Sandra C. Isom, Esq.
      FEDERAL EXPRESS CORPORATION
13   3620 Hacks Cross Road
      Building B, 3rd Floor
14   Memphis, TN 38125
      TEL: (901) 434-8526
15   FAX: (901) 434-9271
      (Via Federal Express)

16

17   Keith A. Jacoby, Esq.
      LITTLER MENDELSON
      2049 Century Park East
18   5th Floor
      Los Angeles, CA 90067
19   TEL: (310) 553-0308
      FAX: (310) 553-5583
20   (Via Federal Express)

21

22

23

24

25

26

27

28

551965.1  08000/00863