1  SANDRA C. ISOM, Bar No. 157374
   E-mail:  scisom@fedex.com
2  FEDERAL EXPRESS CORPORATION
   3620 Hacks Cross Road
3  Building "B", Third Floor
   Memphis, Tennessee 38125
4  Telephone:   901/434-8526
   Fax No.:      901/434-9271
5
   KEITH A JACOBY, Bar No. 150233
6  E-mail:  kjacoby@littler.com
   LITTLER MENDELSON
7  A Professional Corporation
   2049 Century Park East, 5th Floor
8  Los Angeles, CA  90067.3107
   Telephone:   310/553-0308
9  Fax No.:      310/553-5583

10
   Attorneys for Defendant
11 FEDERAL EXPRESS CORPORATION

12 ANDRÉ E. JARDINI
   E-mail:  aej@kpclegal.com
13 KNAPP, PETERSEN & CLARKE
   500 North Brand Boulevard, 20th floor
14 Glendale, CA 91203-1904
   Telephone:  818/547-5000
15 Fax No.:  818/547-5329

16 Attorneys for Plaintiff DANIEL FORRAND, on behalf
   of himself, and all others similarly situated

17                 UNITED STATES DISTRICT COURT

18               NORTHERN DISTRICT OF CALIFORNIA

19

| 20  DANIEL FORRAND, ARA | Case No. C 07 4674-TEH |
| KARAMIAN, YVETTE GREEN, | |
| and EUGENE COLON, on behalf of | |
| themselves and all others similarly | JOINT CASE MANAGEMENT |
| situated, | CONFERENCE STATEMENT |
| Plaintiffs, | |
| v. | CMC:          January 14, 2008 |
| | Time:          10:00 a.m. |
| FEDERAL EXPRESS | Trial Date:    None Set |
| CORPORATION, | |
| Defendant. | |

Defendant, Federal Express Corporation (FedEx) and Plaintiffs file this proposed separate Joint Case Management Conference Statement.

1.    Jurisdiction and Service: Jurisdiction is based upon diversity and the Class Action Fairness Act.  No parties remain to be served.  FedEx's motion to transfer venue to the Central District is pending.  Plaintiffs assert that the motion will be timely opposed.

2.    Facts: Plaintiffs make claims for violations of California wage and hour laws.  Plaintiffs claim that they were denied required meal and rest breaks in violation of California law, denied wages for hours worked and that their activities during unpaid breaks were controlled by FedEx so that they should be compensated for this time.  Plaintiffs seek to represent all non-exempt current and former hourly employees, except couriers, courier/handlers and customer service agents employed in the State of California who were part of the *Foster v. FedEx* settlement of similar claims.  FedEx denies the allegations and denies that Plaintiffs' complaint seeks to exclude only those couriers, courier/handlers and customer service agents who were part of the *Foster v. FedEx* settlement as opposed to all couriers, courier/handlers and customer service agents.  Principal factual disputes: 1) (Plaintiff claims) whether FedEx ensures and provides meal and rest periods as mandated by state law and has paid for hours worked by its employees; 2) (FedEx claims) whether FedEx provides meal and rest periods as mandated by state law; 3)

(FedEx claims) whether any of plaintiffs' claims (or portions thereof) are barred by accord and satisfaction and whether there are any couriers, courier/handlers, or customer service agents who were not part of the *Foster v. FedEx* settlement, i.e. opt-outs or those hired after the effective date of the *Foster* settlement and whether they can pursue their claims in this action; 4) (FedEx claims) whether the individual employees decided to forego the provided breaks on any dates in question, 5) (Fed Ex claims) whether the individual employees waived the breaks in question, 6) (FedEx claims) whether the employees voluntarily choose to work without compensation, 7) (FedEx claims) whether FedEx had knowledge of uncompensated work occurring; 8) whether unpaid work occurred and the amount thereof; and 9) whether employees are free to take their split shift breaks.

3.    <u>Legal Issues</u>:  Primary disputed legal issues include, but are not limited to: 1) whether the action can be certified for class treatment; 2) whether the Airline Deregulation Act preempts Plaintiffs' claims; 3) whether employees need only be provided the opportunity for a meal break, and 4) whether there is strict liability for missed meal periods.

4.    <u>Motions</u>:   Plaintiffs will file a Rule 23 motion for class certification. Plaintiffs will file a motion to amend to slightly change the class definition. Defendant's Motion to transfer venue is currently pending.  FedEx will file one or more dispositive motions.

Joint Case Management Conference Statement – C 07 4674-TEH

5.    Amendment of Pleadings: Plaintiffs will file a motion to amend to slightly change the class definition. Recommended deadline: March 14, 2008.

6.    Evidence Preservation:   FedEx has placed litigation holds on relevant time records and plaintiffs' personnel records.

7.    Disclosures: The parties will exchange initial disclosures. Disclosures are due, by agreement, by January 10, 2008.

8.    Discovery: No discovery has occurred. No limitations on discovery are proposed.  Discovery is anticipated regarding certification, liability, and damages.  The parties do not anticipate disagreements regarding the form of production of electronically stored documents in light of the fact that counsel have prior experience on these issues as a result of similar actions.  A proposed discovery plan is set forth in paragraph 17.

9.    Class Actions: Deadlines related to the motion for class certification are set forth in Paragraph 17.

10.    Related Cases:   FedEx claims the case is related to Brown v. Federeal Express Corporation, No. CV07-5011 DSF,  pending in the Central District of California.  This case has been deemed related (low-numbered) to Bibo v. Federal Express Corporation, No. 3:07-cv-02505-TEH pending before this Court.

11.    Relief:  Plaintiffs seek damages on a classwide basis of one hour of pay for each missed meal or rest break, as wages, payment of wages for all hours

worked, payment of unpaid split-shift premiums, waiting time penalties, interest and attorneys' fees.  FedEx denies Plaintiffs are entitled to any relief.  FedEx claims, however, per the Northern District's standing order, to the extent liability is established, damages should be calculated on an individual basis based upon an analysis of each individual courier's situation regarding the specific instances at issue and at their individual wage rate. FedEx intends to seeks fees and/or costs in the event it prevails.  Plaintiffs contend there is no legal basis for any award of attorneys fees to FedEx.

12.     <u>Settlement and ADR</u>: No settlement discussions have occurred to date.  The parties have selected private mediation.  A ruling on certification is necessary before settlement discussions can occur on a class-wide basis. FedEx is willing to consider resolution of the individual claims of Plaintiff Forrand prior to a ruling on certification.

13.     The parties do not consent to a Magistrate Judge.

14.     Other References:  None.

15.     <u>Narrowing of issues</u>:  FedEx will move that the former <u>Karamian</u> plaintiffs be dismissed from this action or deemed improper class representatives. Plaintiffs submit that FedEx's position with respect to the former <u>Karamian</u> plaintiffs is without merit and no action need be taken.  Plaintiffs claim that the case will proceed with plaintiff Daniel Forrand regardless of whatever motion FedEx files and no narrowing of issues would occur.

Joint Case Management Conference Statement –
C 07 4674-TEH

16.   <u>Expedited Schedule</u>:  Not applicable.

17.   <u>Scheduling</u>:  <u>Amendment of pleadings: March 14, 2008; Certification discovery deadline: September 30, 2008; Certification Expert Disclosure: August 8, 2008; Certification Rebuttal Expert Disclosure: September 8, 2008; Certification hearing motion deadline: November 17, 2008. (Plaintiffs' motion for certification is to be filed no later than October 1, 2008 Defendants' opposition to certification is due October 31, 2008); Any disclosure relating to merits experts shall be pursuant to Rule 26(a)(2)(C); Merits discovery cutoff and all expert discovery cutoff: March 31, 2009; Dispositive Motion Hearing Deadline: Plaintiffs suggest January 5, 2009; Defendant suggests April 27, 2009; Pretrial conference and trial: May 2009.</u>

18.   <u>Trial</u>:  Plaintiffs estimate a 10-day trial of a class action.  FedEx estimates a five day trial for individually named plaintiffs on individual claims.  FedEx states is difficult to estimate the time for a class action trial unless and until the specific class, claims, and time period is defined.  However, FedEx anticipates at least a thirty days for such a trial.

19.   <u>Disclosure of Non-party Interested Entities or Persons</u>:  FedEx has filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

The following are interested parties:

a.      Plaintiff Daniel Forrand;

Joint Case Management Conference Statement –
C 07 4674-TEH

b.    Plaintiff Ara Karamian;

c.    Plaintiff Yvette Green;

d.    Plaintiff Eugene Colon;

e.    Federal Express Corporation – plaintiffs' former employer; and

f.    FedEx Corporation – parent corporation of Federal Express Corporation which is publicly traded;

g.    Sandra C. Isom, in-house attorney for FedEx;

h.    Andre E. Jardini, Knapp, Petersen & Clarke, attorneys for Plaintiffs;

i.    Gwen Freeman, Knapp, Petersen & Clarke, attorneys for Plaintiffs;

j.    Glen Robert Bregman, attorney for Plaintiffs;

k.    Michael S. Duberchin, attorney for Plaintiffs.

Fed Ex claims that the Brown v. Fed Ex case is related. The following individuals are parties or attorneys representing plaintiffs in the matter of *Brown v. Federal Express Corporation*, CV07-5011 GPS (SSx), pending in the United States District Court for the Central District of California:

l.    Plaintiff Vincent Brown;

m.    Plaintiff Jose Robert Rojas;

n.    Plaintiff Deborah Snyder;

o.    Plaintiff Charles Walker;

7.

p.      Plaintiff Mark B. Tovsen;

q.      Plaintiff Robert Firman;

r.      Plaintiff John O'Neil;

s.      Plaintiff Andre D. Lawson;

t.      Plaintiff Gregory A. Sorrells;

u.      James P. Stoneman, II, attorney for plaintiffs in the *Brown* matter;

v.      Ernest F. Ching, Jr., attorney for plaintiffs in the *Brown* matter;

w.      Yameen Z. Salahuddin, attorney for plaintiffs in the *Brown* matter;

x.      David S. Wilson, in-house attorney for FedEx;

y.      Richard S. McConnell, in-house attorney for FedEx;

z.      Sandra C. Isom, in-house attorney for FedEx.

The following individuals are parties or attorneys representing plaintiffs in the matter of *Bibo v. Federal Express Corporation*, CV07-02505 TEH, pending in the United States District Court for the Northern District of California:[1]

aa.     Plaintiff Paul Bibo;

bb.     Plaintiff Georgia Shields;

cc.     Plaintiff Alex Galvez;

dd.     Plaintiff Marc Garvey;

Joint Case Management Conference Statement –
C 07 4674-TEH

ee.    Plaintiff Bryan Peter;

ff.    Sandra C. Isom, in-house attorney for FedEx;

gg.    Keith A. Jacoby, Littler Mendelson, local counsel for

Defendant Federal Express;

hh.    Daniel L. Feder, attorney for Plaintiffs Bibo, Shields, Galvez,

Garvey, and Peter.

20.  Other matters: No other matters not discussed above are involved. Fed Ex has

made a motion to transfer which will be opposed by Plaintiffs.

Dated:  January 3, 2008.

_____/s/ Sandra C. Isom_____
SANDRA C. ISOM
FEDERAL EXPRESS CORPORATION

Attorneys for Defendant

and

Dated: January 3, 2008.                ANDRÉ E. JARDINI
KNAPP, PETERSEN & CLARKE

Attorneys for Plaintiffs

---

[1] This instant matter has recently been related to the *Bibo* matter.

Joint Case Management Conference Statement –
C 07 4674-TEH

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed Defendant Federal Express Corporation's Joint Case Management Conference Statement with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record who receive such filings (Jardini and Jacoby), and I have served the document by overnight mail to those attorneys who do not receive such notifications (Bregman and Duberchin):

**Andre E. Jardini, Esq.**
**KNAPP, PETERSEN & CLARKE**
**500 North Brand Blvd., 20th Floor**
**Glendale, CA 91203-1904**
**aej@kpclegal.com**

**Michael S. Duberchin, Esq.**
**LAW OFFICES OF MICHAEL S.**
**DUBERCHIN**
**500 North Brand Blvd., 20th Floor**
**Glendale, CA 91203-1904**

**Glen Robert Bregman, Esq.**
**LAW OFFICES OF ROBERT**
**BREGMAN**
**16633 Ventura Blvd., Ste. 1240**
**Encino, CA 91436**

**Keith A. Jacoby, Esq.**
**LITTLER MENDELSON**
**2049 Century Park East, 5th Floor**
**Los Angeles, CA  90067-3107**

**s/ Sandra C. Isom**
**SANDRA C. ISOM, Bar No. 157374**
**Attorney for Defendant**
**Federal Express Corporation**
**3620 Hacks Cross Road**
**Building B, Third Floor**
**Memphis, TN  38125**
**Tel. No. (901)434-8526**
**Email: scisom@fedex.com**

Doc #713050v.2

Joint Case Management Conference Statement –
C 07 4674-TEH