1  SANDRA C. ISOM, Bar No. 157374
   E-mail: scisom@fedex.com
2  FEDERAL EXPRESS CORPORATION
   3620 Hacks Cross Road
3  Building "B", Third Floor
   Memphis, Tennessee 38125
4  Telephone: 901/434-8526
   Fax No.:   901/434-9271
5
   KEITH A JACOBY, Bar No. 150233
6  E-mail: kjacoby@littler.com
   LITTLER MENDELSON
7  A Professional Corporation
   2049 Century Park East, 5th Floor
8  Los Angeles, CA  90067.3107
   Telephone: 310/553-0308
9  Fax No.:   310/553-5583

10 Attorneys for Defendant
   FEDERAL EXPRESS CORPORATION

11                UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  DANIEL FORRAND, ARA KARAMIAN, YVETTE GREEN, and EUGENE COLON, on behalf of themselves and all others similarly situated,<br><br>15             Plaintiffs,<br><br>16       v.<br><br>17  FEDERAL EXPRESS CORPORATION,<br><br>18             Defendant. | Case No. 3:07-CV-04674-MMC<br><br>**CLASS ACTION**<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S REPLY TO PLAINTIFFS' UNTIMELY OPPOSITION TO MOTION TO TRANSFER VENUE AND STATEMENT IN SUPPORT OF IMPOSING SANCTIONS PURSUANT TO THE COURT'S ORDER TO SHOW CAUSE**<br><br>**and**<br><br>**PROOF OF SERVICE**<br><br>**(28 U.S.C. §1404(a))**<br><br>Date: January 28, 2008<br>Time: 10:00 a.m.<br>Courtroom: 12<br><br>CMC: January 28, 2008<br>Trial Date: To be Set |

## I. Introduction

Federal Express Corporation (FedEx) seeks to transfer this action to the Central District of California. As explained herein, FedEx submits that the Court can transfer this matter specifically to Judge Dale S. Fischer in the Central District pursuant to Local Rule 3-3(c). To that end, FedEx amends its requested relief to transfer this matter directly to Judge Fischer in the Central District and submits an Amended Proposed Order addressing this issue and the sanctions issue raised in the Court's recent Order to Show Cause.

## II. FedEx's Motion To Transfer Should Be Granted In The Interest Of Justice And To Prevent Plaintiffs From Forum Shopping.

Pursuant to L.R. 3-3(c), this matter should not only be transferred to the Central District of California, but specifically to Judge Fischer, who presided over the previously dismissed action entitled *Karamian v. FedEx*, Case No. 06-4345 DSF, which involved the **identical** claims, Defendant, counsel, and Plaintiffs (Karamian, Green, and Colon) who were added to this action after they unreasonably failed to meet their deadine to file a motion for certification by at least six months and thereafter obtained a voluntary dismissal. (Dkt. 18, ¶6, Exh. E). Plaintiffs should not be able to subvert Local Rules that are intended to prevent forum shopping by simply joining another action as named Plaintiffs with another Plaintiff (Forrand) who was not a named Plaintiff in the prior action, but rather was a potential class member.

Plaintiffs, upon filing the First Amended Complaint to include the former *Karamian* plaintiffs, failed to comply with their affirmative duty pursuant to L.R. 3-3(c), which provides that if any civil action is dismissed and subsequently refiled, the refiling party must file a Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12, in order for the court to determine whether to transfer the refiled action to the Judge originally assigned to the action that was dismissed, regardless of where the prior dismissed action was pending. *See, e.g.*, <u>Wireless Consumers Alliance, Inc., v. T-Mobile USA, Inc.</u>, 2003 U.S. Dist. Lexis 26802, *3 and *16 (N.D. Cal. 2003) (action pending in the Northern District was transferred to the Central District where same action had previously been dismissed and failure to file a Notice of Pendency of Other Action or Proceeding violated Local Rule N.D. CAL. R. 3-3(c)).

FEC's Reply and Statement in Support of Imposing Sanctions - Case No. 07-4674 TEH
Page 1

> "The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and factors involving convenience of parties and witnesses are in fact subordinate." Id. at *12. "Transfer is proper if a like action has been brought by the same plaintiff against the same defendant in another district, or another division of the same district." Id. at *13.

> "Its [Plaintiff's] choice of forum is entitled to little if any weight in the court's balancing test because the weight accorded a plaintiff's choice of forum is greatly reduced when he sues in a representative capacity." (citation omitted) "Furthermore, where plaintiffs' attorneys have initiated the same suit in another district, seeking the identical relief for other plaintiffs purportedly on behalf of the same interests, namely the general public of California, and where this plaintiff is based in Del Mar, California, which is not in this District, its choice of forum deserves minimum deference. As a result, this factor alone neither favors nor disfavors the transfer."

Id. at *9-10. Prevention of forum shopping is a factor to consider in determining the "interest of justice." Id. at *14. Evidence of a plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in the context of this prong and would often make the transfer of venue proper. Id. at *14-15.

> "**Dismissal, followed by reinstitution of a case to avoid a particular judge or precedent, is exactly the kind of forum shopping anticipated and expressly prohibited by local rules of many districts.** *See, e.g.*, N.D. CAL. R. 3-12(b); C.D. CAL. R. 83-1.2.1" (other citations omitted).

Id. at *17 (emphasis added).

Here, it is eminently obvious that Plaintiffs are forum shopping, apparently not appreciating the hand they were dealt by Judge Fischer's ruling that denied class certification. Plaintiff Daniel Forrand was a potential class member in *Karamian*. After Judge Fischer's ruling denying certification, instead of filing an individual action in the area of his domicile, the Central District, Forrand and his counsel fled to the Northern District, seeking refuge in their new, identical class action in a different jurisdiction. This instant action was filed six days after the ruling denying class certification in *Karamian*. (Dkt. 1 (9/11/07) and Plts.' Opp., Exh. 4 (*Karamian* Dkt. 64 (9/5/07))). Prior to serving the summons and any complaint on FedEx, the former *Karamian* Plaintiffs were added as Plaintiffs to this action on the same day that judgment was entered in that case. (Dkt. 6

(10/30/07), Dkt. 11 and Plts.' Opp., Exh. 4 (*Karamian* Dkt. 76 (10/30/07))). The *Karamian* Plaintiffs waited until the day after they obtained a voluntary dismissal in their prior <u>*identical*</u> action to become named Plaintiffs in *Forrand*. (Dkt. 6 (10/30/07), Plts.' Opp., Exh. 4 (*Karamian* Dkt. 74-75 (10/29/07))).

Forrand, represented by the same counsel who represented the *Karamian* Plaintiffs, apparently believed that if he filed in the Central District he would likely be assigned to Judge Fischer as a related case to the still-existing *Karamian* matter or to *Brown*,[1] which had been deemed related to *Karamian* and transferred to Judge Fischer on August 17, 2007, pursuant to the Central District's Local Rules. (Declaration of Sandra C. Isom (Isom Dec.) ¶2, Exh. 1). In fact, the Central District's Local Rule 83-1.2.1 is similar to L.R. 3-3(c) in the Northern District and prohibits dismissing and refiling actions for the purpose of obtaining a different judge. Had the *Karamian* Plaintiffs re-filed their action in the Central District, they would have automatically been assigned to Judge Fischer pursuant to C.D. CAL. L.R. 83-1.2.2. This would no doubt have been an untenable and uncomfortable proposition for the *Karamian* Plaintiffs and would likely have thwarted their attempt to proceed on the identical purported class claims <u>in direct violation of Judge Fischer's Order prohibiting these Plaintiffs' claims from proceeding on a class basis</u>. As a result, Plaintiffs began forum shopping and landed in the Northern District. Such conduct should not be condoned by this Court and the matter should be transferred back the the Central District from whence it basically originated after the *Karamian* Plaintiffs were added herein. Justice dictates that these Plaintiffs, as well as their counsel, face the same judge who, for good reason, threw out these same class claims in the first instance and dismissed the individual claims.[2]

Plaintiffs' make a number of misrepresentations in their opposition that need to be corrected.

---

[1] *Brown v. FedEx*, Case No. 07-5011 DSF, pending in the Central District of California.

[2] Arguably, the *Karamian* Plaintiffs can re-file their individual actions after seeking a voluntary dismissal, although two of the three Plaintiffs' claims are likely now time-barred. Such a re-filing, however, should not have been in the Northern District and should not toll any rights that the same Plaintiffs may have had in their prior actions, such as the limitations period or the potential to be class representatives. The *Karamian* Plaintiffs' limitations period should be governed by the date they were added to this matter. Their claims should not relate back to the date that the *Forrand* Complaint was originally filed or to the date of their prior action. In addition, they cannot be class representatives for the claims at issue here. These issues will be addressed in a subsequent motion.

One of the blatant distortions, and further evidence of forum shopping, is Plaintiffs' assertion that the *Karamian* action was dismissed without objection by FedEx. (Plts.' Opp., at 4:7-10, Exh. 2 (which consists of two Minute Orders reflecting the dismissal and allegedly "the absence of objection by FedEx.")). The fact that the Minute Order states a hearing was held on Plaintiffs' motion to dismiss is the first obvious clue that FedEx did, in fact, oppose an unconditional dismissal without prejudice. The next clue appears in the *Karamian* Docket report. (Plts.' Opp., Exh. 4 (*Karamian* Dkt. 70 and 71: Opposition to Motion to Dismiss filed by Federal Express Corporation and supporting declaration)). FedEx initially refused to stipulate to dismissal and filed an opposition seeking fees and costs as a condition of dismissal. Plaintiffs' *counsel* filed his declaration claiming his clients could not pay attorney's fees. (Isom Dec., ¶4, Exh. 3). At a hearing on the matter, FedEx relented and withdrew its request that the dismissal be conditioned upon payment of fees and expenses.

Plaintiffs' dismissal pleadings in *Karamian* indicated they wanted to join the *Forrand* matter, "<u>rather than to proceed as individuals</u>." (Isom Dec., ¶4, Exh. 3, p. 8) (emphasis added). The former *Karamian* Plaintiffs basically admitted that they would become purported class members (in the event of certification), rather than individually-named Plaintiffs.

> "There is no economic justification to proceed with these actions, **as individual actions**, in this court. Nor, does it appear that it would be a wise use of judicial resources to conduct proceedings, including trial, of the case as it now stands."

(Isom Dec., ¶3, Exh. 2, p. 2) (emphasis added).

Indeed, the *Karamian* Plaintiffs' stated basis for desiring to dismiss their **individual** claims and proceed in *Forrand* (as declared by their counsel) was that the **expense of proceeding as individuals** outweighed the relatively modest amount in controversy **as to these plaintiffs as individuals** and that <u>their claims could be presented with all other California FedEx employees who would be members of the class</u>. (Isom Dec., ¶3, Exh. 2, p. 2; ¶4, Exh. 3, p. 8) (emphasis added).[3] This matter, however, has yet to be certified, and unless and until then, any named-Plaintiffs proceed on an individual basis, which is exactly what Judge Fischer ordered the *Karamian* Plaintiffs to do <u>in</u>

---

[3] The former *Karamian* Plaintiffs supposedly "chose" the *Forrand* matter over *Bibo* and *Brown*, presumably only because their attorneys represent *Forrand* as well. (Isom Dec., ¶4, Exh. 3, p. 3).

her Court and exactly what those same Plaintiffs judicially admitted <u>they did not want to do due to the expense, and used this excuse as a basis for their dismissal</u> from Judge Fischer's court. Indeed, the caption of the First Amended Complaint identifies the former *Karamian* Plaintiffs as Plaintiffs herein, "on behalf of themselves, and all others individually situated". (Dkt. 6). Incredibly, the former *Karamian* Plaintiffs now claim they can bear the costs of depositions of Plaintiffs being deposed in the Northern District, which presumably will involve travel and lodging expenses for Plaintiffs and their counsel, who reside in the Central District. (Plts.' Opp. at 8:5-7). Plaintiffs, however, represented to Judge Fischer through a declaration from their *counsel*, that they could not pay FedEx's attorneys' fees or costs, and if ordered to do so, would withdraw their motion to dismiss and proceed to trial. (Isom Dec., ¶4, Exh. 3, pp. 7-8). Such contradictory assertions in an effort to gain an inappropriate tactical advantage should not be allowed. The former *Karamian* Plaintiffs' choice of forum should be disregarded because they are forum shopping. Ultimately, they should be judicially estopped from ever pursuing the class claims at issue here or their same individual claims in the Northern District.

The fact that *Brown* is currently on the docket as a non-jury trial is irrelevant to a determination of this motion and Plaintiffs cite no authority for this assertion. First, FedEx believes the non-jury trial referenced in the *Brown* court's scheduling order is an oversight.[4] Second, FedEx's motion to transfer venue is not a motion for consolidation for trial. Even assuming *Brown* were to remain a nonjury case, it would not rob the *Forrand* Plaintiffs of any alleged right to a jury trial. "In fact, pendency of an intimately related case in proposed transferee district remains a strong reason for transfer even if it is improbable that cases would be consolidated due to more advanced status of the pending case." <u>Wireless Consumers Alliance, Inc.</u>, *supra*, 2003 U.S. Dist. Lexis 26802 at *14, fn. 3, citing <u>Berg v. First American Bankshares, Inc.</u>, 576 F.Supp. 1239 (S.D.N.Y. 1983).

Lastly, FedEx's motion is not based solely on the existence of the *Brown* matter in the Central District, but of equal or greater import is the indisputable fact that the *Forrand* Plaintiffs

---

[4] Plaintiffs made a jury demand in their Complaint and filed a jury demand after the matter was removed. Upon inquiry, a court clerk indicated this is likely a mistake (Isom Dec., ¶2, Exh. 1). FedEx will endeavor to obtain a correction or further clarification of this issue prior to the hearing in this matter.

FEC's Reply and Statement in Support of Imposing Sanctions - Case No. 07-4674 TEH
Page 5

who reside in California live and work in the Central District area, all claims, except for Forrand's individual claims were previously disposed of in the Central District, and all Plaintiffs are clearly forum shopping.  Even ignoring *Brown*, both the Northern and Central Districts have local rules that address cases that are dismissed and re-filed.  As such, regardless of the pendency and status of *Brown*, the *Forrand* matter would automatically be assigned back to Judge Fischer pursuant to L.R. 83-1.2.2, as should be the result.

This matter was not deemed related to *Bibo v. Federal Express Inc.*, No. C07-2505 TEH, until *after* FedEx filed its motion to transfer venue, which was filed on the same day that the sua sponte order of referral by Judge Chesney was entered, contrary to the Plaintiffs' implication that FedEx intentionally omitted this fact from its motion. (Plt. Memo., p. 2:6-8).  On the contrary, FedEx had already filed the required Notice of Pendency of Other Actions pursuant to L.R. 3-13. (Dkt. 14).  Moreover, Plaintiffs and their counsel were aware of the *Bibo* and *Brown* matters before filing their Complaint and First Amended Complaint because they are referenced in the *Karamian* motion to dismiss, and Plaintiffs attached the required notice of other actions filed by FedEx in the *Karamian* matter in August 2007 to their motion to dismiss. (Isom Dec., ¶4, Exh. 3).  Plaintiffs again ignored the Northern District's Local Rules by failing to file a Certificate of Interested Parties (L.R. 3-16), and a Notice of Pendency of Other Actions (L.R. 3-13).

Plaintiffs did not even respond to Judge Chesney's order of referral as allowed under the Local Rules.  FedEx openly acknowledged that *Forrand* and *Bibo* should be related *as an intial matter*, regardless of whether *Forrand* is ultimately transferred. (*Bibo* Dkt. 43).  FedEx made it clear, however, that the Central District is the most appropriate venue for this matter and it should be transferred back there, where all but one of the Plaintiffs previously dismissed the same action and they are merely attempting to pursue the same claims and re-litigate the same issues as to these specific Plaintiffs.  *Id.*  In addition, *Forrand* is more closely related to *Brown* than it is to *Bibo* because *Forrand* specifically excludes couriers, which is the only purported class that the *Bibo* Plaintiffs seek to represent.[5]  While the *Brown* Plaintiffs seek to represent couriers, they also seek to

---

[5] In a recent change to a draft Joint Case Management Conference Statement, Plaintiffs now indicate that they are seeking to exclude only those couriers, courier/handlers, and customer service agents

1   represent ramp transport drivers (RTD), which are included in the purported class in *Forrand*.
2   Indeed, the former *Karamian* Plaintiffs admitted that *Brown* arises from the same or substantially
3   identical transactions as those alleged in *Karamian*. (Isom Dec., ¶4, Exh. 3, p. 3).

4         The fact that this Court previously denied FedEx's motion to transfer venue of the *Bibo*
5   matter is not dispositive, or even probative as to the disposition of this motion. The prior filing was
6   certainly no secret to this Court, as suggested by Plaintiffs, and FedEx noted the prior venue motion
7   in its Response in Support of Relating Cases (*Bibo* Dkt. 43, fn 2). The circumstances at issue in the
8   *Bibo* matter, however, were starkly different. First, FedEx sought to transfer *Bibo* to the Central
9   District because the *Karamian* matter, which included the same claims and potential class members,
10  was pending at the time as the first-filed matter. (*Bibo* Dkt. 16)[6] Second, after the *Bibo* motion to
11  transfer was filed but before the Court entered its order, the *Karamian* Plaintiffs were denied the
12  ability to file a motion for class certification because they unreasonably missed their motion filing
13  deadline by at least six months. (Dkt. 18, ¶6, Exh. E). In contrast, the motion for class certification
14  has recently been filed in the *Brown* matter, whereas no deadlines have even been set in the *Bibo*
15  matter.[7] (Isom Dec., ¶2, Exh. 1). Third, the *Bibo* Plaintiffs (and their counsel) reside in the Northern
16  District area whereas the *Forrand* Plaintiffs (and their counsel)[8] live and work in the Los Angeles
17  area, except for one Plaintiff who lives in Nevada.

18        Lastly, FedEx acknowledged in its motion that it did not believe the *Bibo* Plaintiffs were
19  attempting to forum shop, but rather that a transfer would further the public policy supporting the
20  prevention of forum shopping. The *Bibo* Plaintiffs were not trying to escape an adverse ruling in a

---

who were not a part of the *Foster v. FedEx* settlement even though this restricted definition is not in their First Amended Complaint. FedEx is not sure what Plaintiffs intentions are in this regard, unless they are attempting to salvage their prior claims, which they cannot, or are referring to opt-outs or those hired after the effective date of the *Foster* settlement. Nonetheless, such questionable tactics should not change the analysis.

[6] Plaintiffs blatantly misrepresent in their opposition that the *Brown* matter was the basis for the motion to transfer *Bibo* to the Central District. (Plts.' Opp., p. 3:14-16).

[7] The *Brown* judge (Judge Fischer) will presumably have more knowledge of the specific facts and issues involved in these cases as a result of *Karamian* and because the *Brown* certification motion will likely be heard and possibly even decided before discovery is even finished in *Bibo* or *Forrand*, which also supports transfer of venue to promote efficiency of effort and avoids duplication.

[8] Although the location of counsel is an impermissible factor in considering whether to transfer venue, it is indicative of the Plaintiffs' intent to forum shop.

FEC's Reply and Statement in Support of Imposing Sanctions - Case No. 07-4674 TEH
Page 7

1  prior action against FedEx involving the same subject matter in another jurisdiction.

2  Based upon the foregoing, this matter should be transferred to Judge Fischer in the Central
3  District of California.

4  **III.    Sanctions Should Be Imposed Upon Plaintiffs For Their Failure To Timely File Their**
5  **Opposition.**

6  Plaintiffs should be sanctioned for filing their opposition after the deadline without a
7  reasonable explanation for the delay or a request for an enlargment of time.  As noted by this Court
8  in its Order to Show Cause, Plaintiffs failed to comply with the Local Rule of this Court that requires
9  any opposition to be filed not less than 21 days before the hearing. (L.R. 7-3(a)).  Plaintiffs filed no
10 request for an enlargement of time pursuant to L.R. 6 or otherwise provided any explanation for their
11 delay.  Should the Court determine that monetary sanctions are not warranted, FedEx requests that
12 Plaintiffs' opposition be stricken.  *See*, Woodfin Suite Hotels, LLC v. City of Emeryville, 2007 U.S.
13 Dist. Lexis 44079, *10-11 (N.D. Cal. 2007) (striking opposition to motion to dismiss filed six days
14 after the deadline in L.R. 7-3(a) without explanation or a request for enlargement of time); Jefferson
15 v. County of Napa, 2007 U.S. Dist. Lexis 92009, *17-18 (N.D. Cal. 2007) (declaration filed nine
16 hours prior to hearing without explanation or leave of court stricken).

17 FedEx filed its motion on November 13, 2007, with the hearing initially set before Judge
18 Chesney on January 4, 2008.  This allowed the Plaintiffs fifty-two (52) days notice prior to the
19 hearing, rather than the minimum thirty-five (35) days notice required by L.R. 7-2(a).  After this
20 matter was transferred to this Court as a result of an order relating this case to *Bibo v. FedEx*, Case
21 No. 07-2505 TEH, FedEx re-noticed this motion for January 14, 2008, giving the Plaintiffs a grand
22 total of sixty-two (62) days notice.  Plaintiffs' opposition was due on December 24, 2008,[9] but was
23 not filed until four calendar days later (three court days) on Friday, December 28, 2007 at 3:39 p.m.
24 PST (5:39 p.m. CST where FedEx's lead counsel is located, and during a time that Plaintiffs'
25 counsel knew FedEx's counsel was unavailable).[10]

---

26 [9] Pursuant to the original hearing date, Plaintiffs' opposition would have been due on December 14,
27 2007.  The Order relating this case to *Bibo* was entered on December 3, 2007. (Dkt. 23).
28 [10] During the Rule 26 meet and confer process, counsel for FedEx informed Plaintiffs' counsel that
she would be unavailable December 25th and from December 27th until January 2, 2008. (Isom Dec.,

1    FedEx was unable to meet the December 31st deadline for filing a reply pursuant to L.R. 7-
2    2(c), having received the opposition just one business day before FedEx's reply was due, late in the
3    afternoon, when lead counsel was unavailable, and without any offer to seek an enlargement of time
4    by stipulation pursuant to L.R. 6-2 for extensions to file the opposition and reply.  On January 2nd,
5    the undersigned's first day back in the office since December 27th, she set aside other projects with
6    impending deadlines, and hurriedly began preparing this Reply in order to file it as close to the
7    original deadline as possible to allow the Court sufficient time to consider it prior to the hearing.
8    (Isom Dec. ¶5-7, Exh. 4 and 5).  Such pressure imposed upon counsel by opposing counsel's lack of
9    diligence and failure to meet deadlines is unfair and imposes an undue burden on responding
10   counsel, who must decide whether to seek relief from the Court in the form of a stipulated motion
11   and/or a motion to strike or for an enlargement of time, or file a Reply as quickly as possible.  FedEx
12   chose the latter.  (Isom Dec. ¶8).  The Court's rules, however, are intended to prevent such
13   unnecessary choices and to allow sufficient time for parties to respond and for the Court to consider
14   each party's pleadings.

15   The *Karamian* Plaintiffs' and their counsel, having previously unreasonably failed to meet
16   the deadline to file a motion for certification by at least six months in the *Karamian* matter in the
17   Central District, continue to disregard various court rules in the Northern District, make
18   misrepresentations to the Court, and are blatantly forum shopping, in violation of various Local
19   Rules as noted above.  During their forum shopping spree, Plaintiffs apparently hope to ultimately
20   find a court that will excuse such blatant disrespect.  This Court should not do so.  Plaintiffs' lack of
21   diligence and failure to comply with the Local Rules consumed the Court's valuable time that had to
22   be taken to address the issue, impacted the hearing date in this matter, and resulted in extra work for
23   defense counsel in deciding how to proceed and in revising the draft accordingly after receiving the
24   Order to Show Cause.  FedEx's in-house counsel, licensed in California and based in Memphis, will
25   handle the hearing in this matter, as well as the Case Management Conference in the *Bibo* matter set
26   for January 14th.  (Isom Dec., ¶9).  Had the Court not needed to continue the hearing date from

27   ───────────────
28   ¶5, Exhs. 4 and 5).  Had the opposition been timely filed on December 24th, FedEx would have been
     able to comply with its reply deadline of December 31, 2007.  (Isom Dec., ¶6).

FEC's Reply and Statement in Support of Imposing Sanctions - Case No. 07-4674 TEH
Page 9

January 14th due to Plaintiffs' lack of diligence and disrespect for the rules, this matter would have been heard on the same day as the Case Management Conference in the *Bibo* matter, thereby saving FedEx the expense of two separate trips to handle each matter. Indeed, counsel for FedEx renoticed the hearing on the motion to transfer for the same date that the Case Management Conferences were scheduled in *Bibo* and this matter in order to reduce the travel and lodging expenses. *Id.*

Based upon the foregoing, Plaintiffs should be sanctioned an appropriate amount as determined by the Court, including, without limitation, the additional travel and lodging costs that FedEx will incur as a result of its Memphis-based corporate litigation counsel attending a hearing that was originally scheduled to be heard on the same day as the Case Management Conference in the *Bibo* matter. Alternatively, the Court should strike Plaintiffs' opposition and refuse to consider it.

## IV.  Conclusion

Based upon the foregoing, Defendant Federal Express Corporation respectfully requests that this matter be transferred to Judge Dale S. Fischer in the Central District of California (Los Angeles), and that appropriate sanctions be imposed upon Plaintiffs for their failure to timely file the opposition.

Dated: January 3, 2008                             s/Sandra C. Isom
                                                  SANDRA C. ISOM, Bar No. 157374
                                                  FEDERAL EXPRESS CORPORATION

                                                  and

                                                  KEITH A. JACOBY
                                                  LITTLER MENDELSON
                                                  A Professional Corporation

                                                  Attorneys for Defendant
                                                  FEDERAL EXPRESS CORPORATION

# PROOF OF SERVICE

**STATE OF TENNESSEE, COUNTY OF SHELBY**

I declare that on January 3, 2008, I electronically filed the following documents:

**DEFENDANT FEDERAL EXPRESS CORPORATION'S REPLY TO PLAINTIFFS' UNTIMELY OPPOSITION TO MOTION TO TRANSFER VENUE AND STATEMENT IN SUPPORT OF IMPOSING SANCTIONS PURSUANT TO THE COURT'S ORDER TO SHOW CAUSE**

**DECLARATION OF SANDRA C. ISOM**

**And**

**AMENDED PROPOSED ORDER**

with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record who receive such filings (Jardini and Jacoby), and I have served the document by overnight mail to those attorneys who do not receive such notifications (Bregman, Duberchin):

Andre E. Jardini, Esq.
KNAPP, PETERSEN & CLARKE
500 North Brand Blvd., 20th Floor
Glendale, CA 91203-1904
aej@kpclegal.com

Michael S. Duberchin, Esq.
LAW OFFICES OF MICHAEL S. DUBERCHIN
500 North Brand Blvd., 20th Floor
Glendale, CA 91203-1904
msdlaw@earthlink.net

Glen Robert Bregman, Esq.
LAW OFFICES OF ROBERT BREGMAN
16633 Ventura Blvd., Ste. 1240
Encino, CA 91436
glenbregmanlaw@aol.com

Keith A. Jacoby, Esq.
LITTLER MENDELSON
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
kjacoby@littler.com

                s/ Sandra C. Isom
                Sandra C. Isom, Esq.
                Attorney for Defendant
                Federal Express Corporation
                3620 Hacks Cross Road
                Building B, Third Floor
                Memphis, TN 38125
                Tel. No. (901)434-8526
                Email: scisom@fedex.com

Doc #712993