1  SANDRA C. ISOM, Bar No. 157374
   E-mail: scisom@fedex.com
2  FEDERAL EXPRESS CORPORATION
   3620 Hacks Cross Road
3  Building "B", Third Floor
   Memphis, Tennessee 38125
4  Telephone: 901/434-8526
   Fax No.:    901/434-9271
5
   KEITH A JACOBY, Bar No. 150233
6  E-mail: kjacoby@littler.com
   LITTLER MENDELSON
7  A Professional Corporation
   2049 Century Park East, 5th Floor
8  Los Angeles, CA  90067.3107
   Telephone: 310/553-0308
9  Fax No.:    310/553-5583

10 Attorneys for Defendant
   FEDERAL EXPRESS CORPORATION
11                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
12

13 DANIEL FORRAND, ARA KARAMIAN,        Case No. 3:07-CV-04674-MMC
   YVETTE GREEN, and EUGENE
14 COLON, on behalf of themselves and all   **CLASS ACTION**
   others similarly situated,
15                                         **DECLARATION OF SANDRA C. ISOM IN
                Plaintiffs,                SUPPORT OF DEFENDANT FEDERAL
16                                         EXPRESS CORPORATION'S REPLY TO
         v.                                PLAINTIFFS' UNTIMELY OPPOSITION TO
17                                         MOTION TO TRANSFER VENUE AND
   FEDERAL EXPRESS CORPORATION,            STATEMENT IN SUPPORT OF IMPOSING
18                                         SANCTIONS PURSUANT TO THE COURT'S
                Defendant.                 ORDER TO SHOW CAUSE**
19
                                           Date: January 28, 2008
20                                         Time: 10:00 a.m.
                                           Courtroom: 12
21
                                           CMC: January 28, 2008
22                                         Trial Date: To be Set

23         I, Sandra C. Isom, declare and state as follows:

24         1.    I am an attorney admitted to practice before this Court.  I am a Senior Counsel for

25 Federal Express Corporation and counsel of record for Defendant Federal Express Corporation.  I

26 have personal knowledge of the facts set forth in this Declaration and if called as a witness, I could

27 and would testify competently to each fact.

28

2.     Attached hereto as Exhibit 1 is a true and correct copy of the Docket Sheet printed from PACER in the matter of *Brown v. FedEx*, Case No. 07-5011 DSF, which reflects that it was been deemed related to *Karamian v. FedEx,* Case No. 06-4345, and transferred to Judge Fischer on August 17, 2007, pursuant to the Central District's Local Rules (Dkt. 14)  It further reflects that Plaintiffs filed a Jury Demand on August 8, 2007, and that the Motion for Certification was filed on December 21, 2007 (Dkt. Nos. 11 and 29).  A court clerk indicated to my staff that it was likely a mistake and they would look into the matter and let us know.  I will attempt to obtain a correction or further clarification of the Order regarding a bench trial prior to the hearing in this matter.

3.     Attached hereto as Exhibit 2 is a true and correct copy of  the Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Voluntary Dismissal Without Prejudice filed in *Karamian v. FedEx*.

4.     Attached hereto as Exhibit 3 is a true and correct copy of the Plaintiffs' Memorandum of Points and Authorities in Reply To Defendant's Response to Plaintiffs' Motion for Voluntary Dismissal Without Prejudice; Declaration of Andre Jardini, filed in *Karamian v. FedEx,* which includes a copy of the Central District's required notice regarding related cases and other actions pending that was filed by FedEx in that matter in August 2007 and reflects the pendency of the *Brown* and *Bibo* matters.

5.     During the Rule 26 meet and confer process, I informed Plaintiffs' counsel, Andy Jardini, that I would be unavailable December 25th and from December 27th until January 2, 2008.  Attached hereto as Exhibits 4 and 5 are true and correct copies of emails I sent to Mr. Jardini explaining that I would be unavailable.

6.     I was unable to meet the December 31st deadline for filing a reply pursuant to L.R. 7-2(c) because FedEx received Plaintiffs' opposition just one business day before FedEx's reply was due, late in the afternoon, and during a time when I was unavailable.  I received no offer from Plaintiffs to seek an enlargement of time by stipulation pursuant to L.R. 6-2 for extensions to file the opposition and reply.  Had the opposition been timely filed on December 24th, I would have been able to comply with the Reply deadline of December 31, 2007, because I did not leave the state until Friday, December 28th.

1    7.    I was out of the state for the holiday with my family when my colleague called me on

2  December 31st to alert me to the filing of the opposition.  On January 2nd, my first day back in the

3  office since December 27th, I set aside other projects with impending deadlines, and hurriedly began

4  preparing the Reply in order to file it as close to the original deadline as possible to allow the Court

5  sufficient time to consider it prior to the hearing.  I prepared a substantial portion of the Reply prior

6  to receiving email notification of the Order extending FedEx's deadline to file a Reply at 6:08 p.m.

7  CST on January 2, 2008.

8    8.    The pressure imposed upon me by opposing counsel's lack of diligence and failure to

9  meet deadlines is unfair and imposes an undue burden on me, as I must first decide whether to seek

10  relief from the Court in the form of a stipulated motion and/or a motion to strike or for an

11  enlargement of time, or file a Reply as quickly as possible.  I chose the latter.

12    9.    I am based in Memphis, Tennessee and licensed in California.  I am lead counsel for

13  Defendant in this matter and in *Bibo v. FedEx*, Case No. 07-2505 TEH.  I handled the initial case

14  management conference in *Bibo* in person and am scheduled to do so for the next conference

15  scheduled for January 14, 2008.  I also plan to personally appear for the hearing on the motion to

16  transfer and the case management conference in this matter that was originally scheduled for January

17  14, 2008.  I re-noticed the *Forrand* hearing on the motion to transfer for that date because the *Bibo*

18  and *Forrand* case management conferences were already scheduled for that date and I could handle

19  both matters in one trip, thereby reducing the expense to FedEx.  As a result of the continuance of

20  the hearing date in this matter that resulted from Plaintiffs' late filing, I will now have to make an

21  additional trip to California that takes me away from my family and results in increased costs to

22  FedEx for travel and lodging.  I do not yet know the amount of the additional expenses.

23

24    I declare under the penalty of perjury that the foregoing is true and correct.

25    Executed this 3rd day of January, 2008 at Memphis, Tennessee.

26

27    ____/s/ Sandra C. Isom_____
     SANDRA C. ISOM

28  Doc #713190

FEC's Reply and Statement in Support of Imposing Sanctions - Case No. 07-4674 TEH
Page 2