# EXHIBIT 2

1  André E. Jardini (State Bar No. 71335)
   aej@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   500 North Brand Boulevard, 20th Floor
3  Glendale, California 91203-1904
   Telephone: (818) 547-5000
4  Facsimile: (818) 547-5329

5  Glen Robert Bregman, Esq. (State Bar No. 100363)
   glenbregmanlaw@aol.com
6  LAW OFFICES OF GLEN ROBERT BREGMAN
   16633 Ventura Boulevard, Suite 1240
7  Encino, CA 91436
   Telephone: (818) 981-9793
8  Facsimile: (818) 981-9807

9  Michael S. Duberchin, Esq. (State Bar No. 108338)
   msdlaw@earthlink.net
10 500 North Brand Boulevard, 20th Floor
   Glendale, CA 91203
11 Telephone: (818) 246-8487
   Facsimile: (818) 246-6277

12 Attorneys for Plaintiffs
13 ARA KARAMIAN, YVETTE GREENE and
   EUGENE COLON, individuals, on behalf of
14 themselves and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARA KARAMIAN, YVETTE GREENE and EUGENE COLON, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION; ROBERT SEYMOUR; and DOES 1 through 50, inclusive,<br><br>Defendants. | NO. CV06-4345 DSF (PJWx)<br><br>Date: 10/29/2007<br>Time: 1:30 p.m.<br>Ctrm: 840<br><br>Hearing Judge: Hon. Dale S. Fischer<br>Trial Date: 1/8/2008<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE UNDER Fed. R. Civ. P. 41(a)(2) |

KNAPP,
PETERSEN
& CLARKE

-1-

# I.

# INTRODUCTION

Plaintiffs herein, at this time, proceed with individual wage and hour actions of minimal scale. The court has not permitted additional time to file a motion for class certification. It is unlikely that the claim of any plaintiff exceeds the value of $15,000.

There is no economic justification to proceed with these actions, as individual actions, in this court. Nor, does it appear that it would be a wise use of judicial resources to conduct proceedings, including trial, of the case as it now stands.

There is presently pending in the United States District Court, Northern District of California an action which is brought as a class action and encompasses the claims made by these plaintiffs. That case is *Daniel Forrand v. Federal Express, Corporation*, Case No. C074674 JCF. Plaintiffs prefer to be a part of that class action, within which their claims may be economically presented with the claims of all other California employees of defendant Federal Express who would be members of the class.

No prejudice would result to Federal Express by the dismissal requested here. Minimal discovery has occurred. <u>Neither party has taken any depositions</u>. The sole motion practice to date was plaintiffs' unsuccessful motion to extend the time for class certification and/or for clarification of the court's scheduling order.

Under these circumstances, the court is asked to exercise its discretion to permit plaintiffs to voluntarily dismiss this action, without prejudice.

A. **Procedural History**

This action was filed in California state court on May 31, 2006, on behalf of plaintiff Karamian. The complaint contained nine causes of action, the first of which sought class action relief for non-payment of wages to a class of California employees of defendant Federal Express.

////

On July 12, 2006, defendant removed the action to this court asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). On August 22, 2006, this court issued an order to show cause concerning remand of the individual state claims.

On October 2, 2006, the court remanded the third through ninth causes of action, individual claims on behalf of plaintiff Karamian, by its order and opinion of that date.

On October 4, 2006, the court issued its order re: jury trial and order re: deadlines. That order set a motion hearing cutoff of October 15, 2007, a final pretrial conference of December 10, 2007 and a trial date of January 8, 2008.

On February 16, 2007, the court granted plaintiffs' motion to add plaintiffs Yvette Green and Eugene Colon.

Plaintiffs' motion to clarify the scheduling order or to amend scheduling order was denied by the court on September 10, 2007. As a result, this action cannot proceed as a class action as the time for class certification has passed, though the discovery cutoff date has not.

No depositions have been taken by either party. Plaintiffs' attempts to take the deposition of defendant pursuant to Rule 30(b)(6) have been resisted by defendant Federal Express. Only recently, after the court's ruling concerning clarification of the scheduling order, has Federal Express even noticed the depositions of plaintiffs, which have not occurred.

Written disclosures by the parties have been minimal. No written discovery of substance has, as yet, occurred. It is fair to say that the parties have concentrated their efforts concerning the various procedural matters as recounted herein.

There is presently pending in the United States District Court in the Northern District of California a class action complaint containing allegations identical to those alleged in this complaint. (*Daniel Forrand v. Federal Express, Corporation*, Case No. C074674 JCF.)

KNAPP, PETERSEN & CLARKE

## II.

## VOLUNTARY DISMISSAL WITHOUT PREJUDICE IS APPROPRIATE IN THIS ACTION

Rule 41(a)(2) Federal Rules of Civil Procedure permit plaintiffs to dismiss their action voluntarily. Federal Rule of Civil Procedure 41(a) (2) provides:

> Except as provided in paragraph (1) of this subdivision of this Rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the plaintiff's objection unless the counterclaim can remain pending for independent adjudication by the court. <u>Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.</u>

No counterclaim is pending. The court is requested to follow the ordinary procedure and dismiss the action pursuant to this Rule without prejudice.

The principles applicable to voluntary dismissal were discussed by the Ninth Circuit Court of Appeals in *Smith v. Lenches* (9th Cir. 2001) 263 F.3d 972. In *Smith*, plaintiff sought dismissal in a securities class action after defendants had filed a counterclaim. A related action was pending in California state court in which the California Supreme Court resolved an important pending issue regarding California securities law. At a time when the state court judge had certified a nationwide class in a state action, plaintiff in the federal action filed a notice of voluntary dismissal pursuant to Rule 41(a)(2), which was granted by the court. The trial court went further and dismissed the defendants' counterclaim for declaratory relief on state law claims. These orders were appealed and affirmed by the Ninth Circuit. The court set forth the underlying principles favoring such dismissal request stating:

////

KNAPP, PETERSEN & CLARKE

A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result. *Waller v. Financial Corporation of America*, 828 F.2d 579, 583 (9th Cir. 1987); See also *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982). *Id.* at 975.

Federal Express can demonstrate no legal prejudice to dismissal of this action. Uncertainty or inconvenience does not constitute such legal prejudice. The court in *Smith* discussed the strict standard it applied to determine whether such prejudice exists. The court stated in this regard:

> We have previously held that 'legal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.' (citation omitted.) In so holding, we also explain that 'uncertainty because a dispute remains unresolved' or because 'the threat of future litigation...causes uncertainty' does not result in plain legal prejudice. (citation omitted.) <u>Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where plaintiff would gain a tactical advantage by that dismissal.</u> (Citation omitted.)

*Id.* at 976; Emphasis added.

Plaintiffs are entitled to elect to proceed in the pending class action in the Northern District. It is not a ground for opposition to this motion that plaintiffs might gain some procedural or tactical advantage in so doing, or that Federal Express might be exposed to some future litigation. In any event, Federal Express will be exposed to such litigation whether these plaintiffs participate in the Northern District class action or not. Even this threadbare claim of prejudice, if made, has no import in this action.

/////

-5-

KNAPP,
PETERSEN
& CLARKE

The court in *Smith* discussed such procedural elections, concluding that dismissal was appropriate nonetheless, stating:

> Smith was entitled to abandon the federal class action and federal claims after decided that litigation on state law claims in state court was preferable for the interest of the class.

*Id.* at 976.

Lastly, the court recognized that dismissals under Rule 41(a)(2) are normally without prejudice. In *Smith*, though the dismissal was with prejudice, the dismissal was under such circumstances as it operated as a dismissal without prejudice. The order in that case stated that:

> The dismissal of the federal claims was 'without prejudice to plaintiffs asserting their state law causes of action in the state court case, even though based upon the same conduct alleged in this federal action.'

*Id.* at 976.

There is no basis to conclude in this action that any prejudice to defendant operates to limit plaintiffs' right to dismissal of this action without prejudice.

A. **District Courts in California Have Readily Granted Dismissal Without Prejudice**

Numerous instances may be cited that the norm in district courts in the Ninth Circuit is to permit voluntary dismissal without prejudice.

In *Capitol Records v. O'Leary*, C.D. Cal. 2006, 2006 U.S. Dist. Lexus 5115, the Honorable Cormac J. Carney permitted voluntary dismissal without condition and without an award of fees or costs. The court stated:

> Rule 41(a)(2) allows a plaintiff, with the court's permission and subject to the terms the court deems proper, to dismiss an action without prejudice at any time. The Court agrees with both parties that dismissal without prejudice is proper. See *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (holding that district court should grant a motion for

voluntary dismissal under Rule 41(a)(2) unless a defendant can show that he or she will suffer some plain legal prejudice as a result.)"

Similarly in *Williams v. Peralta Community College District*, N.D. Cal. 2005, 227 F.R.D. 538, the Honorable Edward M. Chen granted plaintiff's request for dismissal and dismissed her case without prejudice. In that case, the substantive proceedings had been delayed and the case had not proceeded beyond filing of a series of complaints and amendments. Similarly, here, the procedural aspects of the case have consumed the interest of the parties. Discovery has not occurred to any significant extent. Depositions have not been taken.

The court in *Williams* discussed the principles applicable, stating:

> The Ninth Circuit has instructed that '[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." (Citation omitted.)

The court discussed the concept of legal prejudice and followed *Smith v. Lenches, supra*, in determining that the uncertainty regarding an unresolved dispute is not prejudice. Nor does the inconvenience of having to defend in another forum constitute prejudice. Plaintiff gaining a tactical advantage is not prejudice. The court stated, "Furthermore, 'the expense incurred in defending against a lawsuit does not amount to legal prejudice.'" *Citing Westlands Water District v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

This is not a case where defendant was poised to win a summary judgment or was otherwise on the verge of triumph. Here, as in *Williams*, the defendant has not invested substantial resources into this litigation. Other than removal, resisting remand, and opposing the motion for clarification, defendant has done virtually nothing.

In *Ashburn v. Astrazeneca Pharmaceuticals*, N.D. Cal. 2006, 2006 U.S. Dist. Lexis 64272 the Honorable William Alsup granted voluntary dismissal without

prejudice.

The court there discussed the "possible prejudice" from permitting such dismissal that plaintiff could refile the action again in the forum. That possibility was not seen to constitute legal prejudice.

Here, of course, a pending class action lawsuit already exists which Federal Express must defend in the Northern District. Even this argument of prejudice, rejected in *Ashburn*, does not here exist.

## III.
## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the court dismiss the remaining individual claims without prejudice. Plaintiffs are employees who were unpaid for their work by Federal Express. Their right to recover may be prosecuted in an ongoing class action with more efficacy than in this court. The expense and time of litigation of these claims in this court is unwarranted to the parties or to the court.

The motion should be granted.

Dated: September 24, 2007

KNAPP, PETERSEN & CLARKE

By: _____
André E. Jardini
Attorneys for Plaintiffs
ARA KARAMIAN, an individual, on behalf of himself and all others similarly situated

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 500 North Brand Boulevard, 20th Floor, Glendale, California 91203-1904. On September 24, 2007, I caused the foregoing document(s) described as MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE UNDER Fed. R. Civ. P. 41(a)(2) to be served on the interested parties in this action as follows:

    by placing a true copy thereof enclosed in sealed envelope(s) addressed as stated on the attached mailing list.

[X] **BY MAIL:** I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Glendale, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 24, 2007, at Glendale, California.

    Mindy Menahen  
    (Type or print name)              (Signature)

## SERVICE LIST

| | |
|---|---|
| Glen Robert Bregman, Esq.<br>Law Offices of Glen Robert Bregman<br>16633 Ventura Boulevard<br>Suite 1240<br>Encino, CA 91436<br>TEL: (818) 981-9793<br>FAX: (818) 981-9807 | CO-COUNSEL ATTORNEYS FOR PLAINTIFFS |
| Michael S. Duberchin, Esq.<br>500 North Brand Boulevard, 20th Floor<br>Glendale, CA 91203<br>TEL: (818) 246-8487<br>FAX: (818) 246-6277 | CO-COUNSEL ATTORNEYS FOR PLAINTIFF |
| Keith A. Jacoby, Esq.<br>LITTLER MENDELSON<br>2049 Century Park East<br>5th Floor<br>Los Angeles, CA 90067<br>TEL: (310) 553-0308<br>FAX: (310) 553-5583 | ATTORNEYS FOR DEFENDANT<br>**Federal Express Corporation** |
| Richard S. McConnell, Esq.<br>Senior Counsel<br>Federal Express Corporation<br>Legal/Litigation<br>3620 Hacks Cross Road<br>Building B, 3rd Floor<br>Memphis, TN 38125<br>TEL: (901) 434-8375<br>FAX: (901) 434-9279 | ATTORNEYS FOR DEFENDANT<br>**Federal Express Corporation** |

539080.1 08000/00821