# EXHIBIT 3

1  André E. Jardini (State Bar No. 71335)
   aej@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   500 North Brand Boulevard, 20th Floor
3  Glendale, California 91203-1904
   Telephone: (818) 547-5000
4  Facsimile: (818) 547-5329

5  Glen Robert Bregman, Esq. (State Bar No. 100363)
   glenbregmanlaw@aol.com
6  LAW OFFICES OF GLEN ROBERT BREGMAN
   16633 Ventura Boulevard, Suite 1240
7  Encino, CA 91436
   Telephone: (818) 981-9793
8  Facsimile: (818) 981-9807

9  Michael S. Duberchin, Esq. (State Bar No. 108338)
   msdlaw@earthlink.net
10 500 North Brand Boulevard, 20th Floor
   Glendale, CA 91203
11 Telephone: (818) 246-8487
   Facsimile: (818) 246-6277

12
   Attorneys for Plaintiffs
13 ARA KARAMIAN, YVETTE GREENE and
   EUGENE COLON, individuals, on behalf of
14 themselves and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARA KARAMIAN, YVETTE GREEN and EUGENE COLON, individuals, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL EXPRESS CORPORATION; ROBERT SEYMOUR; and DOES 1 through 50, inclusive, <br><br> Defendants. | NO. CV06-4345 DSF (PJWx) <br><br> Date: 10/29/2007 <br> Time: 1:30 p.m. <br> Ctrm: 840 <br><br> Hearing Judge: Hon. Dale S. Fischer <br> Trial Date: 1/8/2008 <br><br> CLASS ACTION <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE; DECLARATION OF ANDRE E. JARDINI |

-1-

543025.1 08000/00821

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendant Federal Express Corporation ("Fed Ex") does not oppose the voluntary dismissal of plaintiffs' individual state law claims without prejudice. However, Fed Ex requests the court to impose an award of fees and costs in an unspecified and unsupported amount "in excess of $20,000" as a condition of the dismissal.

The imposition of such a condition is unwarranted under the circumstances. The efforts expended by Fed Ex in this case are useful in at least three other pending class action cases. Neither party has taken a single deposition in this case. Preparation for trial has been, admittedly, minimal to date.

The imposition of a sizeable award of fees and costs as a condition of dismissal is not a condition which plaintiffs are in a financial position to accept. The individual claims of each plaintiff are small, likely well less than $15,000. Though plaintiffs would prefer to participate as class members in one of the three pending class action cases against Fed Ex in California, they could not afford to do so if the court were to condition dismissal upon a payment of fees and costs. Under those circumstances, plaintiffs would withdraw their request for voluntary dismissal and proceed to trial.

Plaintiffs have been diligent. Immediately upon this court's order denying clarification of its scheduling order or extension of the date for filing for class certification, plaintiffs filed this motion for voluntary dismissal. There was no reason for the motion until the court's order of September 10, 2007. This motion was filed two weeks later.

////
////
////

KNAPP, PETERSEN & CLARKE

543025.1 08000/00821

## II.

## STATEMENT OF ADDITIONAL FACTS

Fed Ex has not fully revealed its ongoing involvement in multiple class action proceedings in California. This is important to the issue that the minor amount of work done in this case would be useful in the remaining cases.

The case of *Brown, et al. v. Federal Express Corporation*, case number C07-5011 GPS (SSx) is currently pending as a proposed class action in the Central District of California. The case arises from the same or substantially identical transactions as those alleged in this case, including meal and rest break violations.

In addition, two cases are pending in the Northern District of California. One is *Bibo, et al. v. Federal Express Corporation*, C07-2505 TEH which involves all or a material part of the subject matter of this action as filed. That case includes Fed Ex's failure to provide meal breaks and rest breaks on an individual and class basis.

The third case is *Forrand v. Federal Express Corporation*, case number C07-4774 JCF, which was discussed in the moving papers. The *Forrand* case is the case in which plaintiffs herein choose to participate.

This case has gone through a protracted procedural phrase based on the decision by Fed Ex to remove the action to this court. The removal occurred in July of 2006 and this court's order remanding the state law individual claims and retaining the state law wage and hour and class claims occurred in October of 2006.

No depositions have been taken by Fed Ex in this action. Fed Ex complains that its attempt to unilaterally set depositions of plaintiffs on inconvenient dates did not result in depositions. However, no motions to compel those depositions ever occurred, no order has ever been entered concerning the depositions, and the discovery cutoff and motion hearing cutoff have passed. The motion hearing cutoff date was set for October 15, 2007.

The information produced by Fed Ex is quite modest. Counsel for plaintiffs herein has previously proceeded through class certification and settlement in an

action making similar allegations known as *Foster v. Federal Express*. The information produced by Fed Ex was available and produced in the previous litigation. Further, given the related claims in the three pending federal class actions against Fed Ex for similar wage and hour claims, the information is similarly pertinent to those actions and would have had to be compiled and produced in any event.

There is no act by Fed Ex through its counsel, save and except those relating to its decision to remove the case in the first instance, which is not directly applicable to the three pending class actions which currently exist.

Fed Ex's complaints concerning alleged non-compliance by plaintiffs as to written discovery requests is unavailing. No motion was ever made concerning any such discovery. The motion cutoff date has passed. If this matter proceeds to trial it will proceed to trial without the benefit of that discovery.

There was no reason to ask for a voluntary dismissal until the court denied plaintiffs' motion for clarification of the scheduling order. Counsel for plaintiffs had a good faith belief that the motion cutoff date applied to the class certification motion. The court's written order concerning scheduling, which the court stated it would issue at the scheduling conference, has no other date for motion practice other than the October 15, 2007, motion cutoff date. This is the date that was calendared by plaintiffs' counsel, although incorrectly. Nonetheless, the motion for voluntary dismissal is timely as having been made within two weeks of that order.

It is not clear from the motion what amount Fed Ex seeks in fees and costs other than the generalized statement that the amount is "in excess of $20,000." It is not clear the services for which compensation is sought. It is apparent, however, given the number of pending cases against Fed Ex making the same or similar allegations on a class basis in federal courts in this state that no excessive or duplicate expenses have been incurred that would need to be replicated in any of those other cases.

KNAPP,
PETERSEN
& CLARKE

-4-

543025.1 08000/00821

Further, the foregoing makes clear that Fed Ex has expended very little time and effort in preparing for trial. Not a single deposition has been taken. Minimal written discovery has been exchanged. Plainly the litigation has progressed only on procedural issues and very little else of substance has occurred, certainly not from the Fed Ex side.

Under the forgoing circumstances, a voluntary dismissal without prejudice and without the imposition of any other conditions is appropriate.

## III.
## THE COURT HAS THE DISCRETION NOT TO IMPOSE CONDITIONS ON PLAINTIFFS' VOLUNTARY DISMISSAL

It is axiomatic that the determination whether to impose an award of fees and costs on a party seeking to voluntarily dismiss an action is within the sound discretion of the trial court. As succinctly stated in Wright & Miller, Federal Practice and Procedure, Vol. 9, § 2366: "The judge is not obliged to order payment of the fee." (See also *DWG Corporation v. Granada INVS., Inc*, 962 F.2d 1201 (6th Cir. 1992), and *Stevedoring Services of America v. Armilla International* 889 F.2d 919 (9th Cir. 1989).

In *Columbus Cuneo Cabrini Center v. Holiday Inn* 111 F.R.D.444 (D.C. Ill. 1986), the court chose not to condition dismissal on payment of attorneys' fees where it would be unfair to allow the defendant to remove to federal court and obtain attorneys' fees upon voluntary dismissal, when in state court where the suit was originally filed the defendant would be entitled only to costs. The same circumstances exist here. If the case had remained in its entirety in state court, a voluntary dismissal would be accompanied only by an award of statutory costs. No attorneys' fees would be available. (See California Code of Civil Procedure, §§ 1033 and 1033.5.) Only removal by Fed Ex to this court would expose these plaintiffs' to an award of fees.

/////

The court should exercise its discretion to permit voluntary dismissal without prejudice and to deny the request for attorneys' fees and costs.

## IV.

## A FAIR REVIEW OF THE PERTINENT FACTORS MILITATES AGAINST AN AWARD OF FEES AND COSTS

Plaintiffs agree that the criteria to consider in determining whether voluntary dismissal without prejudice should be accompanied by an award of fees and costs are those factors discussed in *Capital Records, Inc., et al. v. O'Leary* C.D. Cal. 2006, U.S. Dist. LEXIS 5115*3. Those factors strongly militate against an award of fees and costs.

First, the minimal efforts undertaken in this action by Fed Ex are directly useful and probative in the three pending class action cases brought on similar grounds in federal courts in California.

Second, there has been very little effort and expense incurred by Fed Ex in preparing for trial. In fact, no depositions have been taken by Fed Ex. The written discovery propounded and responded to is extremely modest, so modest that it has not even been demonstrated by Fed Ex to the court.

Third, the litigation has not progressed much beyond the procedural issues of removal and remand and the issue concerning clarification of the court's scheduling order. None of the required events for trial preparation have occurred. The 40 day meeting in preparation for the pretrial conference has not occurred. The parties have not filed the documents necessary for the pretrial conference. No motions of any kind have been filed by Fed Ex.

Finally, plaintiffs have been diligent in moving to dismiss. The motion was filed within two weeks of the court's order denying clarification of the scheduling order.

////

////

KNAPP, PETERSEN & CLARKE

543025.1 08000/00821

## V.

## AN AWARD OF FEES AND COSTS IS ENTIRELY UNSUPPORTED

Fed Ex has not provided the court any information concerning the precise amount of fees and costs incurred. It has, therefore, failed in its obligation to demonstrate the extent to which such fees and costs have been incurred.

The statement that local counsel has billed "in excess of $20,000" does not provide sufficient evidentiary support for any award. Further, the statement that Fed Ex predominantly used the services of in-house counsel militates against any award. There is no basis submitted for computing the cost of such services, where fees are not charged.

No information whatsoever has been submitted concerning any cost which was incurred by Fed Ex.

Under these circumstances, Fed Ex has failed to show what fees and costs were incurred and no award can be made.

## VI.

## IF FEES AND COSTS ARE AWARDED AS A CONDITION OF DISMISSAL, PLAINTIFFS OPT TO WITHDRAW THEIR MOTION AND PROCEED TO TRIAL

Plaintiffs are three former employees of Fed Ex who were denied the full measure of the wages due them from Fed Ex. They are in no position to respond to an award of fees and costs in any amount. Fed Ex is a multi-billion dollar corporation which has systematically for years deprived its employees of fair compensation under the laws of the State of California. In the *Foster v. Federal Express* action, Fed Ex paid $30 million in settlement to some of its employees and former employees for these failings.

Plaintiffs, as working individuals, are in no position to pay the attorneys' fees of Fed Ex and, in fact, cannot do so. Therefore, if the court imposes an award of fees and costs, plaintiffs have no option but to withdraw this motion for voluntary

dismissal and to proceed to trial in this action.

However, it would be the preference of these plaintiffs to proceed in the *Forrand* action, or one of the other two pending class actions, rather than to proceed as individuals. The expense attendant to proceeding as individuals is outweighed by the relatively modest amount which is in controversy as to these plaintiffs as individuals.

## VII.
## CONCLUSION

Plaintiffs request that the court permit voluntary dismissal without prejudice and without the imposition of any attorneys' fees and costs.

Dated: October 22, 2007         KNAPP, PETERSEN & CLARKE

By: _____
Andre E. Jardini
Attorneys for Plaintiffs
ARA KARAMIAN, an individual,
on behalf of himself and all others
similarly situated

-8-

543025.1 08000/00821

## DECLARATION OF ANDRÉ E. JARDINI

I, ANDRÉ E. JARDINI, declare as follows:

1. I am an attorney licensed to practice law in the State of California and a member of the firm of Knapp, Petersen & Clarke, attorneys for plaintiffs, Ara Karamian, Yvette Green and Eugene Colon, on behalf of themselves, and all others similarly situated. I represent plaintiffs and the proposed class, along with co-counsel, Law Offices of Michael S. Duberchin and Glen Robert Bregman. The following facts are within my personal knowledge and if called as a witness, I could and would competently testify thereto.

2. Fed Ex is currently involved in at least three class actions in federal courts in California raising the same issues raised by plaintiffs in this action.

3. Attached hereto as exhibit 1 is an amended notice of related cases filed by Fed Ex in this action. The notice describes the case of *Brown, et al. v. Federal Express Corporation*, case number C07-5011 GPS (SSx) which is a currently pending class action in the Central District of California. That action arises from the same or substantially similar transactions to those alleged in this case, including meal and rest break violations.

4. The notice also reveals the existence of a pending class action case in the Northern District of California known as *Bibo, et al. v. Federal Express*, C07-2505 TEH which involves all or a material part of the subject part of the matter of this action. That case includes Fed Ex's failure to provide meal and rest breaks on an individual and class basis.

5. The third class action case pending in federal court in California against Fed Ex is *Forrand v. Federal Express Corporation*, case number C07-4774 JCF which includes identical allegations to those made by plaintiffs herein.

6. This case has gone through a protracted procedural phase based on the decision by Fed Ex to remove the action to this court. Fed Ex removed this case in July of 2006. The court's order remanding the state law individual claims and

-9-

543025.1 08000/00821

1 retaining the state law wage and hour and class claims occurred in October of 2006.

2    7.    No depositions have been taken by Fed Ex in this action. Though Fed Ex attempted to unilaterally set depositions of plaintiffs, the dates were inconvenient, and counsel for Fed Ex did not work with me to set convenient dates for these depositions. Therefore, the depositions did not occur.

6    8.    Fed Ex never filed any motion to compel plaintiffs' depositions. No order has been entered concerning the depositions.

8    9.    The discovery cutoff and motion hearing cutoff dates have passed. The motion hearing cutoff date was set for October 15, 2007.

10    10.    The information produced by Fed Ex in this litigation is quite modest. That information is a part of the information developed and produced in the state class action known as *Foster v. Federal Express*, case number BC282300. That action was pending for four years in state court and was settled by payment by Fed Ex of $30 million. The allegations were substantially similar to those raised in this case.

16    11.    Having been principal counsel in the *Foster* action and having filed the *Forrand* action, I am familiar with the information produced by Fed Ex and its relatedness to the other actions. The information produced by Fed Ex was available and, in large measure, produced and available in the *Foster* action. The information is directly relevant to the *Forrand* action. Further, given the allegations in *Bibo* and *Brown*, which were filed by other counsel, it is fair to conclude that the information would also be relevant and important in those actions.

23    12.    There is no act by Fed Ex through its counsel, save and except those relating to its decision to remove the case in the first instance, which is not directly applicable to three pending class actions which currently exist.

26    13.    Fed Ex has made no motion to compel concerning any written discovery requests. Since the motion cutoff date has passed, no such motion will ever be made in this action.

KNAPP, PETERSEN & CLARKE

-10-

543025.1 08000/00821

14. As more fully described in the motion for clarification of the scheduling order, it was my good faith belief that plaintiffs had until October 15, 2007 to file a motion for class certification. Based on the court's determination, this belief was in error.

15. Nonetheless, there was no reason to file this motion for voluntary dismissal until the court's order denying the motion for clarification. That order was made on September 10, 2007. This motion was filed within two weeks thereafter.

16. If the court awards attorneys' fees and costs to Fed Ex as a condition of voluntary dismissal, plaintiffs are in no position to pay any such award, as working individuals. In the event of any such award, plaintiffs opt to withdraw the motion for voluntary dismissal and proceed to trial.

Executed on this 22nd day of October, 2007, at Glendale, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
ANDRE E. JARDINI

KNAPP,
PETERSEN
& CLARKE

-11-

543025.1 08000/00821

1  KEITH A JACOBY, Bar No. 150233
   LITTLER MENDELSON
2  A Professional Corporation
   2049 Century Park East, 5th Floor
3  Los Angeles, CA  90067.3107
   Telephone:    310.553-0308
4  Fax No.:      310.553-5583
   E-mail: kjacoby@littler.com;
5
   RICHARD MCCONNELL (*Pro hac vice*)
6  SANDRA C. ISOM, Bar No. 157374
   FEDERAL EXPRESS CORPORATION
7  3620 Hacks Cross Road
   Building "B", Third Floor
8  Memphis, Tennessee 38125
   Telephone:    901.434-8375
9  Fax No.:      901.434-9279
   E-mail: richard.mcconnell@fedex.com
10         scisom@fedex.com

11 Attorneys for Defendant
   FEDERAL EXPRESS CORPORATION
12
                UNITED STATES DISTRICT COURT
13
                CENTRAL DISTRICT OF CALIFORNIA
14

15 ARA KARAMIAN, YVETTE            | Case No. CV 06-4345 DSF (PJWx)
   GREEN, and EUGENE COLON,
16 individuals, on behalf of themselves
   and all others similarly situated,   **DEFENDANT FEDERAL EXPRESS
17                                      CORPORATION'S SUPPLEMENTAL
              Plaintiffs,               NOTICE OF RELATED CASES AND
18                                      NOTICE OF PENDENCY OF OTHER
       v.                               ACTIONS OR PROCEEDINGS**
19
   FEDERAL EXPRESS                      [Civil L. R. 83-1.3 and 1.4]
20 CORPORATION,

21            Defendants.

22

28

FEC's Supp. Not. of Related Case and Not. of
Other Action-Case No. CV 06-4345 DSF (PJWx)

Pursuant to Civil L. R. 83-1.3 and 83-1.4, the undersigned, counsel of record for Defendant Federal Express Corporation (FedEx), hereby supplements the initial notice of related cases and notifies the Court of other actions pending that involve all or a material part of the subject matter of this action.

1. <u>Supplemental Notice of Related Cases [L.R. 83-1.3]</u>

Pursuant to Central District of California Local Rule 83-1.3, FedEx states that, to its knowledge, one action currently pending in the Central District of California, *Brown, et. al., v. Federal Express Corporation*, Case No. CV-07 5011 GPS (SSx), appears to arise from the same or substantially identical transactions, happenings or events as those alleged in this instant action (meal and rest breaks), and purports to represent FedEx couriers and ramp transport drivers employed in California. *Karamian* purports to represent all hourly non-exempt California FedEx employees, which would include couriers and ramp transport drivers, regarding such breaks.

While FedEx will contest class certification in these cases, they call for a determination of the same or substantially related or similar questions of law and fact such that they would entail substantial duplication of labor if heard by different judges, whether certified or not.[1]

Based upon the fact that the potential class in *Brown* is subsumed in the potential class in *Karamian*, and the claims in both cases involve whether plaintiffs received meal and rest breaks against the same Defendant, the *Brown* case should be considered for transfer to this Court. Even assuming no class is certified in this matter, the *Brown* matter should be considered for transfer because the Defendant is the same in both cases, and the claims and issues to be resolved relate to similar transactions or happenings.

---

[1] While FedEx contends that the facts and legal issues in these actions are similar to each other, it denies that plaintiffs meet the standards of commonality and typicality required for class certification in any of the cases.

13

1       FEC's Supp. Not. of Related Case and Not. of
        Other Action-Case No. CV 06-4345 DSF (PJWx)

2.  <u>Notice of Pendency of Other Actions [L.R. 83-1.4]</u>

Pursuant to Central District of California Local Rule 83-1.4, FedEx states that, to its knowledge, one action currently pending in the Northern District of California, *Bibo, et. al. v. Federal Express Corporation*, C07-2505 TEH, involves all or a material part of the subject matter of this instant action.

The named Plaintiffs and the attorneys involved in the *Bibo* matter include:

a.  Plaintiff Paul Bibo;

b.  Plaintiff Georgia Shields;

c.  Plaintiff Alex Galvez;

d.  Plaintiff Marc Garvey;

e.  Plaintiff Bryan Peter;

f.  Daniel L. Feder, attorney for Plaintiffs in the *Bibo* matter;
    Law Offices of Daniel L. Feder
    807 Montgomery Street
    San Francisco, CA 94133
    Tel: (415) 391-9476
    Fax: (415) 391-9432

g.  Sandra C. Isom, in-house attorney for FedEx;
    Federal Express Corporation
    Legal/Litigation
    3620 Hacks Cross Road, Bldg. B, 3rd Floor
    Memphis, TN 38125
    Tel: (901) 434-8526
    Fax: (901) 434-9271

h.  Keith A. Jacoby, Littler Mendelson, local counsel for FedEx.
    Littler Mendelson
    2049 Century Park East, 5th Floor
    Los Angeles, CA 90067
    Tel: (310) 553-0308
    Fax: (310) 553-5583

The *Bibo* action involves a material part of the subject matter of this

2     FEC's Supp. Not. of Related Case and Not. of
Other Action-Case No. CV 06-4345 DSF (PJWx)

14

1  instant action (and the *Brown* action) because each case involves alleged failures to
2  provide meal and rest breaks on an individual and class basis against the same
3  Defendant, and each case purports to represent couriers employed in California.
4  (*Brown* purports to represent couriers and ramp transport drivers. *Karamian* purports
5  to represent all hourly non-exempt California employees, which would include
6  couriers and ramp transport drivers.)

Dated: August 15, 2007

_____
RICHARD S. MCCONNELL
SANDRA C. ISOM
FEDERAL EXPRESS CORPORATION

and

KEITH A. JACOBY
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

Doc# 660397

/5

3    FEC's Supp. Not. of Related Case and Not. of
     Other Action-Case No. CV 06-4345 DSF (PJWx)

# PROOF OF SERVICE

I, the undersigned, am a resident of the County of Shelby, State of Tennessee, over the age of eighteen years, and not a party to the within action. My business address is 3620 Hacks Cross Rd., Bldg. B., 3rd Floor, Memphis, Tennessee 38125.

On August 15 2007 I served the within document entitled: **DEFENDANT FEDERAL EXPRESS CORPORATION'S SUPPLEMENTAL CERTIFICATION AS TO INTERESTED PARTIES** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Andre E. Jardini, Esq.<br>KNAPP, PETERSEN & CLARKE<br>500 North Brand Blvd., 20th Floor<br>Glendale, CA 91203-1904 | Michael S. Duberchin, Esq.<br>LAW OFFICES OF MICHAEL S. DUBERCHIN<br>500 North Brank Blvd., 20h Floor<br>Glendale, CA 91203-1904 |
| Glen Robert Bregman, Esq.<br>LAW OFFICES OF ROBERT BREGMAN<br>16633 Ventura Blvd., Ste. 1200<br>Encino, CA 91436<br>(pleading only) | Keith A. Jacoby, Esq.<br>LITTLER MENDELSON<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA 90067-3107 |

[ ]  (BY MAIL) I am "readily familiar" with the firm's practice of collecting and processing correspondence for mail delivery. Under that ordinary business practice, the document to be mailed is sealed in an envelope with postage thereon fully prepaid and then deposited in a box or other facility located in Memphis, TN, which box or facility is regularly maintained by the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing attested to in the affidavit of proof of service.

[ ]  BY FAXING a true copy thereof as follows:
and by placing the [ ] original [x] a true copy thereof enclosed in a sealed envelope addressed sent as follows:

[X]  BY EXPRESS MAIL: I deposited such envelope in the facility regularly maintained by Federal Express with delivery fees fully provided for or delivery in the envelope to a courier or driver of Federal Express authorized to receive documents in California with delivery fees fully provided for.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Memphis, Tennessee on August 15, 2007.

*Freeda Partridge*
Freeda Partridge

16

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 500 North Brand Boulevard, 20th Floor, Glendale, California 91203-1904. On October 22, 2007, I caused the foregoing document(s) described as MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE to be served on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelope(s) addressed as stated on the attached mailing list.

[X] **BY MAIL:** I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Glendale, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2007, at Glendale, California.

| Mindy Menahen | *Mindy Menahen* |
|---|---|
| (Type or print name) | (Signature) |

KNAPP, PETERSEN & CLARKE

543025.1 08000/00821

## SERVICE LIST

| | |
|---|---|
| Glen Robert Bregman, Esq.<br>Law Offices of Glen Robert Bregman<br>16633 Ventura Boulevard<br>Suite 1240<br>Encino, CA 91436<br>TEL: (818) 981-9793<br>FAX: (818) 981-9807 | CO-COUNSEL ATTORNEYS FOR PLAINTIFFS |
| Michael S. Duberchin, Esq.<br>500 North Brand Boulevard, 20th Floor<br>Glendale, CA 91203<br>TEL: (818) 246-8487<br>FAX: (818) 246-6277 | CO-COUNSEL ATTORNEYS FOR PLAINTIFF |
| Keith A. Jacoby, Esq.<br>LITTLER MENDELSON<br>2049 Century Park East<br>5th Floor<br>Los Angeles, CA 90067<br>TEL: (310) 553-0308<br>FAX: (310) 553-5583 | ATTORNEYS FOR DEFENDANT<br>**Federal Express Corporation** |
| Richard S. McConnell, Esq.<br>Senior Counsel<br>Federal Express Corporation<br>Legal/Litigation<br>3620 Hacks Cross Road<br>Building B, 3rd Floor<br>Memphis, TN 38125<br>TEL: (901) 434-8375<br>FAX: (901) 434-9279 | ATTORNEYS FOR DEFENDANT<br>**Federal Express Corporation** |

KNAPP,
PETERSEN
& CLARKE

543025.1 08000/00821