SANDRA C. ISOM, Bar No. 157374
E-mail: scisom@fedex.com
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building "B", Third Floor
Memphis, Tennessee 38125
Telephone:  901/434-8526
Fax No.:    901/434-9271

KEITH A JACOBY, Bar No. 150233
E-mail: kjacoby@littler.com
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone:  310/553-0308
Fax No.:    310/553-5583

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FORRAND, ARA KARAMIAN, YVETTE GREEN, and EUGENE COLON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant. | Case No. 3:07-CV-04674-TEH<br><br>**CLASS ACTION**<br><br>**AMENDED [PROPOSED] ORDER ON DEFENDANT FEDERAL EXPRESS CORPORATION'S MOTION TO TRANSFER VENUE AND ON COURT'S ORDER TO SHOW CAUSE**<br><br>(28 U.S.C. §1404(a))<br><br>Date: January 28, 2008<br>Time: 10:00 a.m.<br>Courtroom: 12<br><br>CMC: January 28, 2008<br>Trial Date: To be Set |

Attached hereto is an amended proposed Order submitted by Defendant Federal Express Corporation ("FedEx"), through its undersigned counsel, granting a transfer of venue of this matter and ordering sanctions pursuant to the Court's Order to Show Cause.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: January 3, 2008 | s/ Sandra C. Isom |
| | | SANDRA C. ISOM, Bar No. 157374 |
| 3 | | FEDERAL EXPRESS CORPORATION |
| 4 | | and |
| 5 | | KEITH A. JACOBY |
| | | LITTLER MENDELSON |
| 6 | | A Professional Corporation |
| 7 | | Attorneys for Defendant |
| | | FEDERAL EXPRESS CORPORATION |

Doc. No. 713134

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FORRAND, ARA KARAMIAN, YVETTE GREEN, and EUGENE COLON, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant. | Case No. 3:07-CV-04674 MMC<br><br>**ORDER ON DEFENDANT FEDERAL EXPRESS CORPORATION'S MOTION TO TRANSFER VENUE AND THE COURT'S ORDER TO SHOW CAUSE**<br><br>(28 U.S.C. §1404(a))<br><br>Date: January 28, 2008<br>Time: 10:00 a.m.<br>Courtroom: 12<br><br>CMC: January 28, 2008<br>Trial Date: To be Set |

Before the Court is Defendant's Motion for Transfer of Venue to the United States District Court for the Central District of California, and specifically to Judge Dale S. Fischer. (Dkt. 19). In addition, this Court issued an Order to Show Cause to Plaintiffs as to why monetary sanctions should not be imposed for their late filed opposition. (Dkt. 27).

Having reviewed the relevant pleadings and upon a hearing in this matter, the Court GRANTS Defendant's motion transferring this matter to Judge Fischer in the Central District of California and ORDERS that sanctions shall be imposed against Plaintiffs and their counsel jointly pursuant to this Court's Order to Show Cause for the late filing of their opposition.

Order on Defendant's Motion to Transfer
and Court's Show Cause Order

Case No. C 07-4674 TEH

### A. Defendant's Motion to Transfer Venue

Applying the criteria of <u>Decker Coal v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986), this Court finds the interest of justice will be better served by the transfer of this matter to the Central District of California. This Court further finds pursuant to the Northern District's Local Rule 3-3(c), that this matter should be transferred specifically to Judge Dale S. Fischer, who presided over the previously dismissed action entitled *Karamian v. FedEx*, Case No. 06-4345 DSF, which involved the same claims, same Defendant, same counsel, and exact same Plaintiffs who were added to this action after Judge Fischer denied certification due to their failure to meet the filing deadline.

"The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and factors involving convenience of parties and witnesses are in fact subordinate." *Wireless Consumers Alliance, Inc., v. T-Mobile USA, Inc.*, 2003 U.S. Dist. Lexis 26802, *12 (N.D. Cal. 2003). "Transfer is proper if a like action has been brought by the same plaintiff against the same defendant in another district, or another division of the same district." *Id.* at *13. "In fact, pendency of an intimately related case in proposed transferee district remains a strong reason for transfer even if it is improbable that cases would be consolidated due to more advanced status of the pending case." Id. at *14, fn. 3, citing *Berg v. First American Bankshares, Inc.*, 576 F.Supp. 1239 (S.D.N.Y. 1983).

> "Its [Plaintiff's] choice of forum is entitled to little if any weight in the court's balancing test because the weight accorded a plaintiff's choice of forum is greatly reduced when he sues in a representative capacity." (citation omitted) "Furthermore, where plaintiffs' attorneys have initiated the same suit in another district, seeking the identical relief for other plaintiffs purportedly on behalf of the same interests, namely the general public of California, and where this plaintiff is based in Del Mar, California, which is not in this District, its choice of forum deserves minimum deference. As a result, this factor alone neither favors nor disfavors the transfer."

*Id.* at *9-10. Prevention of forum shopping is a factor to consider in determining the "interest of justice." *Id.* at *14. Evidence of a plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in the context of this prong and would often make the transfer of venue proper. *Id.* at *14-15.

> "Dismissal, followed by reinstitution of a case to avoid a particular judge or precedent, is exactly the kind of forum shopping anticipated and expressly prohibited by local rules of many districts. *See, e.g.*, N.D. CAL. R. 3-12(b); C.D. CAL. R. 83-1.2.1" (other citations omitted).

*Id.* at *17 (emphasis added).

Based upon the pleadings in this matter and argument of counsel, it appears that Plaintiffs are forum shopping in order to avoid a particular Judge or forum.

It is hereby ordered that this matter shall be transferred to Judge Dale S. Fischer, United States District Court Judge for the Central District of California (Los Angeles), pursuant to Title 28 U.S.C. 1404(a) and Local Rules 3-3(c) and 3-14.

### B.  The Order to Show Cause

On January 2, 2008, this Court entered an Order Continuing the Motion Hearing and Case Management Conference and Order To Show Cause as to why monetary sanctions should not be imposed upon Plaintiffs for their late opposition filing that was due no later than December 24, 2007, but was not filed until December 28, 2007, without explanation or a request for an enlargement of time pursuant to Local Rule 6.

FedEx filed its motion on November 13, 2007, with the hearing initially set before Judge Chesney on January 4, 2008. This allowed the Plaintiffs fifty-two (52) days notice prior to the hearing, rather than the minimum thirty-five (35) days notice required by L.R. 7-2(a). After this matter was transferred to this Court as a result of an order relating this case to *Bibo v. FedEx*, Case No. 07-2505 TEH, FedEx re-noticed this motion for January 14, 2008, giving the Plaintiffs a total of sixty-two (62) days notice. Plaintiffs' opposition was due on December 24, 2008, but was not filed until Friday, December 28, 2007.

Plaintiffs and their counsel have failed to show sufficient cause as to why sanctions should not be imposed for the late filing. Plaintiffs and their counsel have not offered a valid explanation for their delay or for their failure to seek an enlargement of time. Their lack of diligence and failure to comply with the Local Rules consumed the Court's valuable time in addressing this issue and impacted the hearing date in this matter.

Order on Defendant's Motion to Transfer and Court's Show Cause Order – Case No. 07-4674 TEH
Page 3

In addition, a review of other past conduct suggests monetary sanctions are warranted. Plaintiffs and their counsel have shown a disregard for other Local Rules of this Court. After failing to comply with the court-imposed deadline to file a motion for certification in the Central District, Plaintiffs failed in this action to file various required documents pursuant to the Northern District's Local Rules 3-3(c), 3-13, and 3-16. In addition, the re-filing of the former *Karamian* Plaintiffs in this action as individually named Plaintiffs is contradictory to the representations that those Plaintiffs and their counsel made to Judge Dale S. Fischer in obtaining an agreed dismissal after FedEx initially opposed an unconditional dismissal without prejudice. As such, it does not appear that the late filing of the opposition is an isolated incident of disrespect for the Rules of Court.

Based upon the pleadings in this matter and argument of counsel, sanctions are warranted against the Plaintiffs and their counsel jointly to address and prevent such conduct in the amount of $_____, payable to Defendant Federal Express Corporation for additional travel and lodging costs it incurred as a result Plaintiffs' late filing that necessitated a continuance of the hearing date, and the amount of $_____, payable to the Court Clerk, United States District Court, Northern District. Such payments shall be made within 10 days of the entry of this Order.

IT IS SO ORDERED THIS \_\_\_\_ day of _____, 2008.

_____
THELTON E. HENDERSON
United States District Judge