IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL FORRAND, et al.,

    Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,

    Defendant.

NO. C07-4674 TEH

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

This matter came before the Court on January 28, 2008, on Defendant Federal Express Corporation's ("FedEx's") motion to transfer venue to the Central District of California. After carefully considering the parties' written and oral arguments, the Court now GRANTS Defendant's motion for the reasons discussed below.

**BACKGROUND**

Although Defendant FedEx was incorporated in Delaware and has its principal place of business in Tennessee, it conducts business and employs individuals worldwide, including in the State of California. In this action, Plaintiffs Daniel Forrand, Ara Karamian, Yvette Green, and Eugene Colon seek to represent: (1) a class of non-exempt FedEx employees in California, excluding couriers, couriers/handlers, and service agents, and (2) a sub-class of non-exempt airline mechanics employed by FedEx in California. Plaintiffs allege that FedEx failed to pay regular and overtime wages to members of the class and sub-class and that FedEx also failed to provide meal periods and rest breaks as required under California law. They assert that these actions violate various sections of the California Labor Code and also

run afoul of California Business and Professions Code section 17200's prohibition of unfair business practices.

Plaintiffs Forrand, Karamian, and Colon reside in the County of Los Angeles, which is located in the Central District of California, and worked in that county at all relevant times.[1]  Plaintiff Green resides in Nevada but worked at all relevant times in Stockton, California, which is located in the Eastern District of California.

Three of the four named plaintiffs – Karamian, Green, and Colon – previously brought a nearly identical suit in the Central District of California: *Karamian v. Federal Express Corporation*, Case No. CV 06-4345 DSF PJW, which was presided over by Judge Dale Fischer.  In that case, the plaintiffs failed to file a motion for class certification on or before the court-ordered deadline.  Plaintiffs sought to amend the scheduling order to allow a late motion for class certification to be brought, but Judge Fischer denied that motion on September 5, 2007, and ruled that "this case will proceed as an individual action" because "no motion for class certification has been or will be filed." *Karamian* Sept. 5, 2007 minute order (Ex. E to Langbein Decl.).  Six days later, the same counsel who represented the *Karamian* plaintiffs filed this case in the Northern District of California with Forrand as the only named plaintiff.  The *Karamian* plaintiffs subsequently moved for voluntary dismissal of the *Karamian* case without prejudice, and Judge Fischer granted that motion on October 29, 2007.  Judgment was entered on October 30, 2007, the same day Plaintiffs in this action filed an amended complaint adding Karamian, Green, and Colon as named plaintiffs.

**LEGAL STANDARD**

By statute, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  A party seeking to transfer a case under

---

[1]The first amended complaint alleges that Plaintiff Colon lives in the "County of Lancaster." First Am. Compl. ¶ 5. However, it appears this was an inadvertent error, as no such county exists. Elsewhere, the complaint alleges that Colon worked at various locations in Los Angeles County. *Id.* ¶ 31.

2

this statute must establish that the action could originally have been brought in the district to which transfer is sought. *Commodity Futures Trading Comm'n v. Savage*, 611 F. 2d 270, 279 (9th Cir. 1979). The moving party also bears the burden of "establishing that an action should be transferred." *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F. 2d 1381 (9th Cir. 1984).

In ruling on a motion to transfer, a district court must consider the factors enumerated in § 1404(a) – i.e., convenience of the parties, convenience of the witnesses, and the interest of justice. 28 U.S.C. § 1404(a). Other relevant factors include: the plaintiff's choice of forum; the local interest in the issue; the relative ease of access to evidence; the availability of compulsory process for unwilling witnesses and the cost involved in securing willing witnesses; and the practical issues that make a case easier or more difficult to try in a given forum, such as familiarity of each forum with applicable law and the relative court congestion in each forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Royal Queentex Enterprises, Inc. v. Sara Lee Corp.*, No. C99-4787 MJJ, 2000 WL 246599, at *2 (N.D. Cal. Mar. 1, 2000). The court has broad discretion to address these factors based on the particular facts of each case. *E. & J. Gallo Winery v. F.&P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

**DISCUSSION**

The parties do not dispute that this case could have been brought in the Central District of California. Nor is there any serious dispute that the convenience factors in this case are fairly neutral. For example, much of the discovery will relate to documents held at FedEx's headquarters in Tennessee, and the Central and Northern Districts of California will be equally inconvenient for FedEx witnesses who are employed at the company's Tennessee headquarters. In addition, while three of the four named plaintiffs' claims are based on events occurring in the Central District (with the fourth in the Eastern District), FedEx failed to specify any witnesses who reside outside the Northern District. FedEx has therefore failed to meet its burden of demonstrating inconvenience by "identify[ing] relevant witnesses,

stat[ing] their location, and describ[ing] their testimony and its relevance." *Sec. & Exch. Comm'n v. Rose Fund, LLC*, No. C03-4593 WHA, 2004 WL 2445242, at *3 (N.D. Cal. Jan. 9, 2004).

Other factors are also relatively neutral with regard to transfer. For example, both this Court and courts in the Central District are equally familiar with the California law that governs this case. Additionally, although Defendant has cited statistics stating that the average number of cases per judge and the average time to trial are greater in the Northern District than the Central District, the average times to trial are only slightly different, and the undersigned is a senior judge with a lower-than-average case load.

The two principal issues this Court must resolve in ruling on Defendant's motion are: (1) how much deference to give Plaintiffs' choice of forum and (2) how to weigh the interest of justice. On the first issue, the Court concludes that Plaintiffs' choice of forum is entitled to minimal deference. Although "great weight is generally accorded plaintiff's choice of forum," the plaintiff's choice of forum is afforded less weight where, as here, the case is pleaded as a class action lawsuit. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). In addition, none of the named plaintiffs resides in the Northern District of California, and the deference owed to such nonresident plaintiffs' choice of forum is "substantially reduced." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citation omitted). Similarly, the named plaintiffs' individual claims arose in the Central and Eastern Districts of California, and less weight is therefore due to Plaintiffs' choice of forum because the operative facts did not occur in this district.[2] *Lou*, 834 F.2d at 739.

Beyond that, this Court finds substantial evidence of forum shopping in this case, and Plaintiffs' choice of forum is therefore entitled to "little deference." *Williams*, 157 F. Supp. 2d at 1106. While it is true that Forrand was not a named plaintiff in the *Karamian* action, Plaintiffs are incorrect that *Karamian* therefore has no relevance to Defendant's motion to transfer. Plaintiffs do not dispute that this case raises the same claims as *Karamian*, and the

---

[2]While the class, if certified, would encompass employees from all of California, including the Northern District, no class has yet been certified, and the only specific facts appearing in the operative complaint relate to the named plaintiffs.

4

two cases were brought by the same counsel. While not a named plaintiff in *Karamian*, Forrand was part of the putative class. Forrand also resides in Los Angeles County, which is located in the Central District. Most significantly, the timing between Judge Fischer's unfavorable ruling regarding class certification in *Karamian* and the filing of this case strongly indicates a causal relationship between the two. This Court cannot reach the incredible conclusion that counsel representing a plaintiff who resides in the Central District, where counsel had previously filed a lawsuit asserting claims on behalf of a putative class that included the plaintiff, were not engaged in forum shopping when they chose to file a nearly identical class action in the Northern District days after the judge in the earlier-filed Central District case issued an unfavorable ruling. To the contrary, the Court concludes that Plaintiffs – including Plaintiff Forrand – filed this case in this district in an improper attempt to forum shop, and the Court therefore need not give substantial deference to Plaintiffs' choice of forum.

Moreover, because transfer of this case to the Central District of California would serve to discourage the type of forum shopping that Plaintiffs have engaged in, the interest of justice also weighs heavily in favor of transfer. When this Court denied FedEx's motion to transfer a related case, *Bibo v. Federal Express, Inc.*, Case No. 07-2505 TEH, it explained that the then-pending *Karamian* case, as well as another pending case in the Central District, *Brown v. Federal Express Corporation*, Case No. C07-5011 DSF PJW, led the interest of justice to "weigh in favor of transfer, but only slightly." *Bibo* Oct. 9, 2007 Order Denying Def.'s Mot. to Transfer Venue Under 28 U.S.C. § 1404(a) at 6 (Ex. 1 to Opp'n). However, in *Bibo*, the named plaintiffs resided in the Northern District, and there was no evidence of forum shopping. Thus, the balance to be struck there differed considerably from that in the instant case, and this Court's denial of transfer in *Bibo* is not dispositive here. Although Plaintiffs correctly observe that related cases are now pending against FedEx in both the Northern and Central Districts, the fact that this Court has retained *Bibo* is insufficient to overcome the impact of Plaintiffs' forum shopping on the Court's analysis under 28 U.S.C. § 1404(a).

5

In short, the Court concludes that Plaintiffs' chosen forum is entitled to minimal deference in this case because the named plaintiffs do not reside in this district; this case was brought as a class action; the facts giving rise to the named plaintiffs' claims all arose in other districts; and the evidence indisputably indicates an attempt to forum shop. Defendant has more than met its burden in demonstrating that transfer is appropriate because, "[w]hile the balance of convenience is in equipoise, the interest of justice heavily favors transfer of venue." *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, Case No. C03-3711 MHP, 2003 WL 22387598, at *6 (N.D. Cal. Oct. 14, 2003) (reaching the same result in a similar case, where plaintiffs filed a class action suit in the Northern District after dismissing a nearly identical class action in the Central District after an unfavorable ruling there).

**CONCLUSION**

Accordingly, with good cause appearing for the reasons discussed above, Defendant's motion to transfer venue is hereby GRANTED. The Clerk shall close the file and transfer this case to the Central District of California.

In its reply, Defendant asked that this Court transfer the case specifically to Judge Fischer. While it appears likely that the related case rules in the Central District will result in this case being assigned to Judge Fischer, this Court has no authority to control the assignment of cases in another district. Thus, this case shall be transferred to the Central District of California, and Defendant may then seek relation of this case to Judge Fischer as may be appropriate under that court's local rules.

**IT IS SO ORDERED.**

Dated: 01/30/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT